CA 07 144 S

EXHIBIT "E"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**NORMAND L. BEDFORD**

v. C.A. No. 04 - 271 L

**A.T. WALL**, Director, Rhode Island
Department of Corrections

**Report and Recommendation**

Jacob Hagopian, United States Magistrate Judge

On July 2, 2004, Normand L. Bedford, *pro se*, filed with the Court a "Petition for Injunctive Relief," allegedly pursuant to 42 U.S.C. § 1983, seeking to be released from state custody. In support of this application, Bedford filed with the Court a copy of a motion for "Reconsideration of Parole" that he filed with the state parole board and a copy of an "Omnibus Motion to Stay Appeal, Remand File to Providence Superior Court, and Issue Order to Appoint Appellant Counsel to Correct Illegal Sentence" that he filed with the Rhode Island Supreme Court. The Court has reviewed all of Bedford's submissions.

Since Bedford seeks to be released from custody by way of his instant application, this Court will construe this matter as a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.[1] The Attorney General of the State of Rhode Island has moved to dismiss the petition. Bedford has supplied an objection. This matter has been referred to me for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, I recommend that the Attorney General's motion to dismiss be granted.

---

[1]A Section 1983 action can not be used to challenge the very fact of, or duration of, incarceration. Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). Mr. Bedford's sole federal remedy for release from state custody is a petition for a writ of habeas corpus.

## Background

On or about May 22, 1998, a state superior court jury convicted the petitioner, Normand Bedford, of two counts of child molestation. The state court sentenced Bedford to serve twenty years incarcerated and twenty years of probation. Bedford filed a notice of appeal with the state supreme court. But, due in part to a number of motions filed by Bedford *pro se*, the appeal has yet to be heard. Indeed, Bedford has filed numerous *pro se* motions in the state courts resulting in delays and/or confusion in this matter. Moreover, the record supplied by Bedford demonstrates that he has had no fewer than ten attorneys, most of whom were either fired by Bedford or were forced to withdraw due to disciplinary complaints filed against them by Bedford.

Nonetheless, the state supreme court issued a deadline for briefs to be filed in his direct appeal by June 30, 2004. Bedford, however, failed to timely file his brief for his appeal with the state supreme court. Instead, Bedford filed the instant application in this tribunal, seeking release from state custody. The Attorney General has moved to dismiss the instant petition for lack of exhaustion. In response to the Attorney General's motion to dismiss, Bedford filed a "Supplemental Memorandum in Support of Petition for Writ of Habeas Corpus" along with an extensive array of exhibits. The Court shall construe this material as an objection to the Attorney General's motion to dismiss.

## Discussion

Before this Court may grant federal habeas relief, a habeas petitioner must exhaust his remedies available in state court. In other words, Bedford must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition. This is known as the exhaustion doctrine, first announced in Ex parte Royall, 117 U.S. 241(1886), now

codified at 28 U.S.C. § 2254(b)(1).

A petitioner satisfies the exhaustion doctrine by fairly presenting his claims to the highest state court with jurisdiction to consider them. Keeney v. Tamayo-Reyes, 504 U.S. 1, 9 (1992); Picard v. Connor, 404 U.S. 270, 276 (1971). This means that Bedford must have presented the substance of his federal constitutional claim to the state appellate court so that the state court had the first chance to correct the claimed constitutional error. See Lanigan v. Maloney, 853 F.2d 40 (1st Cir. 1988). Only if the same factual and legal theory that forms the basis of the petitioner's habeas petition has been presented to the state court will the petition for writ be properly before the federal court. Scarpa v. Dubois, 38 F.3d 1, 6 (1st Cir. 1994); Nadonworthy v. Fair, 872 F.2d 1093, 1096 (1st Cir. 1989). A claim is not considered exhausted if the petitioner has the right under the law of the state to raise, by any procedure available, the question presented.

In the instant application, Bedford bases his habeas petition on a myriad of grounds. Although he has ongoing proceedings in the state courts in which he can present these claims (his appeal and any motions for post conviction relief that he may choose to file pursuant R.I. Gen. Laws §10 - 9. 1.1 et seq. ), he has failed to do so. Petitioner has not adequately presented any of his claims to the state courts for determination since he has not given the state courts "one full opportunity to resolve any constitutional issues" through "one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, Bedford's claims are unexhausted.

Bedford, however, attempts to side-step the exhaustion requirement by asserting that he has suffered an "unnecessary and excessive delay" in his direct appeal and that the state is "soley [sic] responsible" for this delay. See Petitioner's Supplemental Memorandum in Support of Petition for

Writ of Habeas Corpus at 7. Petitioner claims that this constitutes a "denial of all state corrective process" warranting relief from this Court. Id.

Pursuant to 28 U.S.C. § 2254(b)(1), a petitioner may bypass the exhaustion requirement if:

> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

See 28 U.S.C. § 2254(b)(1). Exhaustion will be required unless "there is no opportunity to obtain redress in the state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." Duckworth v. Serrano, 454 U.S. 1, 3 (1981). "Futility" may be established by demonstrating that relief has been diligently sought in the state courts but those efforts have been frustrated by an inordinate delay on the state's part. Whitman v. Ventetuolo, 781 F. Supp. 95, 98 (D.R.I. 1991)(citing Odsen v. Moore, 445 F.2d 806, 807 (1st Cir. 1971).

While petitioner's appeal has been delayed, his assignment of responsibility as falling solely with the state is misplaced. In his submissions to this Court, Bedford blames two state prosecutors, a few superior court judges, his numerous lawyers, the court reporters assigned to his case, and the state supreme and superior court docketing clerks for the delay in securing a timely appeal. Bedford's accusations are baseless and ignore the chief culprit in the lengthy delay: himself. It is Bedford who filed motion after motion in the state court, delaying his appeal, and it is Bedford who either fired or filed disciplinary complaints against the ten or so attorneys assigned to his case.[2] And perhaps more importantly, it is Bedford that has missed the recent deadline to file briefs in the state supreme court for his appeal in this matter. Thus, there is no basis to conclude that the state is solely

---

[2] Bedford attempts to supervise his litigation by insisting that his attorneys argue motions in accord with briefs prepared for him "by a law clerk at the prison proficient in the law." See State v. Bedford, No. 99–209-C.A. (P1/97-1715A), R.I. Supreme Court Order of April 28, 2000, p. 2.

responsible for the delay.

More importantly, there is no absence of "available State corrective process." Indeed, all Bedford must do to take advantage of the state appellate process is to comply with the state supreme court's directive and supply a brief. The state supreme court is willing to address his appeal, and thus there is a likelihood that he will be afforded a hearing on the merits of his claims. This Court will not review the petitioner's state court conviction without the state courts having had a full opportunity to correct any constitutional violation which may have occurred. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

Thus, there is no basis to permit Bedford to bypass the exhaustion requirement at this juncture. There is a process that is available to Bedford in the state courts to address his claims, yet Bedford fails to take advantage of it.

**Conclusion**

Accordingly, for the reasons stated above, I recommend that the Attorney General's motion to dismiss be granted. Any objection to this report and recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed.R.Civ.P. 72(b); Local Rule 32. Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986) (per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir 1980).

Jacob Hagopian
United States Magistrate Judge
October 14, 2004

Supreme Court
No. 03-30-C.A.

State of Rhode Island :

v. :

Normand Bedford :

ORDER

The defendant's motion to enlarge the time within which to file his brief is granted. Such brief shall be due on or before *July 30, 2004.*

Entered as an Order of this Court this *29th* day of *June 2004.*

By Order,

Clerk