CA 07 144 S

EXHIBIT "F"

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **NORMAN BEDFORD** **Petitioner,** | : | |
| | : | |
| **vs.** | : | **C.A. No. 05-095L** |
| | : | |
| **ASHBEL T. WALL, Director, Department of Corrections Respondent** | : | |

**STATE OF RHODE ISLAND'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PETITIONER'S APPLICATION FOR A WRIT OF HABEAS CORPUS**

By order of March 29, 2005, Senior United States Magistrate Judge Jacob Hagopian designated the Attorney General of the State of Rhode Island a party respondent to the petition for writ of habeas corpus filed by Norman Bedford, and ordered the Attorney General to respond to such petition as well as the Memorandum to be filed by Petitioner in support of his contention that his 28 U.S.C. § 2254 action should not be dismissed on failure to exhaust grounds. (*Please see* the March 29, 2005 *Order* in C.A. No. 05-095L.) In the paragraphs that follow, the Rhode Island Attorney General, by and through its attorneys, offers its response to the Petition and to Petitioner's Show-Cause Memorandum, and respectfully asks that the above-captioned Petition be dismissed for Petitioner's failure to exhaust his state remedies.

Petitioner was convicted by a Providence County Superior Court Jury in May of 1998 of one count of first degree child sexual molestation (G.L. 1956 (1994 Reenactment) § 11-37-8.1) and one count of second degree child sexual molestation (G.L. 1956 (1994 Reenactment) § 11-37-8.3), and sentenced to a forty-year term of

incarceration, twenty of those years to serve, the balance suspended for a twenty-year probationary period. (*See* attached *Criminal Docket Sheet Report* for P1-1997-1715A.) He subsequently filed a number of post-trial motions in the Superior Court (*id.*), and, though his appeal of conviction is docketed in the Rhode Island Supreme Court (*see* the attached *Docket Listing Events* in Rhode Island Supreme Court case Number 2003-030), Petitioner has yet to file his brief in that matter (*id.*).

Petitioner seems to contend, in his *Memorandum In Support of Petition for Writ of Habeas Corpus* at 1-2, that there were Sixth Amendment Violations which infected his Rhode Island Superior Court judgments of conviction. The State would respectfully suggest that all Petitioner need do to test these Sixth Amendment contentions is submit his brief in the Rhode Island Supreme Court. Neither Petitioner's allegations with respect to the State's "deliberate" withholding of "relevant" "exhibits" (*Petitioner's Memorandum to Show Cause* at 11), nor his allegations with respect to the "repeated abuse of process and misfilings of the Rhode Island Supreme Court" (*id.* at 13) – allegations which the State can barely comprehend let alone sees any substance to – should excuse Petitioner from at least presenting, in the first instance, to the Rhode Island Supreme Court his Sixth Amendment Claims. If, as Petitioner's submissions would appear to presume, the Rhode Island Supreme Court would reject his Sixth Amendment contentions, he might then be in a position to bring such contentions to the attention of this Court by way of a 28 U.S.C. §2254 application.[1]

---

[1] The State would note that inasmuch as Petitioner, in his instant 28 U.S.C. § 2254 petition, appears to further take issue with the Rhode Island Supreme Court's view as to the appropriate procedure Petitioner should follow to challenge his Superior Court sentence – Petitioner believing that, as the "appropriate procedure for challenging an improperly or an illegally imposed sentence is to seek revision of the sentence initially in

Federal habeas corpus relief, of course, is not available to petitioner unless he has first exhausted the remedies available to him in the Rhode Island Courts, or unless "there is [either] an absence of available State corrective process *** or [the existence of] circumstances *** that render such process ineffective to protect [his] rights[,]" 28 U.S.C. § 2254[2]. *See* O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S.Ct. 1728, 1731

---

the Superior Court" (*Please see* Petitioner's *Memorandum In Support of Petition for Writ of Habeas Corpus* at 11 (internal quotation omitted)), the Rhode Island Supreme Court should not have denied his *Omnibus Motion to Stay Appeal and Remand*) (*Please see* Petitioner's *Memorandum In Support of Petition for Writ of Habeas Corpus* at 10-12) – the Rhode Island Supreme Court is the final arbiter of state procedural practice. (*See generally*, Israfil v. Russell, 276 F.3d 768, 771 (6th Cir. 2001)("Principles of comity require federal courts to defer to a state's judgment on issues of state law and, more particularly, on issues of state procedural law").) Petitioner, again, would be advised to simply make his Sixth Amendment contentions (respecting the alleged infirmity of the Superior Court's sentencing) in the Rhode Island Supreme Court, so as to allow that Court to issue a determination with respect to such contentions.

[2] As amended by the Antiterrorism and Effective Death Penalty Act of 1996, Public Law No. 104-132, 110 Stat. 1214, effective April 24, 1996, 28 U.S.C. § 2254 now states in relevant part:

> "(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies in the courts of the State.
>
> .. . ..
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

(1999). Because both the *Criminal Docket Sheet Report* for P1-1997-1715A as well as the *Docket Listing Events* in Rhode Island Supreme Court case Number 2003-030 would seem to indicate that much of the delay in the Supreme Court's review of Petitioner's conviction is attributable to Petitioner's seeming inability to work with any of the number of attorneys appointed, in the both the Superior and Supreme Courts, to work with him (*see e.g.* the attached March 28, 2003 *Order* in R.I. Supreme Court C.A. No. 03-030 ("*** Michael Devlin is appointed to represent defendant in further prosecution of his appeal. Defendant is advised that no further attorneys will be appointed for him in this appeal. If defendant is unwilling to cooperate with his counsel or seeks to discharge counsel, he will be required thereafter to proceed on appeal *pro se.*"), the February 13, 2004 *Order* in R.I. Supreme Court C.A. No. 03-030 ("The motion of Richard K. Corley to withdraw as defendant's counsel is granted. In accordance with our Order of March 28, 2003, defendant shall hereafter proceed on appeal *pro se.* Defendant's brief shall be filed on or before ***March 26, 2004.***")(bolded emphasis in original), and the attached January 27, 2004 *Appointed Counsel's Motion to Withdraw* filed by Attorney Richard K. Corley in R.I. Supreme Court C.A. No. 03-030 (asserting, at page 1, that "Attorney Corley is the twelfth appointed counsel to represent the Appellant in this matter.")), the problem is not that there "is an absence of available State corrective process" (28 U.S.C. § 2254(b)), or that "circumstances exist that render such process ineffective to protect the rights of the applicant" (*id.*), but, much more simply, that Petitioner has failed to properly utilize the available state "corrective process" to have his appeal of conviction determined. Indeed, according to the *Docket Listing Events* in Rhode Island Supreme

Court case Number 2003-030, Petitioner was due to have filed his "brief *** on or before July 30, 2004" (*see* the attached June 29, 2004 *Order* in R.I. Supreme Court C.A. No. 03-030). The State would respectfully suggest, as it has before, that all Petitioner need do to invoke and begin the "available State corrective process" (28 U.S.C. § 2254(b)), is to simply file in the Rhode Island Supreme Court the brief that is well passed due.

For this reason, the State would respectfully suggest that Petitioner's application for a writ of habeas corpus, as it raises issues that should properly be determined in the first instance by the Rhode Island Supreme Court, should be dismissed on lack of exhaustion grounds.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By Its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

**AARON L. WEISMAN #4438**
**Department of Attorney General**
150 South Main Street
Providence, RI 02903
(401) 274-4400

CERTIFICATION

I hereby certify that on the 22nd day of April, 2005, I placed a copy of the within document in the U.S. mail, postage prepaid, to Norman Bedford, Jr., Pro-Se, at his last known address of P.O. Box 8273, Cranston R.I. 02920.

**Supreme Court**
No. 03-30-C.A.

State of Rhode Island :

v. :

Norman Bedford :

**ORDER**

Defendant's motion for reconsideration of bail pending appeal is denied.

The motion of Richard K. Corley to withdraw as defendant's counsel is granted. In accordance with our Order of March 28, 2003, defendant shall hereafter proceed on appeal *pro se*. Defendant's brief shall be filed on or before ***March 26, 2004***.

Entered as an Order of this Court this 13th day of ***February 2004.***

By Order,

Michael A. [signature]
Clerk

Supreme Court
No. 03-30-C.A.

State of Rhode Island :

v. :

Normand Bedford :

ORDER

The defendant's motion to enlarge the time within which to file his brief is granted. Such brief shall be due on or before *July 30, 2004.*

Entered as an Order of this Court this *29th* day of *June 2004.*

By Order,

Clerk