CA 07 144 S

EXHIBIT "J"

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

PROVIDENCE Sc. SUPERIOR COURT

STATE OF RHODE ISLAND :
:
-VS- : P1/97-1715
:
NORMAND L. BEDFORD :

HEARD BEFORE MR. JUSTICE CLIFTON

AND A JURY

COMMENCING MAY 19, 1998

99-209(

APPEARANCES:

STEPHEN RYAN, ESQUIRE
Assistant Attorney General . . . . . . . FOR THE STATE

MARK DANA, ESQUIRE . . . . . . . . . . . FOR THE DEFENDANT

# C E R T I F I C A T I O N

I, Edwina M. Butkins, hereby certify that the succeeding pages, 1 through 397 inclusive, are a true and accurate transcript of my stenographic notes.

Edwina M. Butkins
Court Reporter

him letters and advise him of exactly what is going on, visit him, give him a copy of the transcript and, hopefully, he'll respond to me in writing to let me know his concerns with the trial. Those are my concerns. And if he's okay with that, and the Court sees it's appropriate, I'm prepared today to enter my appearance.

THE COURT: Mr. Ryan. You may be seated, Mr. Bedford.

MR. RYAN: Your Honor please, obviously, I have some concerns about, you know, this situation. We met weeks ago, prior to your Honor handling the Nevola trial. And I'm wondering if this could not have been hashed out then, or within a week or so with you, with our meeting in Chambers. A delay of four months is quite a bit, and I'm wondering if we will be back at square one, given in all this is that the defendant's last motion for D.A. occurred in front of Judge Pfeiffer.

And I'm concerned about the victim, who is here today, and, perhaps, that motion should have been before you because we were still in the trial stage. I have since learned this morning that the defendant filed another motion for bail in the Superior Court, probably in the Courtroom 9 calendar. I think

with Mr. Steingold, and let Mr. Steingold explain to him, without actually representing him, this is what you face today. And then get down on the record as to whether Mr. Steingold will be in or out, and get that established. And then knowing the record's covered, and knowing that Mr. Bedford understands that he faces his sentence today, unless he chooses to get adequate counsel. Because if we get another counsel, we will be here at Christmas time, and we're going to do it all over again.

Ten minutes with Mr. Steingold, and I don't want to put Mr. Steingold in this bind, but I have an interest to protect for my victim, and for the State. I don't think that's an unreasonable suggestion. I know the Court --

THE COURT: What obligation does Mr. Steingold have to give Mr. Bedford any advice at this time?

MR. RYAN: I don't think it's an obligation. I think it would be a favor for the Court. I know they have met once in prison. If we appoint another counsel, we will go down the road this week, next week, where somebody says I saw him in prison. We are not communicating. We're going to go down the line. Let's do it today, but give him the opportunity to understand what's going on.

THE COURT: Mr. Bedford, the next matter before the Court, Mr. Steingold has, based on his responses to the Court, has indicated that he is not prepared to accept the appointment as counsel for you. So, the next matter before the Court is the Motion for new trial. Are you prepared to argue that, sir?

THE DEFENDANT: No, your Honor.

THE COURT: Why are you not prepared to argue that, Mr. Bedford?

THE DEFENDANT: Because I'd like a reappointment of counsel because I'm not qualified to argue for a new trial.

THE COURT: And what right, Mr. Bedford, can you articulate as to why this Court at this time should now seek to appoint, which would be - well, technically, Mr. Steingold never entered his appearance, but he was the fifth attorney. There has been four attorneys who represented you. There's been an attempt to appoint a fifth, and you're asking the Court to see about appointing yet another attorney.

THE DEFENDANT: That is what I'm asking the Court for. If there's any reluctance in that, I can only ask that Mr. Dana be reappointed as primary counsel. Other than that, the decision is in your

THE COURT: Mr. Steingold, are you willing to --

MR. STEINGOLD: As a favor to the Court, Judge, I will.

THE COURT: I will step down, and we will allow you to confer with Mr. Bedford here, and notify my sheriff when you feel that we can proceed, Mr. Steingold. Take a brief recess.

MR. RYAN: Thank you, your Honor.

(Recess)

(Court Resumed)

THE COURT: Mr. Steingold, you had an opportunity to speak to Mr. Bedford?

MR. STEINGOLD: Yes, Judge. I would report to the Court the following: I tried to speak to Mr. Bedford. He told me that he was having trouble understanding the Court's proceedings, and he was having trouble understanding what was going on at the present time. That he did not fully understand the Court - the Court's instructions to him at a prior time regarding him having to represent himself. He further told me that he's on, and this is a quote, "a mind altering drug" at the present time. That he took one hundred milligrams of notriptolen this morning. And the fact that he took that medication was interfering with his ability to fully understand

what was going on.

At that point, Judge, I ended my conversation with Mr. Bedford because of what he reported to me, and I'm not really sure what to do at this point, Judge, quite frankly. I am willing to assist the Court in any way I can at this point, short of entering my appearance.

THE COURT: Mr. Ryan.

MR. RYAN: Judge, I would just ask the Court to inform the defendant that he's Pro Se at this point, and that he argue his Motion for a New Trial. And if that motion is denied, we proceed to sentencing today.

THE COURT: Mr. Bedford, could you stand, please, sir. Mr. Bedford at this time you still remain as your own attorney, you understand that?

THE DEFENDANT: No.

THE COURT: You don't understand that you are your own attorney?

THE DEFENDANT: No.

THE COURT: When did you - when did this lapse of memory occur, Mr. Bedford?

THE DEFENDANT: I've always felt that way. I told you that at trial.

THE COURT: You told me what, Mr. Bedford?

THE DEFENDANT: That I didn't understand.

THE COURT: I asked you, do you realize that you are your attorney? You realize that, don't you, Mr. Bedford?

THE DEFENDANT: I only understand that I am being forced. I don't understand anything else.

THE COURT: So, when you submitted your motion to appoint counsel on - filed on May 29, 1998, you realize that you are acting Pro Se, and you were asking that the Court appoint counsel for you, is that correct, sir?

THE DEFENDANT: Can you repeat that?

THE COURT: You realize that you were acting Pro Se, on your own behalf, and you're asking that the Court appoint you counsel, is that correct, sir?

THE DEFENDANT: No.

THE COURT: Mr. Bedford, I'm going to ask you to proceed on your motion, your argument with respect to the Motion for New Trial that was filed by Mr. Dana. You may proceed.

THE DEFENDANT: I don't know how to argue anything. I don't understand.

THE COURT: The Motion for New Trial was filed by Mr. Dana on May 27th. A copy - you did receive a copy of that, did you not?

request, Mr. Bedford, that the Court appoint counsel for you to represent you during your appeal.

THE DEFENDANT: Please, can you repeat that?

THE COURT: You may request that the Court appoint counsel to represent you on appeal. You may further request that the Court order that the transcript be provided to you at no cost to you, at State's expense. Do you understand that, sir?

THE DEFENDANT: Yes.

THE COURT: Is there anything else that you wish to say to the Court, Mr. Bedford?

THE DEFENDANT: Umm-umm, in regard to the last appeal for counsel, do I have to file a new motion?

THE COURT: Yes, sir, a motion for the appointment of counsel to represent you on appeal.

THE DEFENDANT: But in regard to the last motion, what happened with that? I don't understand.

THE COURT: On which motion, sir? The motion for counsel to represent you at the Motion for New Trial?

THE DEFENDANT: Yes.

THE COURT: That was granted, however - and Mr. Steingold was the Court's --

THE DEFENDANT: But he refused to enter.

THE COURT: Yes, sir, you are absolutely

correct. He refused to enter, so the Court has attempted to provide you with counsel at that stage of the proceedings. Now, I'm suggesting that you are entitled to counsel at the next stage of your proceedings, that is appeal.

THE DEFENDANT: But I wasn't - I wasn't really counsel. I didn't have no counsel during this proceeding.

THE COURT: I understand your argument, sir, and the reason why you didn't have any counsel is that this Court is satisfied, due to one - principally your own decision is not to do so, and that's - I've already ruled on that, Mr. Bedford. Do you have any other questions that you wish to ask the Court, sir?

THE DEFENDANT: No, your Honor.

MR. RYAN: Judge, there is a No Contact Order to be signed by the defendant.

THE COURT: Yes, it is.

THE COURT: Anything further, Mr. Ryan.

MR. RYAN: No, thank you, Judge.

A D J O U R N E D

*********************