UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NORMAND BEDFORD
(Petitioner)

v.

D.C.No.07-00-144S
Companions:
D.C.Nos.04-271L;
D.C.No. 05-095L.

STATE OF RHODE ISLAND, ET AL., Director Ashbel T. Wall II, Rhode Island Department of Corrections, et al.
(Respondents)

**PETITIONER'S MOTION FOR ADMISSION TO BAIL**

Now comes Petitioner, NORMAND BEDFORD, in the above-entitled matter and hereby, moves this Honorable Court for "Admission to Bail, Pending decision on the merits of his Petition for Writ of Habeas Corpus," pursuant to **28 U.S.C. §2254**, on the grounds that he has, and remains under an "illegal and void judgment of 1998, Conviction and Sentence," as demonstrated by his pending "Petition for Writ of Habeas Corpus," and "Supplemental Memorandum and Exhibits." Petitioner's substantial claims are both exculpatory and of Constitutional dimension, warranting his being released on bail, pending the determination of his current petition in the above cited case numbers. Petitioner further posits that the **"Void Judgment"** doctrine entitles him to relief. **Void Judgment** defined is, "A judgment that has **no legal force** or effect, the invalidity of which may be asserted by any party whose rights are affected at any time and any place, whether directly or collaterally. From its inception, a void judgment continues to be **absolutely null.** It is **incapable** of being confirmed, ratified, **or enforced in any manner or to any degree."** <u>See</u> **Blacks Law Dictionary 6th Addition.**

Petitioner moves this Honorable Court for "Admission to Bail," pursuant to **Const.Amend. Art. 12, § 1 et seq.; Gen. Laws 1956, §10-9.1-1 et seq.** Petitioner also relies on the **Federal Court Rules of Civil Procedure Rule 60(b)(6), 28 U.S.C.A. See** also, **Johnson v. Zerbst, 304 U.S. 458 S.Ct. 1019, 82 L.Ed 1461 (1938); Odsen v. Moore, 445 F.2d 806 (1st Cir. 1971);** and **Lerner v. Moran, 542 A.2d 1089 (R.I. 1988); U.S. v. Russell, 411 U.S. 423 (1973).**

Petitioner asserts that "Even where conditions for denying bail are satisfied, denial of bail is **not mandatory**, but **rather** the hearing judge should determine whether petitioner should be granted bail as a matter of discretion." **See Fountain v. Mullen, 117 R.I. 262, 366 A.2d 1138 (1976); DiMasi v. Mullen, 117 R.I. 281, 366 A.2d 1149 (1976).**

Therefore, for all the aforementioned reasons, Petitioner respectfully requests that the instant motion be **granted**, essentially, issuing an order out of the official seal of this Honorable Court, ordering the immediate release of Petitioner from unlawful State custody of the Rhode Island Department of Corrections Maximum Security facility, where he is currently under the care and custody of R.I.D.O.C. Director Ashbel T. Wall II, 40 Howard Avenue, Cranston, Rhode Island 02920.

**Respectfully submitted**

**Dated: August 9, 2007.**

Normand Bedford

**NORMAND BEDFORD, Pro se**
**P.O. BOX 8273**
**CRANSTON, RI 02920-0273**

## Certification

I the undersigned hereby, certify, that I caused a true copy of the within "Motion for Admission to Bail, Pending decision on the merits of Petition for Writ of Habeas Corpus," to be mailed this 10th day of **August**, **2007**, postage prepaid, to: Mr. Aaron L. Weisman, RI Attorney General's Office, 150 South Main Street, Providence, RI 02903.

**Dated: August 9, 2007.**

Normand Bedford

**NORMAND BEDFORD, Pro se**
**P.O. BOX 8273**
**CRANSTON, RI 02920-0273**