UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NORMAND BEDFORD
(Petitioner)

v.

D.C.No.07-00144S;
Companions:
D.C.Nos.04-271L;
D.C.No. 05-095L.

STATE OF RHODE ISLAND, ET AL., Director Ashbel T. Wall II, Rhode Island Department of Corrections, et al.
(Respondents)

**PETITIONER'S OBJECTION AND RESPONSE TO STATE OF RHODE ISLAND'S MOTION TO DISMISS PETITIONER'S APPLICATION FOR A WRIT OF HABEAS CORPUS**

**Travel of Case:**

On **April 20, 2007**, Petitioner, NORMAND BEDFORD, a Rhode Island State inmate, filed a habeas petition in the district court for the District of Rhode Island. The district court transferred the matter to the United States Court of Appeals for the First Circuit, erroneously. After that conclusion by the court the case was remanded back to this court, pursuant to Judgment entered on **July 17, 2007.** Upon the case remand this court ordered the Attorney General to file its response to the Petitioner's "Petition under **28 U.S.C. §2254** for Writ of Habeas Corpus by a Person in State Custody." Said response will be filed on or before **August 13, 2007. See (district court order dated July 24, 2007, enclosed as Exhibit "A").**

**Discussion:**

First, Petitioner hereby, objects to the State's submission of its "Motion and Memorandum in Support of its Motion to Dismiss Petit-

ioner's Application for a Writ of Habeas Corpus" certified on **August 8, 2007,** filed with this Court electronically, on the grounds that it was filed without **signitures** on either the Motion or Memorandum in violation of the Federal Court Rules of Civil Procedure Rule 11.

Petitioner further contends that the State's Assistant Attorney General, namely, Mr. Aaron L. Weisman, allegedly failed to provide **signitures** in his Motion to Dismiss and the Memorandum, in light of the serious claims of prosecutorial misconduct, malicious prosecution, and abuse of process. It is also alleged that he does not want his commercial liability to be effected by the "misleading, deceptive, and confusing" allegations described in his **August 8, 2007,** document. Thus, the State should not be held to a lesser standard in respect to the Federal Court Rules of Civil Procedure Rule 11, (requiring original signitures on all motions and memorandums filed in the district court), therefore, the State's **unsigned** documents should be deemed **"rejected."**

Secondly, on page 1 of the State's Memorandum it deceptively states in pertinent part, that "His new-trial motion was denied on **December 10, 2002,** and his appeal of his judgment of conviction was then shortly thereafter, on **January 16, 2003,** docketed in the Rhode Island Supreme Court." Notably, the above noted statement erroneously closes the gap in time, whereby, Petitioner's viable claim of bias and prejudice stemmed from. Specifically, Petitioner's [first] "Motion for New Trial, and Sentencing hearings were adjudicated on **July**

**10, 1998,"** without the benefit of effective assistance of counsel, nor any counsel at all, notwithstanding the lack of any verbal or written waiver prescribed by Constitutional law, pursuant to the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, enunciated in **Johnson v. Zerbst, 304 US 458, 58 S.Ct.1019, 82 L.Ed. 1461 (1938); and Maynard v. Meachum**, 545 F.2d 273 (1976). **See (petitioner's first and second motion for new trial dated May 27, 1998, and June 13, 2002, as Exhibit "B" enclosed).**

Moreover, it was six (6) months after Petitioner's illegally imposed sentence and the virtual loss of his [first] Motion for New Trial, that he discovered the "deliberate" withholding of exculpatory and impeachment evidence and subsequent illegal inducement of two key witnesses by the State, prompting him to file the **December 10, 2002,** mentioned "Motion for New Trial, Based on Newly Discovered Evidence" as deceivingly described in the State's Memoranum at page 1. **(State's Motion to Dismiss Petition with Memorandum as Exhibit "C"),** herein. However, what the State fails to mention is that the **December 10, 2002,** Motion for New Trial was first filed and heard on **May 3, 1999,** and erroneously passed by Superior Court Justice Edward C. Clifton, as described in Petitioner's **August 9, 2007,** filed "Supplemental Memorandum in Support of Petition" **id. at ps.16-19.** The delay caused by that error, as well as the prejudice that ensued therefrom, is the reason why Petitioner's "Motion for New Trial Based on Newly Discovered Evidence" wasn't heard and decided until **December 10, 2002.** That extreme prejudice is more fully described in Petitioner's "Supplemental Memorandum" (not enclosed) but filed on **August 9, 2007,** with

its **Exhibits A-S**, therewith. Moreover, Petitioner's "Notice of Appeal" from his illegally imposed 1998 Sentence was filed on **July 27, 1998**, and prior to the initial "docketing" of the appeal, Petitioner was compelled to file a "Motion to Hold Docketing in Abeyance" on **May 10, 1999**, in order to obtain an essential ruling on his "Motion for New Trial Based on Newly Discovered Evidence," pursuant to the well recognized "raise-or-waive rule." The State's Exhibit "2", is the second Docket History Report, No.03-30. The first Docket History Report No.1999-209, reflects the history of prejudice that Petitioner's claims arise from. **See (State Supreme Court Docket History Report No.1999-209, as Exhibit "D").**

The State's Memorandum at page 2, states in part, that "Some months later, on **July 8, 2003**, the Supreme Court issued an order "vacat[ing]", "due to a conflict", "[t]the [**March 28, 2003**] appointment of Michael H. Devlin", and instead "appoint[ing Attorney]" "Richard Corley *** to represent the defendant in the further prosecution of his appeal." (Order of **July 8, 2003**, State's Exhibit "5"). The problem with Aaron L. Weisman's description of events noted above, is that, it wrongly suggests that [the alleged conflict] was somehow the Petitioner's responsibility. Petitioner correctly assigns this "deceptive inference," and prejudice to the State themselves, desribed at length, in Petitioner's "Supplemental Memorandum in Support of Petition" **id. at ps.22-23**, filed with this Court on **August 9, 2007**, via certified mail receipt, article No.7005 1820 0003 5999 0820. More importantly, Petitioner further describes the bias and prejudice caused by Appellate Attorney Ms. Paula Hardiman, on **May 3, 1999**, when

she unlawfully had **"ex parte communication"** with Rhode Island Supreme Court Administrative Clerk, Mr. Michael Cafferty Jr., as described in Petitioner's "Supplemental Memorandum's **Exhibit "L"**, and Memorandum **ps.17-19,"** resulting in [repeated and explicit threats] to Petitioner that "We appoint counsel herein with the caveat however that defendant's failure hereafter to cooperate with appointed counsel may, if future circumstances warrant such action, result in our issuance of an order directing defendant to proceed on appeal pro-se." See **(State Supreme Court Order dated June 3, 1999, as Exhibit "E")**. Other corrolative orders were issued and signed by none other than Mr. Michael Cafferty Jr., dated **April 28, 2000,** until finally carrying out that threat as described from State's **Exhibit "9"**, (order dated **March 18, 2004)**(unlawfully compelling Petitioner to represent himself on direct appeal), in violation of the doctrine of **Evitts v. Lucey, 105 S.Ct. 830 (1985); and Harris v. Champion, 938 F.2d 1062 (10th Cir. 1991).** Petitioner's "Supplemental Memorandum" at **ps.22-23,** clearly support and assign negligence to the State, regarding its misleading declaration involving [Attorney Michael Devlin's vacation of appointment "due to a conflict"]. Cf. (State's Motion to Dismiss at p.2). Notably, the State has repeatedly used this same deceptive and misleading accusation as a tool to bar Petitioner's long-over-due habeas corpus relief, insofar as it relates to the actual and factual number of court-appointed attorneys assigned, or rather, **responsible** for representing Petitioner, and not the [mirage] that the State has unlawfully, and deceivingly created.

Notably, the State's attorney, namely, Assistant Attorney General Mr. Aaron L. Weisman, who is the principle subject of a "Criminal Complaint, bonded by Affidavit and Claim of Lien," filed with this Honorable Court as an Exhibit to Petitioner's "Motion for Relief from Judgment and Orders," pursuant to the Federal Court Rules of Civil Procedure, Rule 60(b)(3), has once again, failed to mention Petitioner's **July 14, 2004,** "Motion to Enlarge Time to file his brief on appeal to the Rhode Island Supreme Court," the very subject of the above noted "Criminal Complaint." Instead, he boldly attempts to mislead this Court to mistakingly reflect on the Rhode Island Supreme Court Order of **June 29, 2004,** (ordering Petitioner to file brief on or before **July** 30, **2004).** See **(State's Motion to Dismiss Petition for Writ of Habeas Corpus, id. at p.3).** Specifically, Mr. Weisman states, that "Subsequently, Mr. Bedford filed a motion for extension of time in which to file his brief; on **June 29, 2004,** the Rhode Island Supreme Court granted Mr. Bedford's request, directing that "[s]uch brief shall be due on or before **July 30, 2004." (Order of June 29, 2004, as State's Exhibit "10").** The State goes on to say, that "Subsequent to this order, Mr. Bedford filed other pleadings in the Rhode Island Supreme Court, but a brief in support of his appeal from judgment of conviction was not among them." **Id. at State's Memo., p.3.** Again, the State's Assistant Attorney General, Mr. Aaron L. Weisman, who is certainly no stranger to the factual and pending "Criminal Complaint" involving the "Concealment of Evidence of Petitioner's **July 14, 2004,** filed "Motion to Enlarge Time to file brief on Appeal," received by the Rhode Island Supreme Court, via certified mail receipt, however,

wrongly filed on **August 2, 2004**, as "Letter with Exhibits," deliberately, sidesteps this pivotal issue, in another attempt to cover-up material facts, and the State's sole responsibility for the excessive and unreasonable delay in direct appeal, claims identified in the "concealed **July 14, 2004**, Motion to Enlarge Time," enclosed herein, as **Exhibit "F"**. Cf. (State's Exhibit "2").

The State in its Motion to Dismiss at p.3, points out that "On **March 22, 2005**, the Rhode Island Supreme Court Clerk's Office wrote Mr. Bedford a letter, in which it asked that he "[p]lease file [his] *** brief *** no later than **April 6, 2005"**, and advised that if he "need[s] additional time, you must file a motion with the Supreme Court requesting permission to extend your time to file a brief as soon as possible." (State's Exhibit "11"). However, this is another blatant misplaced assertion, because, Petitioner at the time was on appeal, pursuant to federal habeas corpus remedies, as stated from his **March 28, 2005**, letter in response to the State Supreme Court letter of **March 22, 2005. See (Petitioner's response letter dated March 28, 2005, as Exhibit "G"). See** also, **(Petitioner's response letters to State Supreme Court dated March 7, 2007; and June 8, 2007, as Exhibit "H")**(as it relates to present claim of alleged denial of meaningful access to the court involving relevant motion for appointment of counsel for direct appeal, and motion for bail pending the same). Interestingly, Mr. Weisman, on p.3, of the State's Memorandum, wrongly states that "Rather than file any brief, however, Mr. Bedford continued to submit (a) request(s) for the issuance of extraordinary writs, prompting the Rhode Island Supreme Court, on **January 4, 2007**,

to issue the following order:

The petition for writ of mandamus is denied.

Defendant Norman Bedford's criminal appeal, captioned **State v. Normand Bedford,** No.2003-30 C.A., is hereby assigned to the regular calendar for oral argument in **May 2007.** Defendant shall file his brief in this appeal on or before **February 9, 2007.** The State shall file its reply brief within 30 days of the filing of defendant's brief. The Supreme Court clerk's office will accept no further filings in this appeal from the defendant other than defendant's brief unless otherwise specifically authorized by the Court. (State's Exhibit "12").

The State draws this Court's attention to the Rhode Island Supreme Court's Order of **January 4, 2007,** but as in the aforementioned reference to the State Supreme Court's **March 22, 2005,** letter, Petitioner was exhausting his federal habeas corpus appeal to the United States Supreme Court in Washington, D.C., as exemplified by the enclosed (Petitioner's **Motions** and **Memorandums** to the United States Supreme Court dated **December 7, 2006,** and **January 16, 2007,** as **Exhibit "I"**). **See also, (United States Supreme Court letters to Petitioner as Exhibit "J" dated August 19, 2006; September 12, 2006; and January 22, 2007).** What the State, namely, Mr. Aaron L. Weisman, deliberately failed to mention, is that he was the chief culprit who was alleged to have colluded and orchestrated the events that promted the Rhode Island Supreme Court to issue, erroneously, the **January 4, 2007,** Order "re-activating" Petitioner's criminal appeal in C.A.03-30, and not Petitioner. In fact, the above noted "petition for writ of mandamus" was an extraordinary writ filed in a civil pleading in regard to Rhode Island Department of Corrections Maximum Security facility

staff unlawfully confiscating Petitioner's legal material evidence, which wasn't returned to him until ten (10) months later on **February 28, 2007.** Both the allegations of Mr. Weisman's unethical and unlawful conduct, as well as the Rhode Island Department of Corrections staff, are described in Petitioner's enclosed **(Motion to Rescind Order and Stay Criminal Appeal dated January 17, 2007, as Exhibit "K").** This same document was filed as **Appendix "3"** to **Exhibit "A"** of Petitioner's pending petition for writ of habeas corpus in D.C.No.07-144S, and as in the petition, is accompanied by a six (6) page Affidavit outlining the events of prison officials, preventing Petitioner from all reasonable access to the Court's, including his direct appeal to the Rhode Island Supreme Court, when Mr. Weisman unlawfully re-activated Petitioner's appeal and subsequent issuance of the **January 4, 2007,** Order, as shown from the "Civil Docketing Event Listing," case number **SU-06-0283,** where the **January 4, 2007,** Order was born. **See** enclosed **(Rhode Island Supreme Court Docket History Report #SU-06-0283, with attached January 4, 2007, Order as Exhibit "L").** **See** also, **(Rhode Island Department of Corrections Level-1 Grievance Complaint by Petitioner involving prison mail tampering as Exhibit "M").** Thus, even if Petitioner wanted to execute a direct appeal to the Rhode Island Supreme Court, he was in a "crippling position" due to the State's ongoing malicious, and criminal conduct.

On page 4 of the State's Memorandum Mr. Weisman points to a letter by the Rhode Island Supreme Court dated **February 27, 2007,** as State's Exhibit "13". In light of the seriousness of Petitioner's claims mentioned above in **Exhibit "K",** Petitioner's position didn't

change upon receipt of the **February 27, 2007,** State Supreme Court letter. In fact, Petitioner filed a "response letter dated **March 7, 2007,**" which clarified his position. See enclosed **(March 7, 2007,** letter as **Exhibit "H"**; and second letter dated **June 8, 2007,** in response to the State Supreme Court's attached **May 3, 2007,** letter to Petitioner**).**

Undaunted by Petitioner's factual claims and relevant submissions in the form of his "Motion for Appointment of Counsel" to represent him in a State appeal, as well as a highly relevent "Motion for Bail Pending that appeal," (as shown from the Memorandums filed within Petitioner's pending Petition in D.C.No.07-144S), the State Supreme Court issued it's **March 12, 2007,** Order as State's Exhibit "14", and Petitioner was compelled to file his last pleading to prevent default in regard to the **March 12, 2007,** Order. See enclosed **(Petitioner's March 17, 2007, Motion to Stay Criminal Appeal, Pending leave of Court to file Interlocutory Appeal, received by the State Supreme Court via certified mail, article No.7005 1820 0006-0503 8955; with mail card receipt as Exhibit "N").** Nevertheless, as shown from the State's Exhibit "2" (State Supreme Court Docket History Report in C.A.No.03-30), Petitioner's **March 17, 2007,** filing was not "docketed" which constitutes another act of unlawful "concealment" by the State, in violation of **18 U.S.C. §1503;** and **§1702.** Notably, this document was received by Mr. Weisman, who on page 7 of his Memorandum, eludes this fact, when he states in part, that "to such an extent that it is questionable whether Petitioner at this point even has a pending appeal in the Rhode Island Supreme Court (please see

the **April 2, 2007**, entry on the Rhode Island Supreme Court Docket Event Listing for Appellate Case Number **SU-03-0030)**. It appears that the repeated "concealment" of Petitioner's important pleadings, that were all filed and received by "certified mail" by the Rhode Island Supreme Court have been the history of Petitioner's litigation, which has resulted in extreme bias, prejudice and irreparable injury, notwithstanding "liberty interests." Yet Mr. Weisman continues to suggest that such injury and prejudice would not effect any future filing of Petitioner's direct appeal. Even if such was the case, the egregious obstructions of justice, concealment of evidence, and the excessive delay caused by the State in filing that appeal should have excused the "exhaustion requirement" long ago, in light an "absence of available State corrective process" or "circumstances *** that render such process ineffective" **(28 U.S.C. §2254(b)(1)(B)**, so as to excuse the requirement that Petitioner first exhaust his State Court remedies.

On page 8 of the State's Motion to Dismiss Petition at keynote 9, Mr. Weisman continues to make false and fraudulent statements in violation of **18 U.S.C. §1001**, through "ignorance" involving the "concealment of evidence" claim, that has been submitted, resubmitted and discussed in just about every Memorandum filed in every Court, including the instant Petition for Writ of Habeas Corpus in **D.C.No. 07-144S**, including the "Criminal Complaint, bonded by Affidavit and Claim of Lien, received by him via certified mail receipt. Specifically, at keynote 9, he states in part, "The undersigned does not comprehend what "unlawful actions" Petitioner even complains of in Issues

I & II." Petitioner, regarding the ("Issue I"), as pointed out by Mr. Weisman, clearly described the alleged "unlawful actions" committed by Mr. Weisman, in his Rhode Island Supreme Court filed "Motion to Rescind Order and Stay Criminal Appeal" dated **January 17, 2007,** as **Exhibit "K"**, cited on page 3 of his instant "Petition for Writ of Habeas Corpus," in **D.C.No.07-144S**, thus, Mr. Weisman's purported failure to comprehend those unlawful actions do not negate the fact, that they are supported by various documented facts and circumstances to corroborate Petitioner's claims. See **(Six (6) page Affidavit attached to Exhibit "K")**(claims of conspiracy that barred any potential direct appeal). Mr. Weisman was also, fully aware that Petitioner was on appeal to the United States Supreme Court in Washington, D.C., because copies of all Petitioner's pleadings were sent to him. See **(Motions and Memorandums to United States Supreme Court dated December 7, 2006,** and **January 16, 2007,** as **Exhibit "I").** See also, **(United States Supreme Court letters to Petitioner dated August 19, 2006; September 12, 2006; and January 22, 2007,** as **Exhibit "J").** See also, **(Petitioner's Rhode Island Department of Corrections Level-1 Grievance Complaint dated November 29, 2006, against Maximum Security Staff involving alleged collusion with Mr. Weisman, in preventing him to reach the United States Supreme Court on his claims).** Fact finders would easily agree with Petitioner, after reviewing **Exhibits K,I & J, that it was** undoubtedly, the actions of Mr. Weisman, who intervened in his attempt to reach the United States Supreme Court with his claims, prior to finally prompting the Rhode Island Supreme Court to issue it's premature Order of **January 4, 2007,** re-activating Petitioner's criminal appeal using a "Civil Action" under C.A.No.**Su-03-06-0283,** (related to

the unlawful taking of ninety-nine (99%), of Petitioner's legal material evidence for any potential direct appeal, by Rhode Island Department of Corrections Maximum Security officials).

The State, in another misguided assertion, at page 8, of it's Motion to Dismiss Petition, at keynote 9, states that "with respect to Petitioner's Issues II and III, Petitioner does not cite any authority, and the State is unaware of any, for his apparent contention that when a court-appointed appellate attorney withdraws from representation due to the client's dissatisfaction with such court-appointed attorney, the State Supreme Court is obligated to provide a new, second, such attorney to represent Petitioner on direct appeal;" Notably, page 6 of Petitioner's Petition for Writ of Habeas Corpus, in **D.C.No.07-144S**, cited numerous cases involving the right of counsel, or rather, [effective assistance of counsel] on direct appeal. One such case was that of **Evitts v. Lucey**, **105 S.Ct.830 (1985), id. at ps.833-831**, stating, that "In the case cited, at note 2, it states, that "Right to appellate counsel is limited to **first appeal** as of right and attorney need not advance every argument, regardless of merit, urged by appellant but **must be available to assist in preparing and submitting brief** to appellate court and must play role of active advocate, rather than mere friend of the court assisting in detached evaluation of appellant's claim." **U.S.C.A. Const.Amends.6, 14.** Petitioner further cited other authoritative cases such as **Douglas v. California**, **372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811; and Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799.** In **Gideon v. Wainwright**, the court stated, "that a criminal defendant has a right to counsel at trial-would be a futile gesture unless it comprehended

the right to effective assistance of counsel. **Id. at Pp.833-838.** On page 4 of Petitioner's instant "Petition for Writ of Habeas Corpus," at Issue II, he cites the authority of **Harris v. Champion**, **938 F.2d 1062 (10th Cir. 1991).** Interestingly, the court in **Harris** stated in pertinent part, that "It is the **obligation** of this court and the federal district courts to insure that the constitutional rights of indigent habeas petitioner's are not violated by the denial, individually or systematically, of effective counsel on their **first direct criminal appeals.** Thus, we affirm our previous opinion that such allegations be investigated promptly and **comprehensively** and that the district court enter appropriate relief consistent with its findings **after such a hearing." Id. at p.1073.**

Notably, the Petitioner describes a lengthy and comprehensive history of Mr. Weisman's repeated and **"inflamed"** account involving the factual number of, not appointed counsel, but those who neglected their oath of office, as well as their responsibility to their client, (Petitioner), in his "Supplemental Memorandum in Support of Petitioner's Petition for Writ of Habeas Corpus," in **D.C.No.07-144S, id. at Pp.16-24,** and also, in his previous "Supplemental Memorandum in Support of Petition for Writ of Habeas Corpus," in **D.C.No.04-271L,** which provided a lengthy discussion regarding the history of representation, or rather, the complete lack thereof. **Id. at Pp.1-20,** of a "seventy-two page" memorandum and exhibits A-Z. As explained on page 18 of Petitioner's "Supplemental Memorandum" in **D.C.No.07-144S,** the conspiracy involving Rhode Island Supreme Court Administrative Clerk, Mr. Michael Cafferty Jr., apparently evolved after an **"ex parte communication"** with an **"unauthorized"** attorney arguing against Petitioner,

and his interest, involving his **May 3, 1999**, "Motion for New Trial, Based on Newly Discovered Evidence," that was erroneously, **passed** on by Superior Court Justice Edward C. Clifton, an admitted **error** that was later conceded to by the State. See **(Exhibits L & M of Supplemental Memorandum, id. p.18, thereof)**. However, the events that consistently unfolded thereafter, specifically, as it relates to the bias, and prejudice of attorney Paula Hardiman, and her **ex parte communication** with State Supreme Court Clerk, Mr. Michael Cafferty Jr., are what lead to the calculated "denial of counsel for direct appeal," as proven by the various Orders of the Rhode Island Supreme Court, signed by Mr. Michael Cafferty Jr. See **(State's Exhibits to Motion to Dismiss Petition)**.

For purpose of analysis, federal habeas corpus relief is unavailable to petitioner unless he has first exhausted the remedies available to him in the Rhode Island Courts, or unless *** **"there is [either] an absence of available State corrective process *** or [the existence of] circumstances *** that render such process ineffective to protect [his] rights[,]" 28 U.S.C. §2254. See O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S.Ct. 1728, 1731 (1999).**

## Conclusion

Petitioner has sought diligently for many years, to obtain his due process and equal protection of the law rights, however, due to the proven history of "obstruction of justice," and the State's misrepresentations of material facts, he has suffered undo prejudice in the realm of the State-Court-System. Had he not been falsely accused

and unlawfully convicted in 1998, of alleged sexual assault, he would have surely been granted relief in his numerous habeas corpus petitions filed over the course of seven years. Nevertheless, the facts and circumstances described in Petitioner's instant Petition, and the supporting "Supplemental Memorandum and Exhibits," as well as those supported by this Objection and Response to the State's Motion to Dismiss, cannot be disputed in light of the preponderance of evidence.

Therefore, for all the aforementioned reasons, Petitioner hereby, prays that the State's **"unsigned"** "Motion to Dismiss Petition for Writ of Habeas Corpus" be **rejected** and **denied.** He further prays that his instant "Petition for Writ of Habeas Corpus" be **granted** on the merits, essentially, vacating the unlawful conviction and sentence of said Petitioner, obtained by fraud in 1998, and order the immediate release of Petitioner from State custody of the Rhode Island Department of Corrections Maximum Security facility in Cranston, Rhode Island.

**Respectfully submitted**

**Dated: August 21, 2007.**

Normand Bedford

**NORMAND BEDFORD, Pro se**
**P.O. BOX 8273**
**CRANSTON, RI 02920-0273**

## Certification

I the undersigned hereby, certify, that I caused a true copy of the within "Objection and Response to State's Motion to Dismiss Petition for Writ of Habeas Corpus," to be mailed this 22nd day of August ,2007, postage prepaid, to: Mr. Aaron L. Weisman, Rhode Island Attorney General's Office, 150 South Main Street, Providence, Rhode Island 02903; Copy sent to the United States Federal District Court, Office of the Clerk, 1 Exchange Terrace, Providence, Rhode Island 02903, via certified mail receipt, article No. 7005 2570 0001-4829 6473.

**Dated: Autgust 21, 2007.**

Normand Bedford

NORMAND BEDFORD, Pro se
P.O. BOX 8273
CRANSTON, RI 02920-0273