# EXHIBIT

# "B"

HANSON, CURRAN, PARKS & WHITMAN
COUNSELORS AT LAW
THE FRANCIS BUILDING
146 WESTMINSTER STREET
PROVIDENCE, RHODE ISLAND 02903-2218
TELEPHONE (401) 421-2154 TELECOPIER (401) 521-7040

A. LAURISTON PARKS
DAVID P. WHITMAN
MICHAEL T.F. WALLOR
DENNIS J. McCARTEN*
JAMES T. MURPHY*
SETH E. BOWERMAN
THOMAS R. BENDER
MARK W. DANA

WILLIAM A. CURRAN
OF COUNSEL

RICHARD H. BURROWS
CHRISTOPHER J. ZANGARI*†
WENDY J. TAYLOR

*ALSO ADMITTED IN MASSACHUSETTS
†ALSO ADMITTED IN CONNECTICUT

KIRK HANSON
1948-1991

May 27, 1998

Norman Bedford
Intake Service Center
P.O. Box 8249
Adult Correctional Institution
Cranston, RI 02920

**RE: State of Rhode Island**
**VS: Norman Bedford**
**Our File: 98-243**
**Case No.: P1/97-1715A**

Dear Mr. Bedford:

Please find enclosed a copy of the motion for a new trial I prepared for you. As you know, Judge Clifton granted my oral motion to withdraw as your attorney on May 21, 1998. This was done at your request because I would not file motions after resting. Those motions had no basis in law or fact in my opinion. I anticipate receiving a date for this motion in the near future. I strongly suggest you obtain counsel to argue this motion and assist you in sentencing. I also strongly suggest that the same attorney assist you in perfecting the appeal. If you do not obtain counsel, you may very well lose your appellate issues forever.

Very truly yours,

Mark W. Dana

MWD:ama

cc: Judge Edward C. Clifton
Steven Ryan, Special Assistant Attorney General

MWD:ama 05-27-98

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

STATE OF RHODE ISLAND :

VS. : IND. No. P1/97-1715

NORMAN BEDFORD :

## DEFENDANT'S MOTION FOR A NEW TRIAL

Now comes the defendant, Norman Bedford, pursuant to Criminal Rule of Procedure 33, and requests this Court grant the defendant a new trial. As grounds for this motion the defendant asserts that:

1. The verdict was against the evidence.
2. The verdict was against the law.
3. The verdict was against the law and the evidence.

WHEREFORE, defendant requests the Court grant the defendant a new trial.

Norman Bedford
Prepared by Standby Counsel

HANSON, CURRAN, PARKS & WHITMAN

Mark W. Dana, Esq., #4150
146 Westminster Street
Providence, RI 02903-2218
(401) 421-2154
(401) 521-7040 (fax)

## PROOF OF SERVICE

I, the undersigned, hereby certify that on the 27 day of May, 1998, I mailed a copy of the within upon **Norman Bedford,** Intake Service Center, A.C.I., P.O. Box 8249, Cranston, RI 02920 by mailing a copy of same to him at the address as hereinabove set forth.

HANSON, CURRAN, PARKS & WHITMAN

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

PROVIDENCE, SC. SUPERIOR COURT

STATE OF RHODE ISLAND :
:
VS. : NO. P1/1997-1715A
:
NORMAN L. BEDFORD :

ORDER DENYING MOTION FOR NEW TRIAL

The sole issue before this Court is Defendant's motion to appoint counsel for purposes of representing the Defendant on a yet to be filed motion for a new trial based upon newly discovered evidence. At the June 11, 2002 hearing on this motion, this Court suggested Defendant support his motion for a new trial with a factual affidavit which, if true, would support the relief he seeks. This Court's suggestion was inopportune.

This Court has limited jurisdiction to grant a new trial pursuant to Super. R. Crim. P. 33. When a motion for a new trial is based upon the ground of newly discovered evidence, that motion must be filed "within two (2) years after entry of judgment by the court . . . ." Judgment entered in this case on July 10, 1998.

In that more than two (2) years has elapsed since judgment was entered in this case, this Court has no jurisdiction to grant a motion for a new trial based upon newly discovered evidence. Accordingly, Defendant's motion must be denied even before it is filed. His motion for appointment of counsel is likewise denied[1]

ENTER:

Edwin J. Gale
Associate Justice

DATE: 6/13/02

BY ORDER:

Clerk

Cc: Inmate Norman L. Bedford

[1] This litigious Defendant has been appointed as many as eight attorneys in the past. By its order of April 28, 2002, our Supreme Court released attorney Morrissey from representing Defendant for purposes of appeal and directed that the Defendant proceed *pro se*. Research by this Court of both the files of this Superior Court and the files of the Rhode Island Supreme Court reflects that no appeal has ever been perfected by the Defendant.