# EXHIBIT

# "C"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORMAN BEDFORD<br>Petitioner,<br><br>vs.<br><br>STATE OF RHODE ISLAND, et al<br>Respondent | :<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 07-144S |

**STATE OF RHODE ISLAND'S MOTION TO DISMISS PETITIONER'S APPLICATION FOR A WRIT OF HABEAS CORPUS**

Now comes the State of Rhode Island, by and through its attorneys, and hereby moves, for the reasons expressed in the accompanying supporting *Memorandum*, to dismiss the Petitioner's above-captioned petition for writ of habeas corpus.

Respectfully submitted,
**STATE OF RHODE ISLAND**
By Its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/Aaron L. Weisman

**AARON L. WEISMAN, #4438**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

CERTIFICATION

Pursuant to AP 10 of this Court, effective August 1, 2006, I hereby certify that on the 8th day of August, 2007, I filed this document electronically and that it is available for viewing and downloading from the ECF system; and, I also certify that I caused a copy of the within document to be sent to the following by first class mail on the same date: Norman Bedford, Jr., Pro-Se, at his last known address of P.O. Box 8273, Cranston R.I. 02920.

/s/Aaron L. Weisman

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORMAN BEDFORD<br>Petitioner, | : | |
| vs. | : | C.A. No. 07-144S |
| STATE OF RHODE ISLAND, et al<br>Respondent | : | |

**STATE OF RHODE ISLAND'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PETITIONER'S APPLICATION FOR A WRIT OF HABEAS CORPUS**

I. State-Court Case Travel

Petitioner was convicted by a Providence County Superior Court Jury in May of 1998 of one count of first degree child sexual molestation (G.L. 1956 (1994 Reenactment) § 11-37-8.1) and one count of second degree child sexual molestation (G.L. 1956 (1994 Reenactment) § 11-37-8.3), and sentenced to a forty-year term of incarceration, twenty of those years to serve, the balance suspended for a twenty-year probationary period. (*Criminal Docket Sheet Report* for P1-1997-1715A.) His new-trial motion was denied on December 10, 2002, and his appeal of his judgment of conviction was then shortly thereafter, on January 16, 2003, docketed in the Rhode Island Supreme Court. (*Id.*; *Rhode Island Supreme Court Docket Event Listing* for Appellate Case Number SU-03-0030.) Petitioner then moved the Supreme Court to appoint an attorney to represent him in his appeal, and, in a March 28, 2003 *Order*, the Rhode Island Supreme Court granted Petitioner's motion, appointing "Attorney Michael Devlin *** to represent defendant", but "advis[ing Mr. Bedford] *** that no further attorneys will be appointed" and that "[i]f defendant is unwilling to cooperate with his counsel or seeks to

discharge counsel, he will be required thereafter to proceed on appeal *pro se*." (*Order* of March 28, 2003.)[1] Some months later, on July 8, 2003, the Supreme Court issued an order "vacat[ing]", "due to a conflict", "[t]he [March 28, 2003] appointment of Michael H. Devlin", and instead "appoint[ing Attorney]" "Richard Corley *** to represent the defendant in the further prosecution of his appeal." (*Order* of July 8, 2003.) Approximately six-and-a-half months later, on January 27, 2004, Attorney Corley filed a motion to withdraw. (January 27, 2004 *Appointed Counsel's Motion to Withdraw* in Rhode Island Supreme Court Case Number 03-003.) Among the reasons referenced in Mr. Corley's withdrawal motion, were that 1) Defendant had filed a disciplinary compliant against him which, *inter alia*, charged Mr. Corley with having "participated in a broad conspiracy to obstruct justice and deprive complainant of State corrective process" (*id., quoting* Bedford's *Disciplinary Compliant* at 3), and 2) Mr. Corley was "the twelfth appointed counsel to represent the Appellant in this matter" (January 27, 2004 *Appointed Counsel's Motion to Withdraw* at 1)[2]. Following Attorney Corley's motion to withdraw, the Rhode Island Supreme Court, on February 13, 2004, issued an order which, *inter alia*, granted Attorney Corley's withdrawal motion, and, "[i]n accordance with our Order of March 28, 2003," directed that Petitioner "shall hereafter proceed on appeal *pro se*." (*Order* of February 13, 2004.) The Order also directed that "Defendant's brief shall be filed on or before March 26, 2004." (*Id.*) A little more than one-month later, on March 18, 2004, the Court issued another order denying Mr.

---

[1] This admonition may have been prompted by the fact that Mr. Bedford had been through a number of attorneys during the course of his superior court prosecution.

[2] Attached to Attorney Corley's January 27, 2004 *Appointed Counsel's Motion to Withdraw* was an "historical summary of the previous attorney that have represented Norman Bedford [since the inception of the State's relevant criminal prosecution of him]." (*Id.* at 1.)

Bedford's motion to reconsider the Court's February 13, 2004 *Order* directing Mr. Bedford to proceed *pro se* on appeal. (*Order* of March 18, 2004.) Subsequently, Mr. Bedford filed a motion for extension of time in which to file his brief; on June 29, 2004, the Rhode Island Supreme Court granted Mr. Bedford's request, directing that "[s]uch brief shall be due on or before July 30, 2004." (*Order* of June 29, 2004.) Subsequent to this order, Mr. Bedford filed other pleadings in the Rhode Island Supreme Court, but a brief in support of his appeal from judgment of conviction was not among them. On March 22, 2005, the Rhode Island Supreme Court Clerk's Office wrote Mr. Bedford a letter, in which it asked that he "[p]lease file [his] *** brief *** no later than April 6, 2005", and advised that if he "need[s] additional time, you must file a motion with the Supreme Court requesting permission to extend your time to file a brief as soon as possible." (March 22, 2005 *Letter* from the Rhode Island Supreme Court Clerk's Office to Mr. Bedford.) Rather than file any brief, however, Mr. Bedford continued to submit (a) request(s) for the issuance of extraordinary writs, prompting the Rhode Island Supreme Court, on January 4, 2007, to issue the following order:

> The petition for writ of mandamus is denied.
>
> Defendant Norman Bedford's criminal appeal, captioned ***State v. Normand Bedford,*** No. 2003-30 C.A., is hereby assigned to the regular calendar for oral argument in ***May 2007.*** Defendant shall file his brief in this appeal on or before February 9, 2007. The State shall file its reply brief within 30 days of the filing of defendant's brief. The Supreme Court clerk's office will accept no further filings in this appeal from the defendant other than defendant's brief unless otherwise specifically authorized by the Court.

(Rhode Island Supreme Court *Order* of January 4, 2007.)

Apparently undeterred by this *Order*, Mr. Bedford continued to file – not the brief that would have allowed his appeal of his 1998 convictions to finally be adjudicated on

direct appeal, but rather – a number of other submissions to the Rhode Island Supreme Court, prompting the Supreme Court Clerk's Office to send Mr. Bedford a polite letter (dated February 27, 2007), readvising him as to the Court's *Order* of January 4, 2007, and providing Mr. Bedford with some helpful pointers regarding the filing of future submissions. (*Rhode Island Supreme Court Docket Event Listing* for Appellate Case Number SU-03-0030.) Finally, on March 12, 2007, the Rhode Island Supreme Court issued the following *Order* with respect to Petitioner's direct appeal of conviction.

> This case came before the Court in conference on several motions filed by defendant Normand Bedford, including in particular a motion to rescind this Court's Order of January 4, 2007 wherein we *inter alia* assigned this criminal appeal to the **May 2007** argument calendar and directed defendant to file his brief on or before February 9, 2007. We also advised the defendant in that Order that absent the Court's prior authorization, the Supreme Court Clerk's office would accept no further filings from him other than his brief. Notwithstanding our directives and caveat, however, defendant failed to file a brief as ordered and, without seeking the required authorization he has in addition to the motion to rescind, filed motions seeking the appointment of Counsel and release on bail.
>
> Accordingly, in light of defendant's disregard of the January 4, 2007 Order, we hereby direct that the following Order shall enter:
>
> 1. The Supreme Court Clerk is directed to return to the defendant all motions filed by him without our prior authorization since the issuance of our Order of January 4, 2007. These shall include defendant's motion to rescind, his motion to appoint counsel, and his motion for release on bail.
>
> 2. Defendant's appeal is hereby dismissed for his failure to file a brief as ordered. The appeal, however, will be automatically reinstated if defendant shall file his brief on or before **March 29, 2007**.

To the best of the undersigned's knowledge and belief, Petitioner has not filed his brief in the Rhode Island Supreme Court.[3]

---

[3] In accordance with Rule 5(c) of the Rules Governing Section 2254 Cases In The United States District Courts, the Department of Attorney General states that it does not

II. Petitioner's Instant 28 U.S.C. § 2254 Petition

In Petitioner's instant application for writ of habeas corpus, he seeks relief from his 1998 state court judgment of conviction on, broadly speaking, two grounds: those having to do with what he alleges are the state's efforts to stymie the adjudication of his direct appeal of his conviction to the Rhode Island Supreme Court (*Petitioner's Memorandum In Support of Petition for Writ of Habeas Corpus* at pp. 2-7)(Issues 1 –4), and those having to do with what he claims are the substantive defects of his conviction (*id.* at 7-22)(issues 5-6).

III. Analysis of Petitioner's Instant Claims

Federal habeas corpus relief is unavailable to petitioner unless he has first exhausted the remedies available to him in the Rhode Island Courts, or unless "there is [either] an absence of available State corrective process *** or [the existence of] circumstances *** that render such process ineffective to protect [his] rights[,]" 28 U.S.C. § 2254[4]. *See* O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S.Ct. 1728, 1731

---

currently possess the transcripts of Petitioner's 1998 trial, though the State believes that such transcripts are currently in the Rhode Island Supreme Court Clerk's Office and could be obtained in fairly short order.

[4] As amended by the Antiterrorism and Effective Death Penalty Act of 1996, Public Law No. 104-132, 110 Stat. 1214, effective April 24, 1996, 28 U.S.C. § 2254 now states in relevant part:

> "(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B) (i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(1999). Petitioner alleges that "it is virtually impossible to obtain any State Corrective Process whatsoever" (*Petitioner's Memorandum In Support of Petition for Writ of Habeas Corpus* at 22-23), such that he should be excused from having (or having had) to pursue in the Rhode Island Supreme Court the alleged constitutional trial and new-trial-motion errors (raised in issues 5-6 of his federal habeas corpus petition)[5] he asserts entitle him to a new trial. But, the State would respectfully suggest, as any fair reading of the State Court travel of Petitioner's case would bear-out, far from there being (or having been) an "absence of available State corrective process" or "circumstances *** that render such process ineffective" (28 U.S.C. § 2254(b)(1)(B)), the Rhode Island Supreme Court, for the last number of years, has all but *implored* Petitioner to file a brief, in support of his appeal of his judgment of conviction, so that his direct appeal of his 1998 conviction could be determined. Indeed, if Petitioner had merely included, in a brief filed in the Rhode Island Supreme Court, verbatim the very two arguments he has proffered to

---

> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies in the courts of the State.
>
> .. . ..
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

[5] Issue 5 alleges, *inter alia*, that the "the State *** withheld exculpatory impeachment evidence, and made an illegal inducement to two key witnesses, one month before trial, and without discovery update, whereby, the witnesses received a thing of value, *** knowing that testimony was inherently unreliable[.]" (*Petitioner's Memorandum In Support of Petition for Writ of Habeas Corpus* at 11.) In his Issue 6, Petitioner alleges, *inter alia*, "that his 1998 conviction and sentence is without legal authority, in light of his being denied legal counsel for his first motion for new trial and sentencing hearings[.]" (*Id.* at 13.)

this Court in Issues 5 and 6 of his supporting *Memorandum*, his direct appeal would almost certainly have already been decided.[6] Indeed, even though Petitioner has repeatedly disregarded the Supreme Court's orders that he submit a brief in support of his appeal, to such an extent that it is questionable whether Petitioner at this point even has a pending appeal in the Rhode Island Supreme Court (*please see* the April 2, 2007 entry on the *Rhode Island Supreme Court Docket Event Listing* for Appellate Case Number SU-03-0030), if Petitioner would only submit, in Brief format, to the Rhode Island Supreme Court the very same substantive errors he alleges, in the above-captioned case, infected his trial and new-trial proceedings, it is still possible that Petitioner may yet have his direct appeal adjudicated by the Rhode Island Supreme Court, notwithstanding his repeated disregard of the Supreme Court's orders.[7] In any event, the State would respectfully submit, far from there having been an "absence of available State corrective process" or "circumstances *** that render such process ineffective" (28 U.S.C. § 2254(b)(1)(B)), so as to excuse the requirement that Petitioner first exhaust his state court remedies, Petitioner's repeated, apparent, and seemingly deliberate refusal to simply file

---

[6] To the best of the undersigned's knowledge and belief, every single one of the full-argument criminal cases which were on the Rhode Island Supreme Court's May 2007 oral argument calendar – as Petitioner's case was until he opted not to submit a brief – have been decided and issued no later than July 4, 2007.

[7] Because the Rhode Island Supreme Court has not as yet issued an order stating that, due to Petitioner's repeated failure to submit the ordered brief, it would no longer take-up Petitioner's direct appeal of conviction, and because it is by no means clear that, *if* Petitioner *would* instantly file such a brief, the Court would not pass-upon – either on direct appeal or through the issuance of a petition for writ of certiorari – any such submission, the State would suggest that it is too early to excuse Petitioner's exhaustion and go on to consider, rather, whether the claims raised in this petition are procedurally barred. *See* Toulson v. Beyer, 987 F.2d 984, 987-88 (3rd Cir. 1993); Sandgathe v. Maass, 314 F.3d 371, 375 (9th Cir. 2002).

a brief in the Rhode Island Supreme Court, render his instant habeas petition unexhausted, requiring dismissal.

Respecting Petitioner's various claims that the State and others have acted improperly in attempting to prevent the prompt adjudication of his direct appeal of his conviction to the Rhode Island Supreme Court,[8] these contentions, having only to do with the reasons Petitioner advances to excuse his failure for having yet exhausted his state remedies, are obviously not proper, independent, grounds justifying habeas corpus relief. And, in any event, since, as the travel of the Petitioner's state appeal demonstrates beyond cavil, these excuses – none of which are remotely colorable[9] – do not in any way justify the utter failure of Petitioner to simply have submitted a brief in the Rhode Island

---

[8] In his Issue I, Petitioner seems to allege that the undersigned has sought to deny Mr. Bedford "meaningful access to the Court" (*Petitioner's Memorandum In Support of Petition for Writ of Habeas Corpus* at 3); in issue II, Petitioner seems to allege, *inter alia*, that the Rhode Island Supreme Court was constitutionally obligated to provide him with a second appellate attorney on appeal, after his first one (Richard Corley) had been granted permission to withdraw (*id.* at 4-6); Petitioner's third issue appears to be practically identical to his second (*id.* at 6-7); and in his Issue IV, he seems to allege that the undersigned lied to this Court, in an earlier response to a habeas petition of Mr. Bedford's, when he stated that "Petitioner was due to have filed his brief *** on or before July 30, 2004", since the undersigned knew, but apparently concealed, the fact that Petitioner had filed with the Rhode Island Supreme Court a motion for extension of time (*id.* at 7-11); and, within this Fourth Issue, the conduct of the Rhode Island Supreme Court, this Court, and that of the Court of Appeals for the First Circuit is called into question as well (*id.*).

[9] The undersigned does not comprehend what "unlawful actions" Petitioner even complains of in Issues I & II; with respect to Petitioner's Issues II and III, Petitioner does not cite any authority, and the State is unaware of any, for his apparent contention that when a court-appointed appellate attorney withdraws from representation due to the client's dissatisfaction with such court-appointed attorney, the State Supreme Court is obligated to provide a new, second, such attorney to represent Petitioner on direct appeal; the undersigned does not even comprehend Petitioner's allegation (Petitioner's Issue IV) that the undersigned misled this Court in an earlier habeas petition with respect to the state travel of the case.

Supreme Court in the more than four and a half years since the case has been docketed there, such claims cannot render the instant petition exhausted.

IV. Conclusion

For the reasons expressed above, the State would respectfully move to dismiss the Petitioner's above-captioned petition for writ of habeas corpus.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By Its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/ Aaron L. Weisman

**AARON L. WEISMAN #4438**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

CERTIFICATION

Pursuant to AP 10 of this Court, effective August 1, 2006, I hereby certify that on the 8th day of August, 2007, I filed this document electronically and that it is available for viewing and downloading from the ECF system; and, I also certify that I caused a copy of the within document to be sent to the following by first class mail on the same date: Norman Bedford, Jr., Pro-Se, at his last known address of P.O. Box 8273, Cranston R.I. 02920.

/s/Aaron L. Weisman