# EXHIBIT "F"

July 14, 2004

R.I. Supreme Court
Chief Justice Frank Williams
250 Benefit Street
Providence, Rhode Island
02903

7004 0750 0002 5736 4033
[certified mail; restricted delivery]

Re: State v Normand Bedford-Docket No. 2003-30; Filing of Motion to Enlarge Time, with attached Memorandum in Support thereof, with exhibits A-D.

Dear Honorable Chief Justice Williams:

Please file the enclosed motion and memorandum with associated exhibits A-D, with the appropriate administrator. The reason that I the Appellant am filing the above, is that there is strong reason and evidence to believe, that Administrative Clerk, Mr. Michael Cafferty Jr., is a key "co-conspirator" in the travesty of justice, related to my criminal case, now in your Honorable Court, and an egregious violation of 42 U.S.C.A. §1983; §7:56 [Malicious prosecution and abuse of process; withholding evidence.]

Appellant has forwarded two letters to Mr. Michael Cafferty Jr., related to filing failures of instrumental motions, which have been provided in the enclosed motion and memorandums exhibits A-D. This Court has not provided this Appellant with his repeated requests for his **(thirteen pages of exhibits (13), related to his December 10, 2002, motion for new trial based on newly discovered evidence,** the **same** evidence that **was withheld** prior to trial, **and still being deliberately withheld, over** five **(5) years later.)**

Inquiry was also made to your Honor, regarding these same withheld **13 pages of exhibits,** on or about October 3, 2003, via certified mail receipt, notably, the same day your Clerk Mr. Ronald Tutalo sent Appellant a confusing and erroneous response. I have enclosed Mr. Tutalo's October 3, 2003 letter with the Prov. Sup. Ct. approval Order, which was sent to Mr. Tutalo on several different occassions, however, does everyone feel the need to be part of the ongoing conspiracy? The evidence speaks for itself, Sir. I hate to be the bearer of bad news, concerning members of Administration, but my liberty is, and has been at stake here.

Sincerely Normand Bedford

STATE OF RHODE ISLAND AND PROVIDENCE
PLANTATIONS SUPREME COURT

| | | |
|---|---|---|
| STATE OF RHODE ISLAND | * | |
| | * | |
| | * | |
| v | * | Docket No. 2003-30 |
| | * | |
| | * | |
| NORMAND BEDFORD | | |

APPELLANT'S MOTION TO ENLARGE TIME

Now comes Appellant, Normand Bedford, in the above entitled matter, and moves this Honorable Rhode Island Supreme Court, to enlarge time to file a pre-brief in Appellant's first appeal to this Court, from his nineteen ninety eight (1998) unlawful and void judgment of conviction and sentence. Appellant submits that this Court's Orders of February 13, 2004; April 20, 2004; and June 29, 2004, directing and ordering him to file a pre-brief in his appeal, were all premature, for several reasons. Appellant submits the attached Memorandum in Support of this Motion, herein. Wherefore, Appellant respectfully, requests that the instant Motion to Enlarge Time be granted. Appellant further prays that the time to file a pre-brief in his appeal, be enlarged by a full ninety (90) days, from receipt of this motion.

Respectfull submitted

Normand Bedford

STATE OF RHODE ISLAND AND PROVIDENCE
PLANTATIONS SUPREME COURT

| | | |
|---|---|---|
| STATE OF RHODE ISLAND | * | |
| | * | |
| | * | Docket No. 2003-30 |
| v. | * | |
| | * | |
| | * | |
| NORMAND BEDFORD | | |

APPELLANT'S MEMORANDUM IN SUPPORT
OF MOTION TO ENLARGE TIME

On or about February 13, 2004, Appellant was ordered by this Honorable Court, to file a pre-briefing statement in his first appeal, from his illegal, unjust and void judgment of a nineteen ninety eight (1998) conviction and sentence. However, the docketing of that appeal was made erroneously, in light of numerous facts, including the Appellant's filing of a Motion to Hold Docketing in Abeyance, via certified mail receipt, No.7099 3400 0008 5304 5555, received and stamped by this Court on August 1, 2002, at 10:44 AM. Notably, the Docket History Events Listing does not list this filing.

Secondly, there are, and have been numerous issues unresolved precluding Appellant from filing a pre-briefing statement in his appeal, all of which, involve continual withholding of evidentiary material relevant for such appeal.

Appellant submits several issues, that have precluded him from obtaining State Corrective Process, regarding his claims that his nineteen ninety eight (1998) conviction and sentence are illegal, unjust and void on it's face. Appellant asserts:

1. That he has not been provided by this Court, his repeated requests for thirteen (13) pages of exhibits, related to his December 10, 2002 Motion for New Trial Based on Newly Discovered Evidence, heard and denied on the same, therefore, relevant and essential to his first appeal.

2. That the State continues to withhold a June 25, 1998 transcript, related to a June 9, 1998 Determination of Attorney Proceeding, to represent Appellant on his first Motion for New Trial and Sentencing Hearings, which is where a major conspiracy involving high officials, begins to unfold. Despite this Court's June 4, 2004 Order, directing the State to procure, and provide the Appellant, a copy of said transcripts, the State is still withholding such.

3. That on or about June 14, 2004, Appellant filed a Motion and Memorandum with exhibits A-R, via certified mail receipt, restricted delivery, No.7099 3400 0008 9917 9740. The Motion requested this Court to Stay Appeal, Remand Case and File back to the Providence Superior Court. Appellant therewith, further requested that this Court issue an Order to the Superior Court, appointing him a Class-1 attorney to represent him on a Motion to Vacate Illegal and Void Judgment. Appellant is still waiting resolution of the above noted Motion, which also, provided this Court with a copy of his Motion to Hold Docketing of Appeal in Abeyance, stamped and received by this Court on August 1, 2002 at 10:44 AM. Therefore it is inconceivable why Appellant keeps receiving order after order, by Rhode Island Supreme Court Clerk Mr. Michael Cafferty Jr., especially, in light of Appellant's prior filing of a Motion to Enlarge Time, forwarded by certified mail receipt on June 3, 2004, No.7099 3400 0008 9917 9757, yet notably,[1] there is no apparent Docket History Listing of this motion, which, requested a ninety (90) day enlargement, therefore, it is strange why Appellant received another Order on June 29, 2004, signed by Mr. Michael Cafferty Jr., less than one month, after Appellant's June 3, 2004 filing, ordering him

[1] See Exhitit "A"

to file a pre-briefing statement for his first appeal of his nineteen ninety eight (1998) unlawful, and void judgment of conviction and sentence, on or before July 30, 2004.

Appellant asserts that in light of his letter to this Court, dated June 14, 2004, addressed to Mr. Michael Cafferty Jr., enclosed herein, as **Exhibit "B"**, inquiring why his Docket History Sheet does not reflect his filing of his motion to hold docketing of appeal in abeyance, which motion, is attached to the June 14, 2004 letter as **Exhibit "B"**, herein. Notably, **Exhibit "A"**, enclosed herein, complains of the same filing failure, addressed in the cover-letter, dated June 21, 2004, with it's attached motion to enlarge time, dated June 3, 2004, just three weeks prior to Mr. Michael Cafferty's forwarding a third Order of the Court, to file a pre-brief on Appellant's first appeal: Despite the State's repeated withholdings of evidence; the failure of this Court to produce and provide this Appellant with his December 10, 2002, **"thirteen pages of exhibits"** despite countless requests to this Court, via certified mailings, to forward his exhibits, relevant and essential to his cause.

It is the Appellant's contention, that his rights to due process are deliberately being violated, in light of the State's stone-walling efforts in further depriving all State Corrective

Process, in light of the numerous factors raised by Appellant in his prior two motions to enlarge time to file a pre-brief on appeal, and his pending motion to stay appeal, remand case and file back to the Providence Superior Court, appointing him counsel to represent his illegal, and void judgement of (1998) conviction and sentence, as well as the State's deliberate withholding of a complete transcript, pursuant to this Court's June 4, 2004 Order, directing the State to procure, and provide the Appellant with his June 25, 1998 transcript relating to his infirm, illegal and void judgment of conviction and sentence. Relative to such, the State now suggests in it's July 8, 2004 letter to Appellant, enclosed herein, as **Exhibit "C"**, that, "We have so far been unable to additionally locate a June 25, 1998, transcript of a hearing in State of Rhode Island v Norman Bedford, No. P1/97-1715A." This contention is contradictory to Appellant's prior filing of evidence to the contrary. Once again, Appellant submits herein, enclosed as **Exhibit "D"**, a partial transcript of July 10, 1998, sentencing hearing, Id. at p. 333, where appointed counsel Neil Steingold affirms to the Court, that "I received a referral in the mail. I believe it was continued because I was in another Court to June 25th, and that's when there was a meeting in your Chambers on the third floor, and 'Mr. Bedford was on the video arraignment that day,'" and "He wasn't brought into Court, and it was continued

to today, and I told the Court that I would go and meet Mr. Bedford in the meantime, which I did on Wednesday of this week." Id. at July 10, 1998 transcript p. 333 lines 17-24. The Providence Superior Court's Docket History Sheet also reflects that Appellant was not on habeas on June 25, 1998, because he was in video arraignment. Perhaps this is where the State is confused. Additionally, Appellant's Department of Corrections "Rap Sheet" dated November 05, 1999, also reflects that he made a Court appearance on June 9, 1998; June 16, 1998; and June 25, 1998. Appellant's own records affirm that he made three appearances in "video court" regarding the determination of attorney, which was granted until the State, attorney Mark W. Dana, attorney Neil Steingold and the Court colluded in depriving him of any counsel whatsoever for Appellant's first motion for new trial and sentencing hearings, in clear violation of due process of law. See enlclosed D.O.C. Rap Sheet as **Exhibit "E"**.

It seems clear that the State did not want the Appellant to have any information related to the Crime Victim Compensation Fund's Application and Award of sixty five hundred ($6500.00) dollars, payed to two key witnesses in the Appellant's trial by jury in May of 1998, since the State themselves, filed

a Motion to Quash Subpoena, when it was first requested by the Appellant's attorney in December of 1999, nor did the State want the Appellant to have the "remaining undisclosed evidence," after the Appellant's discovery that the first production of the evidence was incomplete, because the State then filed a second Motion to Quash Appellant's Subpoena, for the same evidence. Since Appellant's repeated requests, both to two former appointed attorneys, and numerous ignored requests, from this Court, it seems evident, that the State does not want to provide this same evidence to Appellant, regarding the illegal inducement of the two key witnesses, just one month prior to giving testimony in Appellant's trial, in violation of Federal Law, Title 18, Section 201 (C)(2). Thus continuing to violate, and frustrate Appellant's due process rights.

Furthermore, Appellant's former appointed counsel, Richard K. Corley, as well as the State, continue to make false declarations, regarding the June 25, 1998 requested transcript, involving the Providence Superior Court's conspiracy to deny and deprive the Appellant of counsel, to represent his first motion for new trial and sentencing hearings, on July 10, 1998, which, further deprives him of his State Corrective Process, pursuant to Constitutional guaranteed rights. The State's recent Objection to Petitioner/Appellant's Motion to Stay

Appeal, filed with this Court on July 8, 2004, and it's letter to the Appellant dated the same, enclosed herein, as **Exhibit "C"**, demonstrate negligence and complete a complete disregard for the Appellant's Constitutional Rights to life, liberty and property, and equal protection of the law.

Therefore, Appellant respectfully, requests that the instant Motion to Enlarge Time, to file a pre-brief on his first appeal by granted. Appellant further prays that the time be enlarged by a full ninety (90) days, from the receipt of this motion and memorandum with attached exhibits A-D.

**Respectfully submitted**

Normand Bedford

**Normand Bedford (Pro se)**
**P.O. Box 8274**
**Cranston, RI 02920**

## Certification

I, the undersigned hereby, certify that I, caused a true copy of the within motion and memorandum, with the attached exhibits, A-D, to: Rhode Island Attorney General's Office, Ms. Virginia M. McGinn Esquire, Providence Rhode Island 02903, this 19th day of July 2004, by regular U.S. mail postage prepaid. Copy sent to the Rhode Island Supreme Court by certified mail receipt, restricted delivery, to Chief Justice Frank Williams, No. 7004 0750 0002 5736 4033

Normand Bedford

Normand Bedford (Pro se)
P.O. Box 8274
Cranston, RI 02920

**INVENTORY LIST OF EXHIBITS TO APPELLANT'S MOTION TO ENLARGE TIME COVER LETTER DATED JULY 14, 2004 SENT CERTIFIED MAIL TO CHIEF JUSTICE FRANK WILLIAMS [RESTRICTED DELIVERY]**

EXHIBIT "A" Appellant's Motion to Enlarge Time, dated June 3, 2004, sent certified mail receipt, No. 7099 3400 0008 9917 9757, received June 11, 2004. Cover letter dated June 21, 2004.

EXHIBIT "B" Appellant's Motion to Hold Docketing Of Appeal In Abeyance, with cover letter dated July 25, 2002, with additional cover letter addressed to Mr. Michael Cafferty Jr., dated June 14, 2004

EXHIBIT "C" Letter to Appellant, from Assistant Attorney General, Chief Appellate Unit, Mr. Aaron L. Weisman Esquire, dated July 8, 2004.

EXHIBIT "D" Partial transcript of July 10, 1998, hearing of Appellant's first (1st) Motion for New Trial and Sentencing proceedings, pages 332; 333; 396; 397.

*****************************************************************

**Supreme Court**
No. 03-30-C.A.

State of Rhode Island :

v. :

Normand Bedford :

# ORDER

The defendant's motion to enlarge the time within which to file his brief is granted. Such brief shall be due on or before ***July 30, 2004.***

Entered as an Order of this Court this *29th* day of ***June 2004.***

By Order,

Clerk