# EXHIBIT

# "K"

RI Supreme Court
Office of the Clerk
250 Benefit Street
Providence, RI 02903

January 17, 2007

Re: Normand Bedford/Filing of Motion to Rescind Order and Stay Criminal Appeal in C.A.No.2003-30; Exhibits A-B.

C.A.Nos.06-283-M.P.; 2003-30

Dear Clerk of Court:

Please file the enclosed "Motion to Rescind Order and Stay Criminal Appeal, with it's associated and attached Memorandum and Declaration in Support thereof." **Inventory List enclosed Exhibits A-B.**

Please send me an acknowledement of this filing. I am repeatedly the subject of mail tampering and theft, at the RI Department of Corrections Maximum Security facility in Cranston, RI. Thank you.

Sincerely

Normand Bedford

Normand Bedford, Pro se
P.O. Box 8273
Cranston, RI 02920-0273

**Inventory List of Exhibits attached hereto, A-B.**

**Cc: Mr. Aaron L. Weisman.**

# Inventory to Exhibits in Support of Motion to Rescind Order and Stay Criminal Appeal Dated January 17, 2007

Exhibit "A" January 4, 2007, Order of the Rhode Island Supreme Court in the case of C.A.No.06-283-M.P., citing C.A. No.2003-30.

Exhibit "B" Appellant's 6-page Affidavit of Complaint and Truth, dated June 26, 2006, notorized August 2, 2006, and certified on August 12, 2006, describing unlawful confiscation and alleged destruction of substantial legal material evidence.

Dated: 1-17-2007.

Normand Bedford

Normand Bedford, Pro se
P.O. Box 8273
Cranston, RI 02920-0273

*****************************************************************

STATE OF RHODE ISLAND AND PROVIDENCE
PLANTATIONS RI SUPREME COURT

NORMAND BEDFORD
(Appellant)

v.

C.A.Nos.06-283-M.P.;
2003-30 C.A.

A.T. WALL, Director, RI Dept. of Corrections, et al., ATTORNEY GENERAL FOR THE STATE OF RHODE ISLAND
(Appellees)

**APPELLANT'S DECLARATION**

I, Appellant/Declarant, Normand Bedford, hereby aver and say under the penalty of perjury, pursuant to 28 U.S.C. §1476:

That the allegations, declarations and assertions made within the associated and attached "motion to rescind order and stay criminal appeal, and it's memorandum in support thereof," are true, correct, and complete, not misleading, the truth, the whole truth, and nothing but the truth, so help me God, made under the penalty of perjury.

That the attached 6-page Affidavit of Complaint and Truth, dated **June 26, 2006**, notorized on **August 2, 2006**, and certified on the date of **August 12, 2006**, and forwarded to Mr. Aaron L. Weisman, RI Attorney General's Office, and Ms. Kathleen M. Kelly, RI Department of Corrections Legal Department, is a copy of original.

That the attached **January 4, 2007**, Order of the Rhode Island Supreme Court, case number C.A.No.06-283-M.P., is a true copy of the original.

Respectfully submitted

Dated: 1-17-2007.

Normand Bedford

Normand Bedford, Pro se
P.O. Box 8273
Cranston, RI 02920-0273

## Certification

I, the undersigned hereby certify that I caused a true copy of the within "Declaration" to be mailed this 23rd day of **January**, **2007**, postage prepaid, to: Mr. Aaron L. Weisman, RI Attorney General's Office, 150 South Main Street, Providence, Rhode Island 02903.

Dated: 1-17-2007.

Normand Bedford
Normand Bedford, Pro se
P.O. Box 8273
Cranston, RI 02920-0273

STATE OF RHODE ISLAND AND PROVIDENCE
PLANTATIONS RI SUPREME COURT

NORMAND BEDFORD
(Appellant)

v.

C.A.Nos.06-283-M.P.;
2003-30 C.A.

A.T. WALL, Director, RI Dept. of Corrections, et al., ATTORNEY GENERAL FOR THE STATE OF RHODE ISLAND
(Appellees)

**APPELLANT'S OMNIBUS MOTION TO RESCIND ORDER AND STAY CRIMINAL APPEAL**

Now comes Appellant, NORMAND BEDFORD, in the above-entitled matter and hereby, moves this Honorable Rhode Island Supreme Court to "Rescind it's **January 4, 2007,** Order erroneously 'assigning his criminal appeal to the regular calender for oral argument in **May 2007,** and ordering him to file his brief in the same on or before **February 9, 2007,**' and further moves to "Stay his criminal appeal in the case of **State v. Normand Bedford,** No.2003-30." **See** (attached Order of **January 4, 2007.**

Appellant submits that attached Memorandum in Support of the instant motion, whereby, it is prayed that the same be **granted,** respectively.

Respectfully submitted

Dated: 1-17-2007.

Normand Bedford, Pro se
P.O. Box 8273
Cranston, RI 02920-0273

## Certification

I the undersigned hereby certify that I caused a true copy of the within "Omnibus Motion to Rescind Order and Stay Criminal Appeal" to be mailed this 23rd day of **January** ,2007, postage prepaid, to: Mr. Aaron L. Weisman, RI Attorney General's Office, 150 South Main Street, Providence, Rhode Island 02903.

Normand Bedford

Normand Bedford, Pro se
P.O. Box 8273
Cranston, RI 02920-0273

STATE OF RHODE ISLAND AND PROVIDENCE
PLANTATIONS RI SUPREME COURT

NORMAND BEDFORD
(Appellant)

v.

C.A.Nos.06-283-M.P.;
2003-30 C.A.

A.T. WALL, Director, RI Dept. of Corrections, et al., ATTORNEY GENERAL FOR THE STATE OF RHODE ISLAND
(Appellees)

**APPELLANT'S MEMORANDUM IN SUPPORT OF MOTION TO RESCIND ORDER AND STAY CRIMINAL APPEAL**

Now comes Appellant, NORMAND BEDFORD, in the above-entitled matter and hereby, moves this Honorable Rhode Island Supreme Court to "Rescind it's **January 4, 2007,** Order erroneously 'assigning his criminal appeal to the regular calender for oral argument in **May 2007,** and ordering him to file his brief in the same on or before **February 9, 2007,**' and further moves to "Stay his criminal appeal in the case of **State v. Normand Bedford, No.2003-30.**" See (attached Order of **January 4, 2007.**

**Facts and Travel**

1. Sometime in the year 2003, Appellant's criminal case was docketed with this Honorable Court, and before an actual appellate brief could be prepared and filed, Appellant's Court-appointed counsel was

granted a "motion to withdraw his representation of appeal," as a result of a conflict of interest.

2. Appellant was subsequently and involuntarily ordered by this Court to represent himself on appeal, based on misconceptions by the Court.

3. Appellant was compelled to appeal to the United States Federal District Court, Providence Rhode Island, pursuant to applicable habeas corpus remedies under 28 U.S.C.A., where upon the erroneous denial of such application, he appealed to the United States Court of Appeals for the First Circuit, Boston Massachusetts.

4. After the Court of Appeals abused it's discretion in denying and erroneously dismissing Appellant's claims, even before he had any chance to file a brief to support his viable contentions, that "State corrective process was not available to him to protect his constitutional rights," and therefore his due process was being violated in view of relevant cases such as, **Odsen v. Moore**, **445 F.2d 806 (1st Cir. 1971)**; **Coe v. Thurman**, **922 F.2d at 530-31**; **and Harris v. Champion**, **938 F.2d 1062 (10th Cir.1991)**, he then appealed to the United States Supreme Court for an extension of time to file a "petition for writ of certiorari." However, that Court was apparantly misinformed of the facts and circumstances of Appellant's issues, as well as the time in which to appeal, from the lower Court's final ruling.

5. Appellant finally was able to produce and present evidence to the United States Supreme Court, after prison officials unlawfully

confiscated and allegedly destroyed volumes and volumes of material evidence for his criminal appeal and civil litigation. However, the Court returned his pleadings with further instructions of what was needed before making a final determination on the merits of his claims.

6. On **December 16, 2006,** Appellant forwarded his corrected copies of his pleadings to the United States Supreme Court, Washington D.C., via certified mail, article number [7005 1820 0006 0503 9693], and opposing counsel, Mr. Aaron L. Weisman, of the Rhode Island Attorney General's Office, via regular mail. However, Rhode Island Department of Corrections Maximum Security staff unlawfully withheld Appellant's legal mail for a period of 10 days, until returning it to him "unsealed," after they "misappropriated active funds to pay the cost of mailing the legal package." This was allegedly done with a "corrupt endeavor" to obstruct Appellant's legal correspondence in violation of 18 U.S.C. §1503; and §1702. In fact, evidence of this is supported by a current "formal grievance complaint" filed with the Rhode Island Department of Corrections Maximum Security facility Administration on 12-3-2006, involving an identical offence of "obstructing legal mail."

7. Notably, a short time after opposing counsel Mr. Aaron L. Weisman received and apparently digested Appellant's pleadings to the United States Supreme Court, he allegedly coerced an agent from this Court, to inconveniently and inordinately issue an Order, such as the one associated with this motion and memorandum, erroneously re-opening and re-activating an appeal, whereby, Appellant is outside the jurisdiction of, in light of his pending unresolved and unexhausted appeal to the United States Supreme Court, Washington D.C., thus,

this Court's **January 4, 2007**, is clearly inopportune. Incidently, the history of Appellant's litigation and appeals processes unequivically connote that Chief Appellate Attorney Mr. Aaron L. Weisman, from the Rhode Island Attorney General's Office, has repeatedly, subjugated, influenced and infiltrated several different branches of the Judicial System, as well as, the Rhode Island Department of Corrections officials, in a "corrupt endeavor" to obstruct administration of justice and virtually drive Appellant back to a State Court Appellate remedy that has been proven by volumes of evidence to be futile. In fact, Appellant's direct appeal of his 1998 conviction has been inordinately delayed for over 8 yrs., as a result of various reasons attributable to the State, namely, withholding of evidence relevant for appeal, denial of transcripts relevant for appeal, and denial of counsel for the same, notwithstanding "concealment of evidence germane to Appellant's claims, and the alleged and repeated infiltration of prison officials and the subsequent use of "mechanical lock-up," and divers obstructions of justice.

8. This Court's **January 4, 2007**, Order arises exclusively, from Appellant's filing of a "Petition for Writ of Mandamus," and **'not'** the commencement of any criminal appeal. The subject matter relates to the Rhode Island Department of Corrections Maximum Security staff unlawfully "confiscating, and allegedly destroying volumes and volumes of material evidence in both criminal and civil proceedings that was accumulated over the course of several years and essential to Appellant's unexhausted appeals. The loss of this substantial legal evidence only adds credence to the fact that Appellant would not initiate a criminal appeal that he has no evidence to execute.

## Conclusion

Appellant's legal defense has been crippled, allegedly, by the actions orchestrated by Chief Appellate Attorney, Mr. Aaron L. Weisman, of the Rhode Island Attorney General's Office. Each time this Appellant has attempted to appeal his case to a higher Court, Mr. Weisman acts to retrain, divert and interfere with that process. Only after he received Appellant's pleadings to the Rhode Island Supreme Court on **12-16-2006**, he allegedly, contacted someone from this Court, and influenced this Court to re-activate Appellant's criminal appeal prematurely. At the same time, the Rhode Island Dept. of Corrections unlawfully withheld the Court's copy of the above, for a period of 10 days, and while this Court was preparing it's **January 4, 2007**, erroneous Order. If this and other corroborating circumstances don't spell "conspiracy to obstruct justice" in violation of 18 U.S.C.S. §§1503; and §1702, then Appellant just fell off the turnip truck. Appellant has had volumes of material evidence unlawfully confiscated and allegedly destroyed by prison officials, which now has caused him irreparable injury to his legal defense in any future prospective appeal. See **enclosed** (6-page Affidavit of Complaint and Truth dated **June 26, 2006**, notorized on **August 2, 2006**, and certified on **August 12, 2006.**) Appellant is suffering repeated harrassment by RI Dept. of Corrections staff without relief by executive offices.

At the very least, Appellant is entitled to exhaust his pending appeal to the United States Supreme Court in Washington, D.C., before being unlawfully compelled to proceed back to a State Court System that he clearly feels has violated his constitutional and civil rights for several years and counting.

Therefore, for all the aforementioned reasons, Appellant respectfully requests that the instant motion be **granted**, essentially "removing his name from the regular calender set for oral argument in **May 2007**, as well as 'rescinding the demand to file a brief on or before **February 9, 2007**,' respectively." Insofar as the **January 4, 2007**, Order pertaining to Appellant's "Petition for Writ of Mandamus," Appellant asks that this motion have no impact or affect. Appellant now realizes that the same was filed with this Court having "Procedural defect" in light of the initial filing of his petition with the Providence Superior Court Criminal forum, instead of the Civil Calender Assignment. However, the instant motion should be **granted** in light of "**jurisdictional issues**."

**Respectfully submitted**

Dated: 1-17-2007.

Normand Bedford

Normand Bedford, Pro-se
P.O. Box 8273
Cranston, RI 02920-0273

**Certification**

I the undersigned hereby certiy that I caused a true copy of the within "omnibus motion to rescind order and stay criminal appeal" with the attached memorandum and declaration in support thereof, to be mailed this 23rd day of **January** ,2007, postage prepaid, to: Mr. Aaron L. Weisman, RI Attorney General's Office, 150 South Main Street Providence, Rhode Island 02903.

Normand Bedford

Exhibit "A"

**Supreme Court**

No. 06-283-M.P.

Normand Bedford :

v. :

A. T. Wall, Director :

**ORDER**

The petition for writ of mandamus is denied.

Defendant Normand Bedford's criminal appeal, captioned ***State v. Normand Bedford***, No. 2003-30 C. A., is hereby assigned to the regular calendar for oral argument in ***May 2007***. Defendant shall file his brief in this appeal on or before February 9, 2007. The state shall file its reply brief within 30 days of the filing of defendant's brief. The Supreme Court clerk's office will accept no further filings in this appeal from the defendant other than defendant's brief unless otherwise specifically authorized by the Court.

Entered as an Order of this Court this ***4th*** day of ***January, 2007***.

By Order,

Clerk

Exhibit "B"

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

NORMAND BEDFORD
(Appellant)

v.

A.T. WALL, Director, RI
Dept. of Corrections, et al.,
(Appellees)

C.A.Nos.04-2604;
04-2727;
D.C.No. 04-271L;
05-2525;
05-2642;
D.C.No. 05-095L.

## AFFIDAVIT OF COMPLAINT AND TRUTH

**I, Affiant, Normand Bedford, hereby, depose and say:**

That on **March 8, 2006**, in the interim of attempting to copy a prepared "Rebuttal Memorandum and it's exhibits A-K, to the Defendants (RI Dept. of Corrections), Motion to Dismiss Lawsuit," filed in the United States Federal District Court, in C.A.No.05-111S, alleging "Theft of personal money from a financial institution, as part of a large scale "Conspiracy to Obstruct Justice," I was abrubtly escorted to "Disciplinary Confinement" (Segregation). This was to prevent me from copying and filing crucial evidence of "Obstruction of Justice, involving unlawful misappropriation of funds, mail theft, mail tampering, unlawful downgrade, unlawful segregation, and every kind of abuse imaginable. When I requested my legal material contained in a brown folder, I was ignored. Shortly thereafter, while locked in a segregation cell unit, I was given my folder with my legal material enclosed. However, my two hundred and eight page (208), rebuttal package, it was completely out of the order that it was in when it was handed to the bidding law library officer, who was going through it immediately before he decided to take me to segregation and falsely accuse me of threatening him, and disobeying an order. Both allegations were completely false, and later subjected me to unlawful confinement of thirty-five days (35 days). It was also, discovered

on this date, that all of my certified mail cards and receipts were missing from my folder. Notably, the day earlier, the same officer who made false allegations against me questioned me about the certified mail receipts and cards. Interestingly, I had the certified mail receipt's article number typed on the front page of my rebuttal memorandum, as well as on the certification page, so the material would later correspond with the returned card after mailing. Interestingly, my rebuttal was not yet copied, and I no longer had the mailing cards or receipts. The deadline for filing with the Court was then scheduled for **March 9, 2006,** the day after I was wrongly escorted to segregation. I later filed a relevant "Motion to Enlarge Time to File my Rebuttal Memorandum and Exhibits." The Court granted that request and issued a new deadline Order of **March 24, 2006.** However, the Rhode Island Department of Corrections Maximum Security Staff as a whole ignored every request to provide me with new certified mail cards and receipts, nor could they account for my original ones deliberately stolen from my legal folder. I was finally provided with certified mail cards and receipts just days before the latter deadline date of **March 24, 2006.**

That a short time after I received new certified mail cards and receipts, I decided to send my rebuttal memorandum and exhibits to a family member for copying and filing. When that package, which was "privilaged mail" and sent certified, was received by a Shirley Santos, the postal worker required her to sign for the package "un-sealed." The package was described later in a hand written letter to me by Shirley Santos, as being in complete disorder, and missing twelve pages (12), because the package sent to her contained a letter with instructions for copying and mailing to the Court, as well as the number of pages of documents. It was then evident that the Rhode Island Department of Corrections Maximum Security Staff had "tamper-ed with evidence in a civil lawsuit in a United States Federal Dist-ct Court of law. In any event the package was copied and filed with the Court in a timely manner, after a motion to enlarge time was granted, extending the time of filing past **March 24, 2006.** It is

presently unclear exactly what documents were stolen from the legal certified mail received by Shirley Santos, nor is it yet clear how the package was received by the Court. A later Court Order only confirmed that "it was received in a timely manner."

That in the week leading up to my release from segregation, stemming from the aforementioned **March 8, 2006,** unlawful commitment to segregation, I was repeatedly informed by segregation officer Manuel Pinheiro, that my legal material was dumped in the "Johnston Landfill." This was repeated to me for several days. The officer frequently asked me "What are you going to do now, since they threw your legal material away?" I did not take him seriously, but did have some sceptism, so a letter was immediately written to a family member to inform them of this allegation. It was later learned that substantial legal material was missing from my property, upon unpacking. I immediately informed my housing block officer, Dave DiDonotto, of that discovery. An informal request and inquiry was later filed with Segregation Lt. Bruce Oden, who oversees that area, but was afterward told that "The legal material could not be accounted for."

That on **April 28, 2006,** upon the completion of a second "Rebuttal Memorandum and exhibits to the Defendants Objection to Plaintiff's Motion for Temporary Restraining Order," and after the same was copied, I again, was unlawfully, sanctioned by prison official in another successful attempt to prevent me from filing that crucial evidence which, notably, contained as an exhibit, evidence of mail tampering, and a clear pattern of unlawful segregation during the course of my civil lawsuit against Rhode Island Department of Corrections officials, also, known as "mechanical lockup." Incidently, I was immediately, denied all access to my legal material, and was also, ignored every written or verbal request to Prison Staff. More importantly, when I was released from segregation on **May 18, 2006,** I learned immediately, that ninety-nine percent (99%), of all legal material that was in my immediate possession, before being wrongly segregated was unlawfully, seized, confiscated and/or stolen by Staff, just as large amounts

was seized, confiscated, and/or stolen, sometime after **March 8, 2006,** just one month earlier. Therefore, this was deliberate, and calculated by Administration of the ACI. This was immediately reported to segreation officers, Manuel Pinheiro, and Phil Cummings, as well as Lt. Bruce Oden, who came walking in the segregation office at the precise moment of my release on **May 18, 2006.** All parties noted above could not account for the missing, seized, and confiscated personal and legal material, which collectively, amounted to over three cubic feet of legal material, notably, over four years of material evidence in both criminal and civil proceedings yet to be exhausted. The discovery of my missing personal property was not discovered until I fully unpacked once I reached my housing block assignment, Prudence Two block cell #10. I did however, inform block officer Dave DiDonotto, immediately, regarding my confiscated personal effects.

That after repeated written and informal grievance inquiries with Superior Staff at the Maximum Security facility (ACI), as to the whereabouts of my personal and legal property, and my request for it's return, I was repeatedly, told that "We are still looking for it." It then became increasingly clear that the Rhode Island Department of Corrections, (Defendants) in my civil lawsuit, "did not want me to file any additional evidence against them," namely, a completed "Rebuttal Memorandum and exhibits to their Objection to my previously filed Petition for Writ of Temporary Restraining Order," evincing a pattern of unlawful segregation commitments, and mail tampering. These facts caused me to be paralyzed by fear to the extent that "if I did not abort my civil lawsuit against ACI officials, I would not recover my legal and personal property from those responsible for seizing it." In good faith, I made my intention clear to many prison officials, that I would let my civil lawsuit run it's course without notifying the U.S. Federal District Court of the egregious misconduct of prison officials. In fact, I did not so much as file any "Objection to U.S. Magistrate Jacob Hagopian's Report and Recommendation to Dismiss my Lawsuit." Nor did I notify the Court of the unlawful seizing of my legal material evidence, which is very much essential to my unexhausted criminal appeal of my completely illegal conviction of 1998.

That on **June 15, 2006,** I filed with the Providence Superior Court a "Motion for Order against the R.I. Department of Corrections Maximum Security facility" for immediate return of seized property. This was done in light of the "bad faith" on the part of prison officials in blatantly refusing to return unlawfully seized property over to me, which is essential to my unexhausted criminal appeal. Instead, I was further informed by a second officer, that "my legal property went to the Johnston Landfill." The motion above is scheduled to be heard on **July 6, 2006.**

That without the immediate return of my personal and legal material evidence, I will suffer permenant and irreparable injury to my pending, and unexhausted criminal appeal of my otherwise unlawful conviction and sentence of nineteen ninety-eight (1998). Notably, that appeal is already "excessively delayed over eight years" as a result of "extreme prejudices by both prison officials, and the State Court system of justice," including repeated criminal misconduct.

That all the aforementioned allegations, declarations, and facts are true, correct, and complete, not misleading, the truth, the whole truth, and nothing but the truth, so help me God, made under the penalty of perjury.

**Respectfully submitted**

**Dated: June 26, 2006.**

Normand Bedford

**Normand Bedford, Pro se**
**P.O. Box 8273**
**Cranston, RI 02920-0273**

Respectfully submitted

Dated: June 26, 2006.

Normand Bedford

Normand Bedford, Pro se
P.O. Box 8273
Cranston, RI 02920-0273

Subscribed and sworn before me this 2 day of August, 2006, in Cranston, Rhode Island, in the County of Providence, in the State of Rhode Island.

Dated: August 2, 2006.

Notary Public/Clerk

COMMISSION EXPIRES
9-21-09

## Certification

I, the undersigned, hereby, certify, that I, caused a true copy of the within "Affidavit of Complaint and Truth" to be mailed this 12th day of August, 2006, via interdepartmental mail, to: Ms. Kathleen M. Kelly, Esquire, RI Dept. of Corrections, 40 Howard Avenue, Cranston, Rhode Island; and Mr. Aaron L. Weisman, Esquire, RI Attorney General's Office, 150 South Main Street, Providence, RI 02903, postage prepaid, U.S. regual mail.

Normand Bedford