# EXHIBIT

# "M"

13.10 DOC
Attachment 2
Page 1 of 1

NB 1

Rhode Island Department of Corrections

REQUEST FOR RESOLUTION OF GRIEVANCE

Instructions: Type or print using a ballpoint pen. All information must be legible on all copies. If more space is needed, attach additional sheets in quadruplicate. Attcach copy of previous Form (Informal Resolution Form).

To: (circle one) **(Level 1, Warden)** (Pages 1-6) Level 2, Director

From: (name) NORMAND (First) BEDFORD (Last) L. (MI) 102384 (RIDOC ID #)

Facility: (circle one) ISC HSC **(MAX)** MED MED II MIN WR WOM/DIX COM.COMF.

Alleged violation of U.S.C.A. [Title 18] Sections 1503; and 1702.

PART A - INMATE REQUEST

D.O.C. MAIL Policy violations Policy 24.01-4

Facility where alleged incident occurred: MAXIMUM SECURITY

Grievance / Complaint: On 11-16-2006, I hand delivered a legal package to Superior Staff addressed to the United States Federal District Court Chief Justice Ernest C. Toress, to be mailed via Certified mail. The package was "sealed." See copy of Package enclosed herein. On 11-15-2006, Pays should have cleared for my Job as "Yard Worker," for one full month. See Continued Pages of Complaint, Pages 2 thru 6, and enclosed DOC. memo.

11-29-2006 Date

Normand Bedford Inmate's Signature

Date Recieved

Staff Member's Signature

**PART B - RESPONSE**

**Date Received**

**Signature - Associate Director Warden**

**Date**

**Associate Director - Warden**

Distribution:
Level 1: White - Warden: Canary - Dept. Griev. Coord.: Pink - Inmate: Goldenrod - Inmate
Level 2: White - Dept. Griev. Coord.: Canary - Warden: Pink - Inmate: Goldenrod - Inmate

**Continuation of Level 1 Grievance Complaint**
**Of Mail Policy Violations**
**Page 2**
**Dated: November 27, 2006**

On 11-21-2006, five days after sending out mail package via certified mail, my legal package addressed to the United States Federal District Court Chief Justice Ernest C. Torres, Article number 7005 1820 0006 0503-9372, was returned to me "ripped open" outside my presence in alleged violation of federal law, U.S.C.S. Sections 1503; and 1702, described as "Prying into the business and legal secrets of another," as well as an alleged violation of RI Department of Corrections Mail Policy No.24.01-4, Sections III (1) (2) 3(b)(h)(L)(2)(B)(a)(13). The citations are described as follows:

3. **Outgoing Mail-General Information** Page 7 of 19 DOC Policy 24.01-4

**b.** Outgoing mail shall be transmitted to the Post Office within a 24-hour period, excluding weekends, holidays, and emergency situations.

My mail was not sent out in accordance with this above noted subsection of DOC Policy 24.01-4, nor was it returned to me promptly.

B. **Privileged Mail** Page 11 of 19 DOC Policy 24.01-4

1. **General Guidelines**

**a.** Privilaged mail, whether it is incoming or outgoing, **cannot** be read by RIDOC staff.

It can be reasonably inferred that since my privilaged mail was opened outside my presence "it was well read."

**(13)** Any public official or agency, where the mail appears on its face to relate to legal matters;

My legal package was clearly addressed to the United States Federal District Court Chief Justice Ernest C. Torres, and further had **"Legal Mail"** written on the front of the manila envelope, therefore, could not have been mistaken for non legal mail. See enclosed copy of certified envelope.

2. **Incoming Privileged Mail** Page 12 of 19 DOC Policy 24.01-4

a. **Incoming** privileged mail may be opened and inspected **only** in the presence of the inmate addressee if there is reasonable belief that said mail contains contraband. RIDOC staff are **prohibited** from reading **privileged** incoming mail.

(1) **Incoming privileged mail** will be treated as **privileged only** if the name and official status of the sender appear clearly on the envelope.

3. **Outgoing Privileged Mail** Page 12 of 19 DOC Policy 24.01-4

a. **Outgoing** privileged mail may only be inspected for contraband in the presence of the inmate if a reasonable belief exists that the security of the institution is at risk. RIDOC staff are **prohibited** from reading outgoing privileged mail.

Whether my privileged mail is construed as **outgoing** or **incoming** it was clearly labeled **"Legal Mail"** on the front of the envelope and should not have been tampered with, opened or read in violation of federal law Sections 1503; and 1702, defined as "Prying into the legal business or secrets of another," as well as violating DOC Mail Policy 24.01-4, and it's subsections described herein.

C. **Non-Privileged Mail** Page 13 of 19 DOC Policy 24.01-4

1. **General Guidelines**

(1) Inmates are **notified** when **incoming** or **outgoing mail is withheld in part or in full.**

**Dated: November 27, 2006**

My legal privileged mail was alleged to be deliberately withheld for five days in violation of DOC Policy 24.02-4, and federal law Sections 1503; and 1702, of the United States Code, for the purpose of obstruction. This contention is further supported by the fact that on November 15, 2006, payroll for my performance as "prison yard worker" was available for deductions. It was the following day that I hand delivered my "certified legal package" to Superior staff at this Maximum Security facility, for processing. A second certified mail package was processed a day earlier, for a sum of nine dollars and twenty-five cents ($9.25), out of a "full months pay." Thus, my second certified mail package to be processed was apparantly withheld while Superior staff orchestrated the unlawful taking of more than fifty percent (50%) of my payroll earnings in violation of DOC Policy 2.25-2, which only provides for the taking of half of all earned income to offset any indebtedness to the RI Department of Corrections. Since this "dirty tactic" was done when my certified mail package was in the hands of staff for processing, it was done with criminal intent and a "corrupt endeavor" to obstruct justice and in retaliation for my litigation endeavors. The same Policy states in pertinent part, that "No restrictions will be placed on the other half of deposits."

Additionally, I recieved a money deposit slip on November 21,2006 time stamped by inmate accounts dated November 17, 2006, notably, one day after I hand delivered my legal certified mail to Superior staff for processing, yet on November 21, 2006, I recieved my legal package back in the mail with a "Central Mail Facility Memo" stating, This is your first notice. You do not have **any money** in your account to pay for this. Please do not send any more certified mail again unless you have money in your account to pay for it."

In further support of the contention of the staff's "corrupt endeavor" and "malicious intent" to obstruct my due administration of justice, notwithstanding the numerous subsection violations of mail

policy 24.01-4, co-mingled with violations of DOC Policy 2.25-2, in achieving an expected end, "other violations of mail policy 24.01-4 were repeatedly committed" after I hand delivered legal mail for processing over to Superior staff. Notably, the legal mail in question was not processed, but instead it was deliberately withheld and destroyed in violation of DOC Policy 24.01-4, and federal law, Sections 1503; and 1702, described as "Obstruction of justice, and Obstruction of legal correspondence," notwithstanding "destruction of personal and legal property" such as legal letters and legal supplies, example, "legal copies charged to my account, and envelopes."

The legal mail noted above was in reference to my request for a four dollar ($4.00) money transfer to the United States Federal District Court, for the payment of legal copies of documents in my appellate process. One request was made in October of 2006, and after that was not processed, a second request was hand delivered to Superior staff in November of 2006, with the same legal contents of legal letters to and by the U.S. Federal District Court, as well as a letter hand written to inmate accountant Ms. Lucille Curran, and the necessary money transfer slips for processing and postage, including a request slip for the approval of the transaction.

When I inquired on several occasions as to the lack of processing of my mail, I was told by Superior staff in so many words that "It's whereabouts is unknown." I have not recieved any receipts, nor have I received any other evidence of processing in compliance with DOC Policy 24.01-4, which requires that **"Outgoing mail shall be transmitted to the Post Office within 24-hour period, excluding weekends, holidays, and emergency situations."** <u>See</u> Page 7 of 19 DOC Policy 24.-01-4, and **Page 10 of 19 DOC Policy 24.01-4(1)(a)(b)**, requiring, that **(a) The reason for refusal to send the mail, or a portion thereof; and (b) The fact the inmate may submit a written appeal through form-**

alized inmate grievance procedure.

**Resolution**

Since it is hereby alleged that the serious offences suffered and supported by factual evidence in the deliberate and repeated withholding, tampering and destruction of legal privileged mail in a "corrupt endeavor" to "Obstruct due administration of justice, and pry into the legal and business secrets of another," in violation of federal law, Sections 1503; and 1702, in conjunction with DOC Policies Nos. 24.01-4; and the numerous subsections therein, as well as DOC Policy No.2.25-2, as a means to an end, it is hereby requested in compliance with DOC Policy 24.01-4, subsection (1)(2), wherein it states in pertinent part, that "Where criminal activity is suspected, in addition to the procedures set forth in this policy, the matter shall be referred to the appropriate law enforcement agency (e.g., U.S. Postal Service, FBI, Attorney General) by the Director or designee (the Office of Inspections or the Special Investigations Unit (SIU)), that such "special request for investigation" be made, in addition to any and all other appropriate reprimand and censure of those negligent.

Other evidence of the above noted criminal activity can be referenced in the dismissed case of Normand Bedford v. A.T. Wall II, et al., in the United States Federal District Court under case number D.C. 05-111S, involving the same repeated claims of mail tampering, mail theft and destruction, and other related offences.

Respectfully submitted

Dated: November 27 ,2006.

Normand Bedford
Normand Bedford, Pro se
P.O. Box 8273
Cranston, RI 02920

Cc: Grievance Coordinator
Lt. Chappell.

P. 2
16

# Rhode Island Department of Corrections

## Central Mail Facility

## Memo

**Subject:** Certified Mail 1st Notice

### Per RIDOC Policy 24.01-4

**The Department of Corrections <u>does not pay for Certified</u> or any other specific mailing categories for <u>indigent</u> inmates.**

This is your first notice. You do not have **any money** in your account to pay for this. Please do not send any more certified mail again unless you have money in your account to pay for it.

**Your account is in the negative**

P.O. Box 8273
Cranston, RI 02920
P2-16

U.S. Federal District Court
Chief Justice Ernest C. Torres
1 Exchange Terrace
Providence, RI 02903

Legal Mail

N. Bedford-Id. 102384
P.O. Box 8273
Cranston, RI 02920
P2-16

U.S. Federal District Court
Chief Justice Ernest C. Torres
1 Exchange Terrace
Providence, RI 02903

# Rhode Island Department of Corrections

## Central Mail Facility

## Memo

**Subject:** Certified Mail 1st Notice

### Per RIDOC Policy 24.01-4

**The Department of Corrections does not pay for Certified or any other specific mailing categories for indigent inmates.**

This is your first notice. You do not have **enough money** in your account to pay for this. Please do not send any more certified mail again unless you have money in your account to pay for it. This piece will cost about $11.00 to send it certified.

BEDFORD

P. 2

16

MA