# EXHIBIT

# "N"

R.I. Supreme Court
Ms. Pamela Woodcock-Pfeiffer,
250 Benefit Street,
Providence, Rhode Island 02903.

March 17, 2007

Re: NORMAND BEDFORD/Filing of Motion to Stay Criminal Appeal. C.A.No.2003-30

Dear Ms. Woodcock-Pheiffer:

Please file the enclosed "motion to stay criminal appeal, pending leave of court to file interlocutory appeal," along with it's **memorandum in support thereof, Affidavit, and Appendix's 1-9.** Also, attached to this cover-letter is an **Inventory list of Appendix's 1-9, herein.**

The same is being filed in light of my being denied full and fair access to this Court, and the erroneous and improper Orders of **January 4, 2007,** and **March 12, 2007,** in violation of my due process, as it relates to my excessive and inordinately delayed direct appeal.

I respectfully ask this Honorable Court to take "Judicial Notice" of the 'Conclusion of my Memorandum in Support of my instant motion.'"

My prayer is that the Court grant me counsel for my excessively delayed appeal. Thank you for your time in this matter.

**Sincerely**

Normand Bedford

**NORMAND BEDFORD, Pro se**
**P.O. BOX 8273**
**CRANSTON, RI 02920-0273**

**Certified Mail Article No.**
**[7005 1820 0006 0503 8955]**

**Inventory to Appendix's to Motion to Stay Criminal Appeal**
**Pending Leave of Court to File Interlocutory Appeal**
**Dated: March 17, 2007 in C.A.No.2003-30**

| | | |
|---|---|---|
| Appendix "1" p.1,2,3,5,6 | --- | R.I. Supreme Court Order, dated **January 4, 2007.** |
| Appendix "2" p.2,3 | --- | R.I. Supreme Court letter to Appellant, dated **February 27, 2007.** |
| Appendix "3" p.2 | --- | Appellant's **January 23, 2007,** Motion to Stay Criminal Appeal, and Rescind Order. |
| Appendix "4" p.3 | --- | U.S. Supreme Court letter to Appellant, dated **January 22, 2007.** |
| Appendix "5" p.3,6 | --- | R.I. Supreme **Court** Order, dated **March 12, 2007.** |
| Appendix "6" p.5 | --- | R.I. Supreme Court letter to Appellant, dated **February 14, 2007.** |
| Appendix "7" p.6 | --- | R.I. Crime Victim Compensation Program **Award letter,** dated **December 22, 1998, Voucher,** dated **April 14, 1998,** and letter to witness, dated **July 29, 1997.** |
| Appendix "8" p.6 | --- | Appellant's Motion for Appointment of Counsel for his first appeal, dated **February 14, 2007.** |
| Appendix "9" p.6 | --- | Appellant's Motion to be Admitted to Bail, Pending Appeal, dated **February 14, 2007.** |

*****************************************************************

**Dated: March 17, 2007.**

Normand Bedford

**NORMAND BEDFORD, Pro se**
**P.O. BOX 8273**
**CRANSTON, RI 02920-0273**

STATE OF RHODE ISLAND AND PROVIDENCE
PLANTATIONS RI SUPREME COURT

STATE OF RHODE ISLAND
(Appellees)

v. C.A.No.2003-30

NORMAND BEDFORD
(Appellant)

**APPELLANT'S AFFIDAVIT OF TRUTH**

**I, Affiant/Appellant, NORMAND BEDFORD, hereby, depose and say:**

That the allegations, declarations, and assertions made within the attached "Memorandum in Support of Motion to Stay Criminal Appeal, Pending Leave of Court, to File Interlocutory Appeal," dated **March 17, 2007**, are true, correct and complete, not misleading, the truth, the whole truth, and nothing but the truth, so help me God, made under the penalty of perjury.

That the allegations, declarations, and assertions made within the Appendix's 1-9, of "Memorandums in Support of Motions for Appointment of Counsel on Appeal, Motion to be Admitted to Bail, Pending Inordinately Delayed Appeal of 8½ years, and Motion to Rescind **January 4, 2007**, Order of Rhode Island Supreme Court," are true, correct, and complete, not misleading, the truth, the whole truth, and nothing but the truth, so help me God, made under the penalty of perjury.

That the allegations, declarations and assertions made within Appellant's "Motion to Rescind **January 4, 2007**, Order, as well as those described in the enclosed Appendix 3, of Memorandum, support factual allegations of [malicious prosecution, and abuse of process], in violation of 18 U.S.C. §1983, as well as Conspiracy to Obstruct Administration of Justice, in violation of 18 U.S.C. §§1503, and §1702, allegedly orchestrated by Chief Appellate Assistant Attorney General Aaron L. Weisman, of the Rhode Island Attorney General's Office.

That the enclosed Appendix's 1-9, are true copies of originals. Inventory list of Appendix's 1-9, is also attached to cover-letter of associated motion herein.

Respectfully submitted

Dated: 3-21, 2007.

Normand Bedford

NORMAND BEDFORD, Pro se
P.O. BOX 8273
CRANSTON, RI 02920-0273

Subscribed and sworn before me this 21 day of March, 2007, in the County of Providence, in the City of Cranston, in the State of Rhode Island 02920.

Dated: 3/21, 2007.

[signature]

NOTARY PUBLIC

COMMISSION EXPIRES
9-21-09

## Certification

I the undersigned hereby, certify, that I caused a true copy of the within Affidavit of Truth, to be mailed this 21st day of March, 2007, postage prepaid, to: Mr. Aaron L. Weisman, Rhode Island Attorney General's Office, 150 South Main Street, Providence, Rhode Island 02903. Copy to R.I. Supreme Court, via certified mail receipt, No. 7005 1820 0006 0503 8955.

Normand Bedford

STATE OF RHODE ISLAND AND PROVIDENCE
PLANTATIONS RI SUPREME COURT

STATE OF RHODE ISLAND
(Appellees)

v. C.A.No.2003-30

NORMAND BEDFORD
(Appellant)

**APPELLANT'S MOTION TO STAY CRIMINAL APPEAL PENDING LEAVE OF COURT TO FILE INTERLOCUTORY APPEAL**

Now comes Appellant, NORMAND BEDFORD, in the above entitled matter and hereby, moves this Honorable Rhode Island Supreme Court, "to Stay Criminal Appeal Pending Leave of Court to File Interlocutory Appeal," in the case number cited above, from this Court's improper and untimely Order of **January 4, 2007,** and erroneous Order of **March 12, 2007,** which unfairly denies him access to this Court in matters germane to his first appeal, and also, denies him his fundamental right to counsel for such a technical process in the same.

Appellant submits the attached Memorandum in Support of the instant motion, whereby, he prays that the same be granted respectively.

**Respectfully submitted**

Normand Bedford
**NORMAND BEDFORD, Pro Se**
**P.O. BOX 8273**
**CRANSTON, RI 02920**

**Certification**

I the undersigned hereby, certify, that I caused a true copy of the within "motion to stay criminal appeal, pending leave of court to file interlocutory appeal," to be mailed, this 21st day of March, 2007, postage prepaid, to: Mr. Aaron L. Weisman, Rhode Island Attorney General's Office, 150 South Main Street, Providence, RI 02903. Copy sent to Rhode Island Supreme Court, via certified mail receipt, No. 7005 1820 0006 0503 8955.

Dated: March 17, 2007.

Normand Bedford

NORMAND BEDFORD, Pro se
P.O. BOX 8273
CRANSTON, RI 02920-0273

STATE OF RHODE ISLAND AND PROVIDENCE
PLANTATIONS RI SUPREME COURT

STATE OF RHODE ISLAND
(Appellees)

v. C.A.No.2003-30

NORMAND BEDFORD
(Appellant)

**APPELLANT'S MEMORANDUM IN SUPPORT OF MOTION TO STAY CRIMINAL APPEAL PENDING LEAVE OF COURT TO FILE INTERLOCUTORY APPEAL**

Now comes Appellant, NORMAND BEDFORD, in the above entitled matter and hereby, moves this Honorable Rhode Island Supreme Court, "to Stay Criminal Appeal Pending Leave of Court to File Interlocutory Appeal," in the case number cited above, from this Court's improper and untimely Order of **January 4, 2007,** and erroneous Order of **March 12, 2007,** which unfairly denies him access to this Court in matters germane to his first appeal, and also, denies him his fundamental right to counsel for such a technical process in the same.

## Facts and Travel

On **January 4, 2007,** this Court issued an "improper and untimely" Order reactivating Appellant's first criminal appeal in the case number cited above. In that Order this Court wrongly ordered Appellant to file a brief in the appeal on or before **February 9, 2007.** The Court Order further demonstrated prejudice, in that, the Order also stated that "The Supreme Court clerk's office will accept no further filings in this appeal from the defendant other than

defendant's brief unless otherwise specifically authorized by the Court." See **(January 4, 2007, Order, enclosed.)** However, Appellant was, at the time of the above noted Order, on appeal to the United States Supreme Court in Washington D.C., and had been in an open dialogue with that Court for several months, and though the Court finally declined to entertain Appellant's viable claims on appeal, Appellant was not prepared to return to the "state-court-system." In fact, the above noted Order of **January 4, 2007,** cites No.06-283-M.P., which was a "Petition for Writ of Mandamus," filed by Appellant, and independant of any criminal matters. The petition involved the unlawful confiscation and seizing of 99% of all legal material in immediate possession of Appellant at the Rhode Island Department of Corrections Maximum Security facility, wrongly taken while Appellant was unlawfully confined to "Disciplinary confinement" on **March 8, 2006.** This Court clearly abused it's discretion in reactivating Appellant's criminal appeal under such crippling circumstances, as addressed in Appellant's "motion to stay criminal appeal, and rescind the **January 4, 2007,** order," filed with this Court on **January 23, 2007,** as verified by this Court's letter to Appellant dated **February 27, 2007,** demonstrating that the same was **received** and **pending,** before this Court erroneously rejected the same without ruling on the merits of such. **See (February 27, 2007, letter, enclosed.) See also, (January 23, 2007, filed motion to stay criminal appeal, and rescind January 4, 2007, order, enclosed.)** Appellant later filed essential "motions for the appointment of counsel to represent him on his first appeal, as a matter of right, and a highly relevant motion to be admitted to bail, pending that appeal, received by this Court via cert-

fied mail receipt." These filings were made after the United States Supreme Court's letter to Appellant of **January 22, 2007,** informing him that his application was out of time. See **(January 22, 2007, letter, enclosed.)**

According to this Court's letter to Appellant dated **February 27, 2007,** it refused to accept or file the Appellant's essential "motion for appointment of counsel for first appeal, and his motion to be admitted to bail, pending that excessively and inordinately, delayed appeal," but received and acknowledged Appellant's "motion to stay criminal appeal, and rescind erroneous **January 4, 2007,** Order, however, now rejects the same. This Court's instruction to Appellant described in it's **February 27, 2007,** letter that "He must file a motion with the Court first requesting permission to file such motions," is allegedly, "ludicrous and highly prejudicial," because to do so, would be to acknowledge and acquiesce this Court's **January 4, 2007,** improper and erroneous order, and open him up to **default** of this Court's instructions to file a brief in his appeal on or before **February 9, 2007,** without regard to the verity or merit of Appellant's "motion to rescind the **January 4, 2007,** Order."

This Court, in it's **March 12, 2007,** Order, now denies this Appellant his fundamental rights to "full and fair access to the Court, and the right to appointment of counsel for his first appeal," in violation of his First, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, enunciated in **Lewis v. Casey, 518 US 343, 135 LEd2d 606, 116 SCt.2174 (1996); Evitts v. Lucey,105 S.Ct. 830 (1985); Johnson v. Zerbst, 304 US 458, 58 S.Ct.1019, 82 L.Ed.** [1]

[1] **March 12, 2007, enclosed.**

1461 (1938); Maynard v. Meachum, 545 F.2d 273 (1976); Simmons v.-Reynolds, 898 F.2d 865 (2nd Cir.1990); Harris v. Champion, 938 F.2d-1062 (10th Cir.1991); and Harris v. Kuhlman, 601 F.Supp.987 (1985); See also, Odsen v. Moore, 445 F.2d 806 (1st Cir.1971).

The court in Odsen v. Moore, 445 F.2d 806 (1st Cir.1971), stated in pertinent part, that "we confess to a sense of the absurd in saying to one who without success has for nearly three years tried to spur both his court-appointed counsel and, apparantly, the courts to action, that he must persevere in perpetuity before he can complain of failure to a federal court." Id. at 807.

Appellant asserts that his first appeal has been inordinately, and excessively delayed for over eight years (8-yrs.), because of a host of reasons, the majority of which, is attributable to the State and it's attorneys. Nevertheless, now that Appellant is back in the State Court System, and desires to expedite his first appeal, this Court is both denying him the right to be appointed counsel for that technical process, and it is further denying him the right to full and fair access to the Court, as it relates to motions and memoranda relevant to his serious constitutional claims, which involve a completely "illegal and void judgment of conviction and sentence" obtained by fraud, [malicious prosecution and abuse of process], in violation of title 18 of the United States Code, Section 1983; and further in violation of title 18 U.S.C.S. §201(C)(2), involving the illegal inducement of witnesses prior to trial, without discovery update, constituting bribery of witnesses with a thing of value, to wit, money in the amount of sixty-five hundred dollars ($6500.00),

when, in fact, the State's case greatly rested on the testimony of the key witnesses, who received the illegal inducement, thus, depriving and precluding Appellant the right to "suppress the key witnesses testimony," because of it's inherent unreliability, pursuant to **U.S. v. Russell**, 411 US 423 (1973), doctrinal authority. **See** **(Notice of Award Recommended and approved for payment, dated December 22, 1998, from Crime Victim Compensation Program); and Voucher dated April 14, 1998, issued by the same, just one month prior to Appellant's criminal trial in May of 1998, herein.)** **See** also, **Lerner v. Moran**, 542 A.2d 1089 (R.I.1998), describing prohibition of "deliberate withholding of material exculpatory and impeachment evidence."

## Conclusion

Appellant desires to prosecute his excessively delayed first appeal, but with the benefit and the Constitutional right of counsel. Appellant filed a relevant and essential "motion for appointment of counsel to represent his appeal." However, it appears that this Court continues to frustrate Appellant's due process, through acknowledgment of this Court's **January 4, 2007,** improper Order, to which, Appellant clearly attempted to challenge in the filing of his "motion to rescind the order and stay criminal appeal," pending finality of an appellate process that he spent several years "attempting to process," before being wrongly sent back to the State Court System. This Court's failure to decide and determine the merits of his "motion to rescind," after it candidly received and filed such, as noted in this Court's letters of **February 14, 2007,** and **February 27, 2007,** demonstrates that "State Corrective Process is clearly unavailable to prot-

ect Appellant's Constitutional rights," pursuant to the case law doctrine of **Duckworth v. Serrano,454 U.S.1,3(1981),** which states in pertinent part, that "Exhaustion will be required unless 'there is no opportunity to obtain redress in the state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief.'"

In the case at bar, it is clear from this Court's **March 12, 2007,** Order, as well as from it's **January 4, 2007,** Order, both enclosed herein, that even if Appellant willfully chooses to proceed on his first appeal "pro se," though that is dispositive, he is clearly being denied "full and fair access to the Court," in light of the relevancy and viableness of his "motion to stay criminal appeal, and rescind **January 4, 2007,** Order, motion to be admitted to bail, pending his first appeal of completely 'illegal and void judgment,' and his motion for the appointment of appellate counsel." **See** (Enclosed three (3), motions and memoranda noted above.) Moreover, Court-appointed attorney Richard K. Corley, Appellant's last attorney proved his deficiency, by not procurring a "full transcript" of Appellant's June 9, 1998, Determination of Attorney proceedings, as demonstrated by this Court's **June 4, 2004,** Order. Appellant later obtained them on his own. Court-appointed attorney Michael Devlin, who Mr. Corley succeeded, **never entered is appearance.** Attorney Morrissey represented Appellant in the **Superior Court** forum, and therefore, **could not represent Appellant in Supreme Court too.** Several other **"Appellate attorneys,"** were erroneously appointed at the time Appellant had already presented his "motion for new trial based on newly discovered evidence," in **Superior Court.** Over Appellant's

clear **objection** on or about **March 17, 1999**, or **March 24, 1999**, Justice Mark A. Pheiffer, of the Providence Superior Court, over-ruled Appellant's **valid objection** and assigned, yet another, **"Appellate Attorney"** from the Rhode Island Public Defenders Offices Appellate Division, in spite of Appellant's informing the Court, that "his motion for new trial, based on newly discovered evidence brief was already filed with the **Superior Court**, via certified mail receipt." In fact, Court-appointed counsel Ms. Susan Iannitelli, was wrongly appointed from the **Appellate Division**, immediately prior to her successor, as noted above. This **premature appointment** of Appellate attorneys formed a pattern that has resulted in "irreparable injury," to Appellant's causes, specifically, a "mirage of actual attorneys who represented Appellant," the subsequent denial of counsel for his first appeal, as a matter of right, and the "unreasonable, excessive and inordinate delay in his direct appeal to this Court, of an otherwise illegal and void judgment of conviction and sentence."

Appellant finally, requests, for all the aforementioned reasons, that the instant motion be **granted**, respectively. However, in the alternative, "if this Court reconsiders and honors the enclosed 'motion for appellate counsel' by appointing the same, and at the very least, rescinds the **January 4, 2007**, Order, whereby, **'a deadline date of February 9, 2007, to file brief on appeal'** is prejudicial, then Appellant **'will not'** pursue his arguments for bail." As stated previously, "it is the desire of this Appellant to expedite his long awaited first appeal." Appellant humbly apologizes for any alleged misnomers or misconceptions.

Respectfully submitted

Dated: March 17, 2007.

Normand Bedford

NORMAND BEDFORD, Pro se
P.O. BOX 8273
CRANSTON, RI 02920-0273

## Certification

I the undersigned hereby, certify, that I, caused a true copy of the within "motion to stay criminal appeal, pending leave of court to file interlocutory appeal," to be mailed this 21st day of March, 2007, postage prepaid, to: Mr. Aaron L. Weisman, Rhode Island Attorney General's Office, 150 South Main Street, Providence, RI 02903. Copy sent to the Rhode Island Supreme Court, via certified mail receipt, Article number 7005 1820 0006 0503 8955. Memorandum of eight (8) pages, this being the last, is supported by the enclosed Appendix's 1-9, with Inventory to the same attached to cover-letter to the Court.

Normand Bedford

92-16

# Adult Correctional Institutions
## Inmate Account Transfer

ID # 102384 max DATE 3-21-07

NAME BEDFORD NORMAND L
LAST FIRST MIDDLE

CHARGE MY ACCOUNT FOR THE FOLLOWING EXPENSE

I. [✓] POSTAGE — AMOUNT 7.50
1. LETTER/LETTERS
2. CARD/CARDS
3. CERTIFIED MAIL
4. OTHER
TOTAL $

IV. [ ] WORK RELEASE
RENT FOR WEEK AMOUNT
OF ___ TO ___ $ ___
EXPENSE PAYMENT FOR WEEK
OF ___ TO ___ $ ___
TOTAL $

II. [ ] DRAW CHECK/CASH FOR $ ___
NAME
ADDRESS
CITY OR TOWN
RELATIONSHIP

V. [ ] PAYMENT OF FINE
TO ___ COURT
FOR AMOUNT $ ___

PERSON ON VISITING LIST [ ] YES [ ] NO VERIFIED ___
ASSOCIATE DIRECTOR

REASONS FOR TRANSFERRING MONIES Legal R.I. Supreme Ct.
Cert. # 7005 1820 0006 0503 8955

[ ] APPROVED [ ] DENIED ASSOCIATE DIRECTOR DATE

III. [ ] CLOSING OF INMATE ACCOUNT [ ] OTHER $ ___

I HAVE RECEIVED THE FOLLOWING AMOUNT
$ ___ FROM THE ADULT CORRECTIONAL INSTITUTIONS BUSINESS OFFICE.

Normand Bedford
INMATE'S SIGNATURE

RECEIVED ABOVE PAYMENT

S - 14 OFFICE COPY - WHITE INMATE COPY - CANARY

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
R.I. Supreme Court
Attn: Ms. Pamela Woodcock Pfeffer
250 Benefit Street,
Providence, RI 02903

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature] [ ] Agent [ ] Addressee

B. Received by (Printed Name) C. Date of Delivery 3-27-07

D. Is delivery address different from item 1? [ ] Yes
If YES, enter delivery address below: [X] No

3. Service Type
[X] Certified Mail [ ] Express Mail
[ ] Registered [X] Return Receipt for Merchandise
[ ] Insured Mail [ ] C.O.D.

4. Restricted Delivery? (Extra Fee) [ ] Yes

2. Article Number
(Transfer from service label) 7005 1820 0006 0503 8955

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

Dear Clerk:

This is a receipt related to Exhibit "N" on page 10 of Petitioner's "Objection & Response", whereby the R.I. Supreme Court has "not" recorded this filing alleging his appeal was Dismissed on April 2, 2007, as Exhibit "D".