April 17, 2007

Dept. of Business Regulation
Insurance Commissioner
Attn: Ms. Marily Shannon McConaghy,
233 Richmond Street, Providence,
Rhode Island 02903

Re: Normand Bedford/Filing of complaint.

Dear Ms. Shannon McConaghy:

Please file the enclosed "criminal complaint, associated affid-avit and claim of lien, with it's appendix's and exhibits to August 4, 2005, clarification package," involving several named officials.

Please file the above with the "Insurance Commissioner of the State," within your Administration. I hereby, request that, pursuant to commercial law, the bond of the named officials and/or parties to offences, named in the enclosed criminal complaint, be officially suspended, by process of a lien against their bond, until the issue is resolved. See also, enclosed letter to U.S. Attorney Corrente.

Thank you for your time in this matter.

Sincerely

Normand Bedford

Normand Bedford, Pro se
P.O. Box 8273
Cranston, RI 02920-0273

## Certification

I the undersigned hereby, certify, that I caused a true copy of the within letter to be mailed this 24th day of April, 2007, via certified mail receipt, article No.7099 3400 0010 6521 2063, to: U.S. States Attorney, Mr. Robert Corrente, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903; and R.I. Dept. of Business Regulations Director, Ms. Marilyn Shannon McConaghy, 233 Richmond Street, Providence, RI 02903, via certified mail receipt, article No.7066 0810 0000 4647 2030; Mr. Aaron L. Weisman, RI Attorney General's Office, 150 South Main St-reet, Providence, RI 02903, via certified mail receipt, article No. 7099 3400 0010 6521 2070; and U.S. Federal District Court Senior Magis-trate Judge Jacob Hagopian, 1 Exchange Terrace, Providence, RI 02903, regular U.S. mail, postage prepaid.

Normand Bedford

April 17, 2007

United States Attorney
Mr. Robert Corrente,
50 Kennedy Plaza, 8th Floor,
Providence, Rhode Island 02903

Re: Normand Bedford/Filing of Complaint
and associated papers.

Please review and file the enclosed "criminal complaint, affidavit and claim of lien, with it's appendix's 1-4, and exhibits 1-7, within the enclosed August 4, 2005, 'Clarification letter,' addressed to Mr. Aaron L. Weisman Esquire, R.I. Attorney General's Office," as well as a second letter, dated August 23, 2005, addressed to U.S. Federal District Court Judge Ronald R. Lagueux.

It is my earnest desire to pursue criminal charges against the named parties in my complaint. I am confident and hopeful, that you will take this matter seriously. I have been wrongly and unlawfully, convicted and sentenced by the Providence County Superior Court. Moreover, I have been unable to obtain any "State corrective process," in light of the ongoing offences described in my complaint. Unequivically, Mr. Weisman, working in concert with U.S. Federal District Court Senior Magistrate Judge Jacob Hagopian, and prison officials, have obstructed due administration of justice, for the past several years, causing me "distress infinite."

Additionally, the record would reflect that U.S. District Court Magistrate Judge Jacob Hagopian played a major role in the "obstruction of justice claims," invovling my former lawsuit under D.C.No.05-111S, which I was involuntarily, compelled to abort. This was after 99% of all my legal and personal property was unlawfully, confiscated by prison officials, described in the attached 6-page affidavit, dated June 26, 2006, certified on August 12, 2006. See also, February 6, 2007, letter by U.S. Federal District Court Deputy Clerk, Mr. Ryan H. Jackson, enclosed and attached to this letter, as well as my letter to U.S. Federal District Court Chief Justice Ernest C. Torres, dated November 22, 2006, sent certified mail, article No.7005 1820 0006 05-03 9372, referenced in Mr. Ryan H. Jackson's above noted letter, as it directly relates to my 6-page affidavit of confiscated property, which, notably, was not returned to me by prison officials until February 28, 2007, some 10-11, months after it was unlawfully, taken, resulting in "irreparable injury," to my cause and appeals.

In fact, U.S. Federal District Court Senior Magistrate Judge Jacob Hagopian, has presided over 3-4, individual "petitions for writ of habeas corpus, pursuant to 28 U.S.C.A. §2254, and my lawsuit involving "obstruction of justice," by State officials, et al. Notably,

when I came under attack by prison officials throughout the course of my litigation in D.C.No.05-111S, I filed at least 3, "petitions for protective orders," against prison officials, and several "emergency petitions for immediate injunctive relief," to ward off the repeated attacks, U.S. Federal District Court Judge Hagopian, denied every critical and every relevant pleading, some of which were supported by notorized affidavits.

As stated on page 4, of the attached 6-page affidavit, dated June 26, 2006, that "These facts caused me to be paralyzed by fear to the extent that 'if I did not abort my civil lawsuit against ACI officials, I would not recover my legal and personal property from those responsible for seizing it'" I felt that "as long as Magistrate Hagopian was in apparent collusion with R.I.D.O.C. officials, then I didn't have any chance of success in his Court, and any further attempt would further cause me mental, emotional and physical injury."

Therefore, as United States Attorney, I hope to obtain some justice in these highly relevant matters. I thank you for your time, and hope to hear from you soon.

Sincerely

Dated: April 17, 2007.

Normand Bedford

Normand Bedford, Pro se
P.O. Box 8273
Cranston, RI 02920-0273

## Certification

I the undersigned hereby, certify, that I caused a true copy of the within letter to be mailed this 24th day of April, 2007, via certified mail receipt, article No.7099 3400 0010 6521 2063, to: United States Attorney, Mr. Robert Corrente, 50 Kennedy Plaza, 8th Floor, Providence, Rhode Island 02903; and R.I. Department of Business Regulations, Director, Ms. Marilyn Shannon McConaghy, Esquire, 233 Richmond Street, Providence, Rhode Island 02903, via certified mail receipt, article No.7066 0810 0000 4647 2030; Mr. Aaron L. Weisman, R.I. Attorney General's Office, 150 South Main Street, Providence, R.I. 02903, via certified mail receipt, No.7099 3400 0010 6521 2070; and U.S. Federal District Court Senior Magistrate Judge Jacob Hagopian 1 Exchange Terrace, Providence, Rhode Island 02903, regular U.S. mail, postage prepaid.

Normand Bedford

STATE OF RHODE AND PROVIDENCE PLANTATIONS
INSURANCE COMMISSIONER FOR THE STATE

NORMAND BEDFORD
(Plaintiff)

v.

D.C.Nos. 04-271L;
05-095L
R.I. Supreme Ct.No.03-30

STATE OF RHODE ISLAND, ET AL.
(Defendants)

**PLAINTIFF'S CRIMINAL COMPLAINT WITH ASSOCIATED AFFIDAVIT AND CLAIM OF LIEN**

**Parties to Offences**

The parties to offences involving factual allegations of federal law, namely, **18 U.S.C.S. §§1503; §1512; §1702;** and **§1001**, as well as **42 U.S.C.S. §1983**, directly related to Plaintiff's "illegal and void judgment of conviction and sentence," obtained by fraud, malicious prosecution, and abuse of process, in nineteen ninety-eight (1998), are: Mr. Aaron L. Weisman, Chief Appellate Attorney, of the R.I. Attorney General's Office, and United States Federal District Court Magistrate Judge Jacob Hagopian. Other parties that are affiliated and linked to the Plaintiff's complaint will not be named at this time.

**Facts and Travel**

Plaintiff, hereby, alleges that the above named parties **knowingly** and **willfully** obstructed due administration of justice, through "malicious prosecution, and abuse of process," and did **knowingly** and **willfully** "conceal, cover-up by trick, scheme, or device a **material fact**, and each played a role in a "corrupt endeavor," in the submission of false, ficticious and fraudulent statements in a United States Court of law, in violation of **18 U.S.C.S. §§1503; 1702;** and **§1001**, whereby, under this section making it a crime for **knowingly** and **willfully** falsifying documents within a **jurisdiction** or **department** or **agency** of the United States, **test** is clearly not whether instrument actually influenced or

caused department or agency to act but rather whether the false statement had a natural tendency to influence, or was capable of influencing decision of tribunal making determination required to be made. See Robles v. U.S.,C.A.Ariz,1960, 279 F.2d. The pertinent facts are as follows:

On June 29, 2004, the R.I. Supreme Court issued an Order to the Plaintiff Normand Bedford, related to his first criminal appeal of his nineteen ninety-eight (1998) "illegal and void judgment." That Order stated, that "The defendant's motion to enlarge time within which to file his brief is granted. Such brief shall be due on or before July 30, 2004. See enclosed Exhibit "7", of August 4, 2005, "Clarification letter," with Inventory list of it's enclosures.

On July 14, 2004, Plaintiff filed a highly relevant "motion to enlarge time to file brief on appeal," along with it's associated memorandum and exhibits A-E, explaining at length "why he couldn't file a brief at that time. See enclosed Exhibit "1", of August 4, 2005, "Clarification letter," as noted above.

On April 22, 2005, Defendant Mr. Aaron L. Weisman, did knowingly and willfully "file false, ficticious and fraudulent statements" to the United States Federal District Court in a "corrupt endeavor" to "conceal, cover-up by trick, scheme, or device a material fact, when he stated in pertinent part, that "Indeed, according to the Docket Listing Events in Rhode Island Supreme Court case Number 2003-030, Petitioner was due to have filed his "brief***on or before July 30, 2004" (see the attached June 29, 2004 Order in R.I. Supreme Court C.A.No.03-030). See enclosed Exhibit "3", of August 4, 2005, "Clarification letter," as noted above, with it's Inventory list of it's enclosures. The above noted statement made by Mr. Aaron L. Weisman, was made "without regard" for Plaintiff's July 14, 2004, "motion for enlargement of time to file brief on appeal," filed via certified mail receipt, addressed to R.I. Supreme Court Chief Justice Frank Williams, received on August 2, 2004, twice. Plaintiff asserts, that "if he had not filed the July 14, 2004, 'motion for enlargement of time to file his brief,' then he would have clearly been in 'default' for failing to file such, however,

Mr. Aaron L. Weisman knew that the R.I. Supreme Court Clerks deliberately, concealed, covered up by trick, and scheme, Plaintiff's **July 14, 2004**, "motion for enlargement of time to file brief on appeal." This was done by **filing** and **documenting** Plaintiff's motion within the R.I. Supreme Court Docket History Report, C.A.No.2003-30, as **"Letter with exhibits,"** instead of what it actually was, a **"motion to enlarge time with exhibits A-E."** **See Exhibit "5"**, **of August 4, 2005, "Clarification letter," addressed and sent to Mr. Aaron L. Weisman. Id. at August 2, 2004, filing date.** These facts and circumstances are conducive to violations of federal law, 18 U.S.C.S. §§1503; §1702; and §1001, as well as [malicious prosecution and abuse of process], in violation of 42 U.S.C.S. §1983, involving the aforementioned parties, but also, include a host of other agents, Clerks, and both State and Federal Government officials within the Judiciary.

The concealed and obscure filing of **material facts** that later **determined** the outcome of Plaintiff's "Petition for Writ of Habeas Corpus," in two individual petitions, namely, D.C.No.04-271L; and D.C. No.05-095L, directly resulted in **erroneous denials. See enclosed Orders dated November 9, 2004, and November 10, 2004 Judgment in D.C.No. 04-271L; and September 8, 2005, Order and Judgment dated September 9, 2005, in D.C.No.05-095L, as Appendix "1", herein.** Plaintiff did however, file timely **"Objections to U.S. Federal District Court Magistrate Jacob Hagopian's Reports and Recommendations in both Petitions noted above,** but with his deliberate **concealment** and **misrepresentations of material facts,** U.S. Federal District Court Judge Ronald R. Lagueux, **wrongly adopted** those Recommendations to Dismiss the Petitions. To briefly ellaborate, on **page two** of **Hagopian's** Report and Recommendation, he states, "Nonetheless, the state supreme court issued a deadline for briefs to be filed in his direct appeal by **June 30, 2004.** Bedford, however, failed to **timely** file his brief for his appeal with the state supreme court. Instead, Bedford filed the instant application in this tribunal, seeking release from state custody. **See Exhibit "6", of August 4, 2005, "Clarification letter," enclosed.** Notably, even the date noted in **Hagopian's** above noted R+R, as **June 30, 2004,** is false. The correct date of brief deadline is **July 30, 2004.** False dates submitted in Plaintiff's case have been the history of this case. **See**

for example the enclosed **August 4, 2005**, **"Clarification letter,"** at paragraph 2-3, with the enclosed exhibits of "motion to enlarge time to file Objection to Magistrate's R+R, and the Court Orders." Notably, the Plaintiff's "Petition for Writ of Mandamus" related to thirteen (13), pages of exhibits to a transcript relevant for direct appeal, involving the illegal inducement of two key witnesses one month prior to Plaintiff's criminal trial. The illegal inducement was a monetary award of sixty-five hundred dollars ($6500.00), agreed upon on the date of **April 14, 1998**, one month prior to trial on **May 19, 1998**. See enclosed **Appendix "2"**, herein, **(December 22, 1998, Award letter, April 14, 1998, Voucher as Payment, and July 29, 1997 letter to witness evincing an earlier application, just weeks after Plaintiff's arrest.)** Notably, the above noted Crime Victim Compensation Program's **December 22, 1998, Award letter**, also, has a false date regarding Plaintiff's **"conviction date** of **May 22, 1998**, and **not "1997."** See **2nd paragraph** of **letter."** This **false statement** was allegedly submitted to **deceive** a fact-finder that Plaintiff was already convicted, before the "illegal inducement" was made in violation of the "Crime Victim Compensation Act of 1996," which reguired a "conviction" prior to issuance of Order and Certification for payment. The "illegal inducement" also constitutes violation of the "federal bribery statute" 18 U.S.C.S. §201(2)(C), and enunciated in **U.S. v. Russell, 411 US 423 (1973)**; and **Lerner v. Moran, 542 A.2d 1089 (R.I.1998)**.

Another **false** date is shown from the enclosed "Notice of Appeal," dated **January 28, 2005**, as **Appendix "3"**, herein, with the attached R.I. Supreme Court Order dated **January 21, 2004**, which should be **2005**, involving Plaintiff's "omnibus motion to stay appeal, remand papers to the Superior Court, and for appointment of counsel."

Plaintiff asserts that there are just far too many **false dates** to be typing errors or honest mistakes, nothwithstanding the **deliberate "misrepresentations of material facts,"** in view of critical **determinations of Plaintiff's petitions**. In fact, the legal question that was to be determined by tribunal, was "whether Plaintiff had 'exhausted state remedies,' before proceeding to federal court for relief."

Plaintiff's **August 4, 2005, "Clarification letter,"** sent to Mr. Aaron L. Weisman, with it's **Exhibits 1-7**, requested on **page 4**, that "the State, by and through it's attorneys, vacates my illegal conviction and sentence with prejudice, and order my immediate release from State custody of the Rhode Island Department of Corrections Maximum Security Facility in Cranston, Rhode Island 02920." This request was **ignored** and never **granted** in spite of all the evidence.

The above noted **"Clarification letter,"** with it's **Exhibits 1-7**, was also sent to U.S. Federal District Court Senior Judge Ronald R. Lagueux, as shown from the enclosed **August 23, 2005,** letter. He too, **ignored** the factual basis of all the aforementioned claims and request for **"immediate relief"** on the grounds of "federal conspiracy" on a wide scale, in violation of 18 U.S.C.S. §§1503; §1512; §1702; and §1001, notwithstanding violations of 42 U.S.C.S. §1983, defined as [malicious prosecution, and abuse of process].

In short, if the R.I. Supreme Court, and the U.S. Federal District Court, collectively, **acknowledged** and **considered** Plaintiff's **July 14, 2004,** concealed **"motion to enlarge time to file brief,"** and the viable reasons set forth in it's **memorandum** and **exhibits A-D,** then the federal Court would have concluded that the State was responsible for the excessive delay of Plaintiff's "first appeal of conviction," and that **prejudice** existed in such measure, as to warrant his being **excused** from the **exhaustion requirement.** Exhaustion will be required **unless** "there is **no** opportunity to obtain redress in the state court or **if** the corrective process is so clearly deficient as to render futile any effort to obtain relief." **See Duckworth v. Serrano, 454 U.S. 1,3 (1981).** That was the bar that precluded Plaintiff from obtaining relief in his habeas corpus proceedings, and the issue that was **grossly** misconstrued in U.S. Federal District Court Magistrate **Hagopian's October 14, 2004,** Report and Recommendation to Dismiss Petition, because he too, chose to deliberately **ignore** and further **conceal** Plaintiff's **July 14, 2004, "motion to enlarge time to file brief on appeal,"** cunningly filed within the R.I. Supreme Court Docket History Report as **"Letter with exhibits." See docketing date of August 2, 2004, enclosed** as **Exhibit "5", of August 4, 2005, "Clarification letter."**

Plaintiff asserts that there are additional claims and deliberate submissions of **false statements**, made by Mr. Aaron L. Weisman, Assistant Attorney General Stephen T. Ryan, as well as Providence Superior Court Judge Edward C. Clifton, who denied Plaintiff counsel for his "closing arguments" at trial. He further denied him counsel for his "first motion for new trial, and sentencing hearings," by **ignoring, disregarding** and **nullifying** Judge Mark A. Pfeiffer's **June 9, 1998**, Order, granting Plaintiff counsel for those proceedings, in light of trial "co-counsel" Mark W. Dana's being granted an oral motion to withdraw. **See enclosed May 27, 1998**, "motion for new trial cover-letter," as **Appendix "4"**. In fact, it is alleged that Justice Edward C. Clifton, and Assistant Attorney General Stephen T. Ryan, engaged in ex parte proceedings and the granting of an "Order and Certification" for payment of sixty-five hundred dollars ($6500.00), to two key witnesses, one month prior to Plaintiff's criminal trial, through the R.I. Crime Victim Compensation Program, constituting an "illegal inducement," in violation of the federal bribery statute **18 U.S.C.S. §201(2)(C)**, as well as the **deliberate** and **continual** withholding of that material, as described in the enclosed **July 14, 2004**, "motion for enlargment of time to file brief on appeal," which is the **"concealed evidence"** at issue. All the aforementioned obstruction of justice claims can be referenced in Plaintiff's seventy-two page (72 page) "memorandum in support of former petition for writ of habeas corpus," (not enclosed), but filed in the U.S. Federal District Court with it's **volumes of evidence** and **exhibits** A-Z, supported by affidavit and claim of lien, in **D.C.No.04-271L**. Many of the same claims were subsequently made in **D.C.No.05-095L**, but further **ignored** and **erroneously denied**. Various other offences have occured throughout the course of Plaintiff's litigation.

Plaintiff submits the attached "Affidavit in Support of the instant Criminal Complaint and associated Claim of Lien," requesting several forms of immediate relief. Inventory list of enclosures also attached hereto.

Respectfully submitted

Dated: April 7, 2007.

Normand Bedford

NORMAND BEDFORD, Pro se
P.O. BOX 8273
CRANSTON, RI 02920-0273

Normand Bedford

## Certification

I the undersigned hereby, certify, that I, caused a true copy of the within "criminal complaint, associated affidavit and claim of lien," to be mailed this 24th day of April, 2007, postage prepaid, via certified mail, article No.7006 0810 0000 2030, to: R.I. Dept. of Business Regulations Director, Ms. Marilyn Shannon Mc Conaghy, Esq., 233 Richmond Street, Providence, R.I. 02903; U.S. Attorney Mr. Robert Corrente, 50 Kennedy Plaza, Federal Building, Providence, R.I. 02903, via certified mail receipt, article No.7099 3400 0010 6521 2063; Mr. Aaron L. Weisman, Assistant Attorney General, 150 South Main Street, Providence, R.I. 02903, via certified mail, article No.7099 3400 0010-6521 2070; and U.S. Federal District Court Magistrate Judge Jacob Hagopian, 1 Exchange Terrace, Providence, R.I. 02903, regular U.S. mail, postage prepaid.

Normand Bedford

Normand Bedford

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
INSURANCE COMMISSIONER FOR THE STATE

NORMAND BEDFORD
(Plaintiff)

v.

D.C.Nos. 04-271L;
05-095L
R.I. Supreme Ct.No.03-30

STATE OF RHODE ISLAND, ET AL.
(Defendants)

**PLAINTIFF'S CLAIM OF LIEN**
**28 U.S.C.S. §1746**

**I, Affiant/Plaintiff, NORMAND BEDFORD, hereby, declare:**

That due to the factual allegations, declarations and assertions made within the attached and associated seven (7) page "criminal complaint," accompanied by Appendix's 1-4, and Exhibits 1-7, of enclosed **August 4, 2005**, "Clarification letter," addressed to R.I. Chief Appellate Attorney, Mr. Aaron L. Weisman, and the associated affidavit in support thereof, Plaintiff, hereby, DEMANDS RELIEF, IN THE FORM OF THE FOLLOWING: ISSUANCE OF COURT ORDER VACATING PLAINTIFF'S ILLEGAL AND VOID JUDGMENT OF (1998) CONVICTION AND SENTENCE WITH PREJUDICE; AND COMPENSATION FOR PAIN AND SUFFERING WITH DISTRESS INFINITE, IN THE SUM OF SEVEN HUNDRED THOUSAND DOLLARS ($700.000.00). The commercial grace of this lien is provided by a three (3) month delay of the execution process, allowing resolution either verbally, in writing, or by jury trial within the 90 day grace period. A Distress bonded by an affidavit of information becomes a finalized matured commercial lien and accounts receivable ninety days from the date of filing, pursuant to (15 USC).

That Plaintiff's criminal complaint, affidavit and claim of lien, with it's supporting evidence arises out of alleged violations of federal law, 18 U.S.C.S. §§1503; §1512; and §§1001; and §1702, as well as 42 U.S.C.S. §1983, defined as [malicious prosecution, and abuse of process], notwithstanding the meanining and definition of "concealment of material evidence," in view of determination by a tribunal of the United States, namely, U.S. Federal District Court of law.

Respectfully submitted

Dated: 4-20, 2007.

NORMAND BEDFORD, Pro se
P.O. BOX 8273
CRANSTON, RI 02920-0273

I declare under the penalty of perjury that the declarations, allegations, and assertions made in Affidavit in Support of Criminal Complaint, and Claim of Lien, are true and correct, pursuant to 28 U.S.C. S. §1746, executed on this 24th day of April, 2007.

Dated: 4-20, 2007.

Declarant/NORMAND BEDFORD
P.O. BOX 8273
CRANSTON, RI 02920-0273

Dated: 4-20, 2007.

Witness Signiture/
P.O. BOX 8273
CRANSTON, RI 02920-0273

## Certification

I the undersigned hereby, certify, that I caused a true copy of the within "criminal complaint, associated affidavit and claim of lien," to be mailed this 24th day of April, 2007, via certified mail receipt, article No.7066 0810 0000 4647 2030, to: R.I. Department of Business Regulations, Director, Ms. Marilyn Shannon McConaghy, Esq., 233 Richmond Street, Providence, RI 02903; and U.S. Attorney Robert Corrente, 50 Kennedy Plaza, 8th Floor, Providence, R.I., via certified mail receipt, article No.7099 3400 0010 6521 2063; Mr. Aaron L. Weisman, Assistant Attorney General, 150 South Main Street, Providence, RI 02903, via certified mail receipt, article No.7099 3400 0010 6521-2070; and U.S. Federal District Court Magistrate Judge Jacob Hagopian, 1 Exchange Terrace, Providence, RI 02903, regular U.S. mail, postage prepaid.

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
INSURANCE COMMISSIONER FOR THE STATE

NORMAND BEDFORD
(Plaintiff)

v.

D.C.Nos. 04-271L;
05-095L
R.I. Supreme Ct.No.03-30

STATE OF RHODE ISLAND, ET AL.
(Defendant)

**PLAINTIFF'S AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ATTACHED CLAIM OF LIEN 28 U.S.C.S. §1746**

I, Affiant/Plaintiff, **NORMAND BEDFORD, hereby, depose and say:**

That the allegations, declarations and assertions made within the attached and associated "Criminal Complaint" alleging various violations of federal law, titles 18 U.S.C.S. §§1503; §1702; §1512, and 42 U.S.C.S. §1983, are true, correct and complete, not misleading, the thruth, the whole truth, and nothing but the truth, so help me God.

That the attached exhibits and appendix's in association to the enclosed "Clarification letter," dated **August 4, 2005**, are true copies of originals.

That this Affidavit is accompanied by the associated "Claim of Lien," requesting several forms of immediate relief.

**Respectfully submitted**

Dated: 4-7, 2007.

Normand Bedford

**NORMAND BEDFORD, Pro se**
**P.O. BOX 8273**
**CRANSTON, RI 02920-0273**

Respectfully submitted

Dated: 4-20 ,2007.

Normand Bedford
AFFIANT/NORMAND BEDFØRD, Pro se
P.O. BOX 8273
CRANSTON, RI 02920-0273
Normand Bedford

I declare under the penalty of perjury that the claims made in the Claim of Lien, associated Criminal Complaint, supported by Affidavit, are true and correct, pursuant to 28 U.S.C.S. §1746, executed on this 24th day of April ,2007.

Dated: 4-20 ,2007.

Normand Bedford
Declarant/NORMAND BEDFØRD, Pro se
P.O. BOX 8273
CRANSTON, RI 02920-0273
Normand Bedford

Dated: 4-20 ,2007.

Ralph Mairc
Witness Signiture/ Ralph Mairc
P.O. BOX 8273
CRANSTON, RI 02920-0273

## Certification

I the undersigned hereby, certify, that I caused a true copy of the within "criminal complaint, associated affidavit and claim of lien" to be mailed this 24th day of April ,2007, via certifed mail receipt, article No.7066 0810 0000 4647 2030, to: R.I. Department of Businiess Regualtions, Director, Marilyn Shannon McConaghy, Esq., 233 Richmond Street, Providence, RI 02903; and U.S. Attorney Robert Corrente, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903, via certified mail receipt, article No.7099 3400 0010 6521 2063; Mr. Aaron L. Weisman, Esq., Assistant Attorney General, 150 South Main Street, Providence, RI 02903, via certified mail receipt, article No.7099 3400 0010 6521 2070; and U.S. Federal District Court Magistrate Judge Jacob Hagopian, 1 Exchange Terrace, Providence, RI 02903, regular U.S. mail, postage prepaid.

Normand Bedford
Normand Bedford

Inventory list of Appendix's 1-4, to Criminal Complaint
with attached Affidavit and Claim of Lien
Dated: April 7, 2007

Appendix "1" p.3 --- United States Federal District Court Orders, ated November 9, 2004; and Judgment dated November 10, 2004, in D.C.No.04-271L; and September 8, 2005; Order, with Judgment of September 9, 2005, in D.C.No.05-095L.

Appendix "2" p.4 --- Rhode Island Crime Victim Compensation Program documents of Award letter, dated December 22, 1998; Voucher, dated April 14, 1998; and Letter to witness Valerie Patnaude, dated July 29, 1997.

Appendix "3" p.4 --- Plaintiff's "Notice of Appeal," dated January 28, 2005, with R.I. Supreme Court Order, dated January 21, 2004, which should be "January 21, 200(5)."

Appendix "4" p.6 --- Plaintiff's "Motion for New Trial," dated May 27, 1998, heard on July 10, 1998, without the benefit of counsel, and without a waiver of that right.

Note: Foundational Exhibit enclosed herein, is August 4, 2005, "Clarification letter," addressed to R.I. Assistant Attorney General, Mr. Aaron L. Weisman, with it's Inventory list and Exhibits 1-7. Also, attached therewith, is August 23, 2005, letter, addressed to United States Federal District Court Senior Judge Ronald R. Lagueux, in D.C.No.05-095L.

*****************************************************************

Dated: April 7, 2007.

Normand Bedford
NORMAND BEDFORD, Pro se
P.O. BOX 8273
CRANSTON, RI 02920-0273

Normand Bedford

Dear Chief Justice Torres, November 22, 2006

Please review the enclosed six page Affidavit related to my previously dismissed lawsuit in C.A. No. 05-111S. The facts therein, are a direct cause for why I was forced to abort my lawsuit against Prison officials for Obstruction of Justice claims.

U.S. Federal District Court Magistrate Judge Jacob Hagopian did not Protect my constitutional and civil rights. Instead it is believed that he Promoted egregious attacks against me by Prison officials. These claims can be proven beyond the shadow of doubt and are not being made maliciously, but are serious in nature, causing me to abort my lawsuit that was dismissed shortly after the events outlined in my enclosed six page Affidavit dated June 26, 2006, certified on August 12, 2006.

Please provide the U.S. Attorney with a copy and investigate these claims. Thank you.

Normand Bedford Sincerely Normand Bedford

Normand Bedford
P.O. Box 8273
Cranston, RI 02920
Id. #102384

Cc: file
Sent certified mail
#7005 1820 0006 0503 9372

David A. DiMarzio
Clerk of Court

# UNITED STATES DISTRICT COURT
## District of Rhode Island

Paulette J. Dube
Chief Deputy Clerk

February 6, 2007

Mr. Norman Bedford
Adult Correctional Institute
P.O. Box 8273
Cranston, RI 02920

*re: CA05-111S Bedford v. Wall*

Dear Mr. Bedford:

Having received your letter dated 11/22/06 and reviewed the relevant cases you have filed in the past with the U.S. District Court, it is apparent that you have no pending cases with this Court. The proper way to proceed in your matter is to file a Notice of Appeal and proceed with your case at the 1st Circuit Court of Appeals.

As such, the attachments to your 11/22/06 letter are being returned to you herewith.

Very Truly Yours,

Ryan H. Jackson,
Deputy Clerk

/encl.

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

05-1115

NORMAND BEDFORD
(Appellant)

v.

C.A.Nos.04-2604;
04-2727;
D.C.No. 04-271L;
05-2525;
05-2642;
D.C.No. 05-095L.

A.T. WALL, Director, RI
Dept. of Corrections, et al.,
(Appellees)

**AFFIDAVIT OF COMPLAINT AND TRUTH**

**I, Affiant, Normand Bedford, hereby, depose and say:**

That on **March 8, 2006**, in the interim of attempting to copy a prepared "Rebuttal Memorandum and it's exhibits A-K, to the Defendants (RI Dept. of Corrections), Motion to Dismiss Lawsuit," filed in the United States Federal District Court, in C.A.No.05-111S, alleging "Theft of personal money from a financial institution, as part of a large scale "Conspiracy to Obstruct Justice," I was abrubtly escorted to "Disciplinary Confinement" (Segregation). This was to prevent me from copying and filing crucial evidence of "Obstruction of Justice, involving unlawful misappropriation of funds, mail theft, mail tampering, unlawful downgrade, unlawful segregation, and every kind of abuse imaginable. When I requested my legal material contained in a brown folder, I was ignored. Shortly thereafter, while locked in a segregation cell unit, I was given my folder with my legal material enclosed. However, my two hundred and eight page (208), rebuttal package, it was completely out of the order that it was in when it was handed to the bidding law library officer, who was going through it immediately before he decided to take me to segregation and falsely accuse me of threatening him, and disobeying an order. Both allegations were completely false, and later subjected me to unlawful confinement of thirty-five days (35 days). It was also, discovered

on this date, that all of my certified mail cards and receipts were missing from my folder. Notably, the day earlier, the same officer who made false allegations against me questioned me about the certified mail receipts and cards. Interestingly, I had the certified mail receipt's article number typed on the front page of my rebuttal memorandum, as well as on the certification page, so the material would later correspond with the returned card after mailing. Interestingly, my rebuttal was not yet copied, and I no longer had the mailing cards or receipts. The deadline for filing with the Court was then scheduled for **March 9, 2006**, the day after I was wrongly escorted to segregation. I later filed a relevant "Motion to Enlarge Time to File my Rebuttal Memorandum and Exhibits." The Court granted that request and issued a new deadline Order of **March 24, 2006**. However, the Rhode Island Department of Corrections Maximum Security Staff as a whole ignored every request to provide me with new certified mail cards and receipts, nor could they account for my original ones deliberately stolen from my legal folder. I was finally provided with certified mail cards and receipts just days before the latter deadline date of **March 24, 2006**.

That a short time after I received new certified mail cards and receipts, I decided to send my rebuttal memorandum and exhibits to a family member for copying and filing. When that package, which was "privilaged mail" and sent certified, was received by a Shirley Santos, the postal worker required her to sign for the package "un-sealed." The package was described later in a hand written letter to me by Shirley Santos, as being in complete disorder, and missing twelve pages (12), because the package sent to her contained a letter with instructions for copying and mailing to the Court, as well as the number of pages of documents. It was then evident that the Rhode Island Department of Corrections Maximum Security Staff had "tamper-ed with evidence in a civil lawsuit in a United States Federal Dist-ct Court of law. In any event the package was copied and filed with the Court in a timely manner, after a motion to enlarge time was granted, extending the time of filing past **March 24, 2006**. It is

presently unclear exactly what documents were stolen from the legal certified mail received by Shirley Santos, nor is it yet clear how the package was received by the Court. A later Court Order only confirmed that "it was received in a timely manner."

That in the week leading up to my release from segregation, stemming from the aforementioned **March 8, 2006**, unlawful commitment to segregation, I was repeatedly informed by segregation officer Manuel Pinheiro, that my legal material was dumped in the "Johnston Landfill." This was repeated to me for several days. The officer frequently asked me "What are you going to do now, since they threw your legal material away?" I did not take him seriously, but did have some sceptism, so a letter was immediately written to a family member to inform them of this allegation. It was later learned that substantial legal material was missing from my property, upon unpacking. I immediately informed my housing block officer, Dave DiDonotto, of that discovery. An informal request and inquiry was later filed with Segregation Lt. Bruce Oden, who oversees that area, but was afterward told that "The legal material could not be accounted for."

That on **April 28, 2006**, upon the completion of a second "Rebuttal Memorandum and exhibits to the Defendants Objection to Plaintiff's Motion for Temporary Restraining Order," and after the same was copied, I again, was unlawfully, sanctioned by prison official in another successful attempt to prevent me from filing that crucial evidence which, notably, contained as an exhibit, evidence of mail tampering, and a clear pattern of unlawful segregation during the course of my civil lawsuit against Rhode Island Department of Corrections officials, also, known as "mechanical lockup." Incidently, I was immediately, denied all access to my legal material, and was also, ignored every written or verbal request to Prison Staff. More importantly, when I was released from segregation on **May 18, 2006**, I learned immediately, that ninety-nine percent (99%), of all legal material that was in my immediate possession, before being wrongly segregated was unlawfully, seized, confiscated and/or stolen by Staff, just as large amounts

was seized, confiscated, and/or stolen, sometime after **March 8, 2006**, just one month earlier. Therefore, this was deliberate, and calculated by Administration of the ACI. This was immediately reported to segreation officers, Manuel Pinheiro, and Phil Cummings, as well as Lt. Bruce Oden, who came walking in the segregation office at the precise moment of my release on **May 18, 2006**. All parties noted above could not account for the missing, seized, and confiscated personal and legal material, which collectively, amounted to over three cubic feet of legal material, notably, over four years of material evidence in both criminal and civil proceedings yet to be exhausted. The discovery of my missing personal property was not discovered until I fully unpacked once I reached my housing block assignment, Prudence Two block cell #10. I did however, inform block officer Dave DiDonotto, immediately, regarding my confiscated personal effects.

That after repeated written and informal grievance inquiries with Superior Staff at the Maximum Security facility (ACI), as to the whereabouts of my personal and legal property, and my request for it's return, I was repeatedly, told that "We are still looking for it." It then became increasingly clear that the Rhode Island Department of Corrections, (Defendants) in my civil lawsuit, "did not want me to file any additional evidence against them," namely, a completed "Rebuttal Memorandum and exhibits to their Objection to my previously filed Petition for Writ of Temporary Restraining Order," evincing a pattern of unlawful segregation commitments, and mail tampering. These facts caused me to be paralyzed by fear to the extent that "if I did not abort my civil lawsuit against ACI officials, I would not recover my legal and personal property from those responsible for seizing it." In good faith, I made my intention clear to many prison officials, that I would let my civil lawsuit run it's course without notifying the U.S. Federal District Court of the egregious misconduct of prison officials. In fact, I did not so much as file any "Objection to U.S. Magistrate Jacob Hagopian's Report and Recommendation to Dismiss my Lawsuit." Nor did I notify the Court of the unlawful seizing of my legal material evidence, which is very much essential to my unexhausted criminal appeal of my completely illegal conviction of 1998.

That on **June 15, 2006**, I filed with the Providence Superior Court a "Motion for Order against the R.I. Department of Corrections Maximum Security facility" for immediate return of seized property. This was done in light of the "bad faith" on the part of prison officials in blatantly refusing to return unlawfully seized property over to me, which is essential to my unexhausted criminal appeal. Instead, I was further informed by a second officer, that "my legal property went to the Johnston Landfill." The motion above is scheduled to be heard on **July 6, 2006.**

That without the immediate return of my personal and legal material evidence, I will suffer permenant and irreparable injury to my pending, and unexhausted criminal appeal of my otherwise unlawful conviction and sentence of nineteen ninety-eight (1998). Notably, that appeal is already "excessively delayed over eight years" as a result of "extreme prejudices by both prison officials, and the State Court system of justice," including repeated criminal misconduct.

That all the aforementioned allegations, declarations, and facts are true, correct, and complete, not misleading, the truth, the whole truth, and nothing but the truth, so help me God, made under the penalty of perjury.

**Respectfully submitted**

**Dated: June 26, 2006.**

Normand Bedford

**Normand Bedford, Pro se**
**P.O. Box 8273**
**Cranston, RI 02920-0273**

Normand Bedford

Respectfully submitted

Dated: June 26, 2006.

Normand Bedford

Normand Bedford, Pro se
P.O. Box 8273
Cranston, RI 02920-0273

Normand Bedford

Subscribed and sworn before me this 2 day of August, 2006, in Cranston, Rhode Island, in the County of Providence, in the State of Rhode Island.

Dated: 8/2/, 2006.

Notary Public/Clerk

COMMISSION EXPIRES
9-21-09

Certification

I, the undersigned, hereby, certify, that I, caused a true copy of the within "Affidavit of Complaint and Truth" to be mailed this 12th day of August, 2006, via interdepartmental mail, to: Ms. Kathleen M. Kelly, Esquire, RI Dept. of Corrections, 40 Howard Avenue, Cranston, Rhode Island; and Mr. Aaron L. Weisman, Esquire, RI Attorney General's Office, 150 South Main Street, Providence, RI 02903, postage prepaid, U.S. regual mail.

Normand Bedford

Normand Bedford

**Appendix "1"**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NORMAND L. BEDFORD | ) | |
| | ) | |
| v | ) | C.A. No. 04-271L |
| | ) | |
| A.T. WALL, Director, Rhode Island | ) | |
| Department of Corrections | ) | |

MEMORANDUM AND ORDER

The Report and Recommendation issued by United States Magistrate Judge Jacob Hagopian on October 14, 2004, hereby is accepted and adopted pursuant to 28 U.S.C. § 636(B)(1).

Petitioner, Normand L. Bedford, is a state prisoner in Rhode Island serving a lengthy sentence for child molestation. It is obvious from his petition that he seeks to be released from state custody, challenging his conviction and sentence. Although denominated a petition for injunctive relief pursuant to 28 U.S.C. § 1983, it is obviously a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

It is absolutely clear that the petitioner has failed to exhaust state remedies and, therefore, this Court has no power or authority to entertain the petition. Therefore, the recommendation of the Magistrate Judge, that defendant's motion to dismiss be granted, is adopted.

30

The Clerk will enter judgment for the defendant forthwith.

It is so ordered.

Ronald R. Lagueux
Senior Judge
November 9 , 2004

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Normand L. Bedford

v. C.A. No. 04-271L

A.T. Wall, Director, RI Dept of Corrections

# JUDGMENT

[ ] Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

[ X ] Decision by the Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED:**

Judgment shall enter for the defendant.

Deputy Clerk
November 10, 2004

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NORMAND BEDFORD

v. C.A. NO. 05-095

A.T. WALL, Director of the
Rhode Island Department of Corrections

# ORDER

The Report and Recommendation of Senior United States Magistrate Judge Jacob Hagopian, dated July 1, 2005, hereby is accepted and adopted pursuant to 28 U.S.C. § 636(b)(1)(B).

Therefore, Petitioner's writ of habeas corpus petition under 28 U.S.C. § 2254 is hereby dismissed for failure to exhaust state remedies.

ENTER:

Ronald R. Lagueux
Senior Judge
September 8 , 2005

BY ORDER:

Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Normand Bedford :
Plaintiff, :
:
v. : C.A. No. 05-95L
:
A.T. Wall, Director of the RI
Dept of corrections :
Defendant. :

JUDGMENT

**[ ] Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.**

**[ x ] Decision by the Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.**

IT IS ORDERED AND ADJUDGED:

**Judgment** shall enter for the defendant A.T. Wall against the plaintiff Normand Bedford, in accordance with the Court's Order dated 9/8/05 denying petitioner's writ of habeas corpus petition.

Deputy Clerk
September 9, 2005

Appendix "2"

Nancy J. Mayer
*General Treasurer*

Barbara Ann Murphy
*Program Administrator*

# State of Rhode Island and Providence Plantations

TREASURY DEPARTMENT

*CRIME VICTIM COMPENSATION PROGRAM*

December 22, 1998

Norman Bedford
P.O. Box 8273
Cranston, RI 02920

**RE: STATE OF RHODE ISLAND VS. NORMAN BEDFORD**
**Criminal Case Number: P1/971715A**
**Victim: Valentina Patnaude, on behalf of her minor daughter**

Dear Mr. Bedford:

I am in receipt of your November 11, 1998 letter. Please be advised that I represent the interests of the Crime Victim Compensation Program in the Office of the General Treasurer of the State of Rhode Island.

In 1997, you were convicted of one count of 1st degree Sexual Assault and one count of 2nd degree Sexual Assault, in the Superior Court case number listed above.

On April 9, 1998, pursuant to the Criminal Injuries Act of 1996, in claim number 970035, a Notice of Award Recommended for payment was agreed upon for the payment of compensation in the amount of $6,610.55 payable to the victim.

**PURSUANT TO RHODE ISLAND GENERAL LAWS SECTION 12-25-26 DEMAND IS HEREBY MADE IN THE AMOUNT OF $6,610.55.**

If you have retained legal counsel, please have your attorney contact this office immediately. If you wish to represent yourself, please contact this office at (401) 222-2287 to make arrangements to pay your indebtedness.

Failure to respond to this correspondence may result in further legal action without prior notice.

Sincerely,

BARBARA A. MURPHY
Program Administrator
Crime Victim Compensation Program

Bedford convicted in May 1998
Correction:
Normand Bedford

ORANGE-REMITTANCE COPY
GREEN-AGENCY
COPIES TO STATE CONTROLLER

DEPARTMENT OF ADMINISTRATION
OFFICE OF ACCOUNTS AND CONTROL
ONE CAPITOL HILL
PROVIDENCE, R.I. 02908-5883

VOUCHER NO.

BILL TO
Treas/VCIF
40 Fountain St. Prov. RI 02903

PURCHASE ORDER NO.
REQUISITION NO.
VENDORS INVOICE NO.
VENDORS INVOICE DATE
TERMS
INDICATE WHETHER INVOICE REPRESENTS
PARTIAL DELIVERY
FINAL DELIVERY
VOUCHER DATE
April 15, 1998

VENDOR'S F.E.I./S.S. NUMBER, NAME, AND ADDRESS
F.E.I.N./S.S. NO. ******

Sundry Payee
c/o Treas/CVC
40 Fountain Street
Providence, RI 02903

| DESCRIPTION OF ITEMS | | UNIT PRICE | TOTAL PRICE |
|---|---|---|---|
| Nicole Desourdy<br>Application #970035 ordered on 4-09-98 | | | |
| NAME | FEIN | BOC | |
| Valentina Patnaude | | 583 | $6,500.00 |
| R.I. Hospital | 05-0258954 | 585 | 110.55 |

CRIME VICTIM COMPENSATION PROGRAM

Barbara A. Murphy, Director

| ACCOUNT NO. AND BUDGET CODE | COST CENTER | AMOUNT | ENCUMBRANCE LIQUIDATED AMOUNT |
|---|---|---|---|
| 2310-80300-583 | | $6,500.00 | |
| 2310-80300-585 | | $ 110.55 | |
| 2310-80300-266 | | $ | |
| | | | |
| | | | |
| | | | |

| | |
|---|---|
| TOTAL AMOUNT | $6,610.55 |
| LESS: CASH DISCOUNT | |
| ADJUSTMENT | |
| NET AMOUNT | $6,610.55 |

RECEIVED BY:
DELIVERY DATE:

-- CERTIFICATE --

I hereby certify that

The items listed above have been received in good condition and are accepted by me. This is a just and proper charge against the accounts listed and has never been paid before. I am duly authorized to sign this certificate.

AUDIT | DATA ENTRY | BUDGET APPROVAL | AUTHORIZED AGENT

Nancy J. Mayer
General Treasurer

Barbara Murphy Boden
Program Administrator

# State of Rhode Island and Providence Plantations

TREASURY DEPARTMENT

*CRIME VICTIM COMPENSATION PROGRAM*

July 29, 1997

Valentina Patnaude

RE: Application No.: 970036
APPLICANT: Valentina Patnaude
VICTIM : Nicole Desourdy

Dear Ms. Patnaude:

On January 22, 1997, you filed an application with the Crime Victim Compensation Program. After opening the application it was discovered that the program had previously received an application on behalf of the victim for the same crime.

The new claim has been closed and supplemental benefits will be considered under claim 970035, the claim number that was assigned to the initial claim filed.

If you have additional information for us to consider, please let us know immediately either by writing to the above address or by calling (401) 277-2287.

Sincerely,

Barbara Murphy Boden
Program Administrator

redacted copy

40 Fountain Street - Providence, Rhode Island 02903-1856 - (401) 277-2287 (FAX) 277-4577

Appendix "3"

1/28/05

[illegible] SUPREME COURT
ffice of the Clerk
50 Benefit Street
'rovidence, RI 02903

Re: "Notice of Appeal" - State v. Normand Bedford
C.A. No. 03-30

Dear Clerk:

Please file the enclosed "Notice of Appeal" related to this Court's Order of 1/21/2004, which should be 1/21/2005. Please send Appellant corrected Order. Also, please send Appellant a copy of this letter and "Notice of Appeal" with this Court's stamp of receipt.

Additionally, Appellant hereby, inquires as to why his docket event listing No. 03-30, on the date of 8/2/04 indicates "Letter filed with exhibits" when, in fact, the filing was a "Motion to Enlarge Time" with "exhibits", received by the R.I. Supreme Court Chief Justice Frank Williams "twice" by certified mail packages? This "obscurity" further supports Appellant's factual declarations of [malicious prosecution and abuse of process] in violation of Federal law, 42 U.S.C. Sections 1983 & Sec. 7:56. In fact (2) independent claims within the body of that 8/2/04 filing further prove the same. Sincerely: Normand Bedford

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS SUPREME COURT

STATE OF RHODE ISLAND

v.

NORMAND BEDFORD

C.A. No. 03-30

## NOTICE OF APPEAL

Now comes Appellant, Normand Bedford, in the above entitled matter, and hereby, gives this Honorable Court his "Notice of Appeal" from this Court's January 21, 2005,(4) Order denying his "Omnibus Motion to Stay Appeal, Remand the papers to the Superior Court, and for Appointment of Counsel." Above Order was Postmarked January 25, 2005, but not received by Appellant until January 28, 2005.

Date: 1/28/05

Respectfully submitted

Normand Bedford

Normand Bedford (Pro se)
P.O. Box 8274
Cranston, RI 02920

Certification

I do declare under the Penalty of Perjury that on this 31st day of January 2005, I hand delivered the enclosed "Notice of Appeal" to "disciplinary confinement" officer for mailing to: R.I Attorney Generals Office, Mr. Aaron L. Weisman Esq., 150 South Main Street, Providence RI 02903, Postage Prepaid. Original copy sent to R.I Supreme Court, Clerk, 250 Benefit Street Providence RI 02903.

Normand Bedford

**Supreme Court**
No. 03-30-C.A.

State of Rhode Island :

v. :

Normand Bedford :

# ORDER

The defendant's omnibus motion to stay this appeal, remand the papers to the Superior Court, and for appointment of counsel, as prayed, is denied.

Entered as an Order of this Court this ***21st*** day of ***January 2004.***

By Order,

Clerk

**Appendix "4"**

HANSON, CURRAN, PARKS & WHITMAN
COUNSELORS AT LAW
THE FRANCIS BUILDING
146 WESTMINSTER STREET
PROVIDENCE, RHODE ISLAND 02903-2218
TELEPHONE (401) 421-2154
TELECOPIER (401) 521-7040

A. LAURISTON PARKS
DAVID P. WHITMAN
MICHAEL T.F. WALLOR
DENNIS J. McCARTEN*
JAMES T. MURPHY*
SETH E BOWERMAN
THOMAS R. BENDER
MARK W DANA

WILLIAM A. CURRAN
OF COUNSEL

RICHARD H BURROWS
CHRISTOPHER J. ZANGARI*†
WENDY J. TAYLOR

*ALSO ADMITTED IN MASSACHUSETTS
†ALSO ADMITTED IN CONNECTICUT

KIRK HANSON
1948-1991

May 27, 1998

Norman Bedford
Intake Service Center
P.O. Box 8249
Adult Correctional Institution
Cranston, RI 02920

**RE: State of Rhode Island**
**VS: Norman Bedford**
**Our File: 98-243**
**Case No.: P1/97-1715A**

Dear Mr. Bedford:

Please find enclosed a copy of the motion for a new trial I prepared for you. As you know, Judge Clifton granted my oral motion to withdraw as your attorney on May 21, 1998. This was done at your request because I would not file motions after resting. Those motions had no basis in law or fact in my opinion. I anticipate receiving a date for this motion in the near future. I strongly suggest you obtain counsel to argue this motion and assist you in sentencing. I also strongly suggest that the same attorney assist you in perfecting the appeal. If you do not obtain counsel, you may very well lose your appellate issues forever.

Very truly yours,

Mark W. Dana

MWD:ama

cc: Judge Edward C. Clifton
Steven Ryan, Special Assistant Attorney General

MWD:ama 05-27-98

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

STATE OF RHODE ISLAND :
:
VS. : IND. No. P1/97-1715
:
NORMAN BEDFORD :

## DEFENDANT'S MOTION FOR A NEW TRIAL

Now comes the defendant, Norman Bedford, pursuant to Criminal Rule of Procedure 33, and requests this Court grant the defendant a new trial. As grounds for this motion the defendant asserts that:

1. The verdict was against the evidence.
2. The verdict was against the law.
3. The verdict was against the law and the evidence.

WHEREFORE, defendant requests the Court grant the defendant a new trial.

Norman Bedford
Prepared by Standby Counsel

HANSON, CURRAN, PARKS & WHITMAN

Mark W. Dana, Esq., #4150
146 Westminster Street
Providence, RI 02903-2218
(401) 421-2154
(401) 521-7040 (fax)

## PROOF OF SERVICE

I, the undersigned, hereby certify that on the 27 day of May, 1998, I mailed a copy of the within upon **Norman Bedford,** Intake Service Center, A.C.I., P.O. Box 8249, Cranston, RI 02920 by mailing a copy of same to him at the address as hereinabove set forth.

HANSON, CURRAN, PARKS & WHITMAN