# EXHIBIT "C"

**STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS**
**SUPREME COURT**

| | | |
|---|---|---|
| **NORMAN BEDFORD** | : | |
| | : | |
| **vs.** | : | **No. 99-237 M.P.** |
| | : | |
| **STATE OF RHODE ISLAND** | | |

**STATE'S SUPPLEMENTAL MEMORANDUM IN RESPONSE TO DEFENDANT'S PETITION FOR WRIT OF CERTIORARI**

The basis of defendant's *Petition For Writ of Certiorari* is his assertion that the Superior Court (Clifton, J.) improperly failed to take up his March 1999 motion for new trial. In the state's previous submission in the above-captioned matter, it stated that since petitioner's motion for new trial was denied on July 1, 1998, approximately two months after his May 1998 conviction for child sexual molestation, it "believe[d]" that "[w]hat petitioner refers to as [his] '[March 1999] motion for new trial' is *** actually [a] motion for post-conviction relief filed by petitioner." *State's Memorandum In Opposition To Defendant's Petition For Writ of Certiorari* at 1. After receiving (from the Office of the Administrative Assistant to the Chief Justice) further lower court materials attached to Petitioner's pleadings, particularly petitioner's March 1999 *Motion For New Trial*, it is now apparent that the state's (the undersigned's, really) "belie[f]" was mistaken.[1] It in fact does appear that in early March 1999, petitioner filed a second motion for post conviction relief, on the grounds of newly discovered evidence. If further appears, however, in speaking with the lower court prosecutor who represented the state below, that Justice Clifton declined to pass on defendant's March 1999 motion for new trial based

[1] The undersigned regrets, and apologizes to the Court for, this mistake.

upon his understanding that the matters alleged in the motion could not properly be taken up by the Superior Court until this Court passed upon defendant's appeal from his judgment of conviction. Since the state, however, would prefer to have defendant's second motion for new trial determined below so as to avoid the piecemeal consideration of defendant's appeal from his judgment of conviction, the state has no objection to granting petitioner's request to have this matter remanded below so that his second motion for new trial, on the basis of newly discovered evidence, may be considered by the Superior Court.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By Its Attorneys,

**SHELDON WHITEHOUSE**
**ATTORNEY GENERAL**

**AARON L. WEISMAN #4438**
**Department of Attorney General**
150 South Main Street
Providence, RI 02903
(401) 274-4400

## Certificate of Service

I hereby certify that on this 10th day of November, 1999, I placed a true copy of the within document upon Norman Bedford, by first class mail, postage prepaid, to his last known address of P.O. Box 8273, Cranston, R.I. 02920.