UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NORMAND BEDFORD
(Petitioner)

v. D.C.No.07-144S

STATE OF RHODE ISLAND, ET AL.
(Respondents)

**PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT AND ORDER PURSUANT TO RULE 60(b)(3)(6)**

Now comes Petitioner, NORMAND BEDFORD, in the above-entitled matter and hereby, moves this Honorable Court for "Relief from Judgment and Order entered on **September 21, 2007**, and **September 24, 2007**, in **D.C.No.07-144S**, pursuant to the Federal District Court Rules of Civil Procedure, Rule 60(b)(3)(6)," which provides relief from "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." Petitioner further asserts that **28 U.S.C. § 636**, provides that "Judicial officer, whether Magistrate or Judge has inherent power to reconsider his own order," citing **United States v. Colombo, (1985, ED NY) 616 F.Supp. 780, revd on other grounds (CA2 NY 777 F.2d 96.** Petitioner submits the attached "Memorandum in Support of the instant motion," whereby, he prays that the same be granted.

**Respectfully submitted**

**Dated: October 17, 2007.**

Normand Bedford
NORMAND BEDFORD, Pro se
P.O. BOX 8273
CRANSTON, RI 02920-0273

## Certification

I the undersigned hereby, certify, that I caused a true copy of the within "motion for relief from judgment and order" to be mailed this 20th day of October, 2007, regular U.S. mail, postage prepaid, to: Mr. Aaron L. Weisman, Rhode Island Attorney General's Office, 150 South Main Street, Providence, Rhode Island 02903; Copy sent to U.S. District Court, U.S. District Court Judge William E. Smith, 1 Exchange Terrace, Providence, Rhode Island 02903, via certified mail receipt, article No. 7005 2570 0001 4829-5650.

**Dated: October 17, 2007.**

Normand Bedford

**NORMAND BEDFORD, Pro Se**
**P.O. BOX 8273**
**CRANSTON, RI 02920-0273**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NORMAND BEDFORD
(Petitioner)

v. D.C.No.07-144S

STATE OF RHODE ISLAND, ET AL.
(Respondents)



**PETITIONER'S MEMORANDUM IN SUPPORT OF MOTION FOR RELIEF FROM JUDGMENT AND ORDER PURSUANT TO RULE 60(b)(3)(6)**

Now comes Petitioner, NORMAND BEDFORD, in the above-entitled matter and hereby, moves this Honorable Court for "Relief from Judgment and Order entered on **September 21, 2007,** and **September 24, 2007,** in **D.C.No.07-144S,** pursuant to the Federal District Court Rules of Civil Procedure, Rule 60(b)(3)(6)," which provides relief from "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." Petitioner further asserts that **28 U.S.C. § 636,** provides that "Judicial officer, whether Magistrate or Judge has inherent power to reconsider his own order," citing **United States v. Colombo, (1985, ED NY) 616 F.Supp. 780, revd on other grounds (CA2 NY 777 F.2d 96.**

**Facts and Travel**

Petitioner posits that this Court erroneously denied and dismissed his "petition for writ of habeas corpus," on the above noted dates, pursuant to **28 U.S.C. § 2254,"** without **acknowledgment** or **acquiescing** his **"Motion to Enlarge Time to File Brief on Appeal to the State Supreme Court, dated July 14, 2004,"** filed in his (petition at **Exhibit "C"**), thus failing to recognize that the same material evidence was deliberately **"concealed,"** which later gave

rise to the State's Assistant Attorney General, Aaron L. Weisman, and United States District Court Senior Magistrate Judge Jacob Hagopian, submitting, willful and knowingly "false and fraudulent statements of material fact," leading to the erroneous denial and dismissal of Petitioner's petition for writ of habeas corpus, in **D.C.No. 07-144S;** as well as two former petitions under **D.C.Nos. 04-271L;** and **D.C.No.05-095L,** in violation of **18 U.S.C. §1001.**

In support of the instant claims, Petitioner submits the attached "criminal complaint, bonded by affidavit and claim of lien," dated **April 17, 2007,** filed with all interested parties, via certified mail receipt, including the United States Attorney, Mr. Robert Clark Corrente, Ms. Marilyn Shannon McConaghy, Insurance Commissioner for the State of Rhode Island, and the United States Court of Appeals for the First Circuit, as well as the parties accused of the official misconduct, namely, United States District Court Senior Magistrate Judge, Jacob Hagopian, and Rhode Island Assistant Attorney General, Mr. Aaron L. Weisman. The "criminal complaint, affidavit and claim of lien" is accompanied with it's **Appendix 1-4;** and **Exhibits 1-7,** as **Exhibit "A"**, herein. **See also, May 14, 2007,** letter enclosed, addressed to U.S. District Court Senior Magistrate Judge Jacob Hagopian, received via certified mail receipt, article No.7005 1820 0006 0503 5343. **See also,** enclosed certified mail receipt, time stamped **May 17, 2007,** and **May 21, 2007,** signed by District Court Clerk, Mr. Charles Brule.

Notably, Petitioner filed the aforementioned "criminal complaint, affidavit and claim of lien," and it's Appendix 1-4; and Exhibits 1-7, with this U.S. District Court in a similar "motion for relief from judgment and order," received by this Court with the leading filing number **D.C.No.07-144S**, citing **D.C. Nos.04-271L;** and **D.C.No.05-095L, (as Companions).** However, the same was filed under **D.C.No.05-095L**, and the "gateway" used to file the motion was Petitioner's prior pending "petition for writ of habeas corups," under **D.C.No.07-144S**, yet this leading case number was "blotted out." **See (Petitioner's three page motion for relief from judgment and orders, as Exhibit "B", signed and denied on September 13, 2007, by U.S.D.J. Ronald R. Lagueux).**

Interestingly, the same material evidence in the form of the above noted "criminal complaint, affidavit and claim of lien," was answered by the party named in that complaint, notably, Rhode Island Assistant Attorney General, Mr. Aaron L. Weisman, who only used the district court numbers named "Companions," leaving out the leading number **D.C.No.07-144S**, as "blotted out" by the Court. **See (State's Objection to Petitioner's Motion for Relief from Judgment and Order Pursuant to Rule 60(b)(3), as Exhibit "C").** Aaron Weisman's **failure** to provide the leading case filing number, **D.C. No. 07-144S, deceptively** demonstrates that [he had a "clandestine" and "ex parte" conference with officers of this U.S. District Court] in violation of **18 U.S.C. §1503;** and **§1702.** This is further

corroborated by the fact, that on **August 17, 2007,** Petitioner's "motion for appointment of counsel" was filed as **Docket #16,** however, this motion was filed with Petitioner's "motion for relief from judgment and order," together. **See (Petitioner's August 1, 2007,** cover-letter at **paragraph 1.)** In view of Aaron Weisman's **failure** to provide the leading case filing number, **D.C.No.07-144S,** to his "objection to petitioner's motion for relief from judgment and order," filed electronically on **August 24, 2007,** the same day these motions and complaint package were **[FORWARDED to Chambers of U.S.D.J. William E. Smith],** it is clear that the "criminal complaint, bonded by affidavit and claim of lien," in the amount of seven hundred thousand dollars ($700.000.00), along with it's evidence in the form of **Appendix 1-4;** and **Exhibits 1-7,** warranting immediate relief from unlawful state custody of the Adult Correctional Institutions (ACI) Maximum Security facility, was deliberately "concealed" in the record of Petitioner's former petition, under **D.C.No.05-095L. Note: (Petitioner's August 1, 2007,** cover-letter noted above is attached hereto, at **Exhibit "D"). id at 1.**

Moreover, it is further demonstrated in Senior United States Magistrate Judge Jacob Hagopian's **September 4, 2007,** Order, enclosed herein, as **Exhibit "E"**, at **paragraph 2,** that [Hagopian, U.S. M.J.], deliberately concealed Petitioner's "motion for relief from judgment and order," as shown from **Exhibit "B"**, when unlawfully "blotting out" the leading case filing number **D.C.No.07-144S,** because he states in pertinent part, that "As a basis, petitioner

asserts that the undersigned has engaged in "Judicial Misconduct," but has failed to **identify** or **substantiate** any such claim." This denial order was related to Petitioner's "motion to recuse U.S. Senior District Court Magistrate Judge, Jacob Hagopian. In essence, the deliberate concealment of material evidence was not Petitioner's former "motion for relief from judgment and order," after the leading case number **D.C.No.07-144S**, was **"blotted out,"** and filed under **D.C.No.05-095L**, but it's **exhibits** in the form of the enclosed "criminal complaint, affidavit, and claim of lien," with it's **Appendix 1-4;** and **Exhibits 1-7**, as **Exhibit "A"**, herein, which describes at length the **"Judicial Misconduct"** that [Hagopian, U.S.M.J.], deliberately, **evades.** The same complaint involves serious allegations of "obstruction of administration of justice, concealment of material evidence, obstruction of legal correspondence, and making **willful** and **knowingly**, "false and fraudulent statements" in general, thus violating **18 U.S.C. §§1503; §1702; and §1001**, notwithstanding factual allegations of [malicious prosecution, and abuse of process], in violation of **42 U.S.C. § 1983.**

Petitioner describes the aforementioned claims at length, in his "Supplemental Memorandum in Support of Petition for Writ of Habeas Corpus," in **D.C.No.07-144S**, at pages 10-11, referenced at **(Exhibits "F" & "G")**, therein, whereby, the result of **"Judicial Misconduct,"** by [Hagopian, U.S.M.J.], was an erroneous denial and dismissal of Petitioner's petition on the grounds of alleged "failure to exhaust state remedies." **See (U.S. District Court Docket History Report, in D.C.No.07-144S, dated 8/28/07, as Exhibit "F".)**

Petitioner asserts that this Court has legal jurisdiction in this matter, pursuant to the Federal Court Rules of Civil Procedure, Rule 60(b)(3)(6), entitled "Relief From Judgment or Order," based on (3) **"fraud"** (whether heretofore denominated intrinsic or extrinsic), **"misrepresentation"** or **other misconduct of an adverse party;** and (6) **any other reason justifying relief from the operation of the judgment.** The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. **See (Rule 60(b)(3)(6).** This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in **Title 28 U.S.C. §1655,** or to **set aside a judgment for fraud upon the court. id. (Rule 60(b)(3)(6).**

Petitioner's petition in **D.C.No.07-144S,** recently dismissed, demonstrates and supports numerous claims of **undisputable** conspiracy to obstruct justice, and repeated concealment of material evidence warranting immediate release from unlawful state custody of the Rhode Island Department of Corrections (ACI). All of those claims are supported by "Declaration," none of which were ever rebutted by any party. At the very least, this U.S. District Court should have issued an order to the Rhode Island Supreme Court to appoint Petitioner a trained lawyer for his first appeal as of right, in light of the supported facts and circumstances submitted

in the record of **D.C.No.07-144S**, yet "declined to do so." If the State Supreme Court "State Corrective Process" was available to this Petitioner, as suggested in the State's pleadings, then that Court would not have repeatedly "concealed material evidence" in the record, nor would they have failed to honor Petitioner's "motion for appointment of appellate counsel," guaranteed by the United States Constitution, pursuant to the Fifth, Sixth and Fourteenth Amendments, as a matter of right, enunciated in **Evitts v. Lucey**, **105 S.Ct. 830 (1985)**; and **Harris v. Champion**, **15 F.3d 1538 (10 Cir. 1990)**.

Nevertheless, instead of providing some form of remedy to Petitioner, this United States Federal District Court erroneously, denied his petition in **D.C.No.07-144S**, as well as former petitions in **D.C.Nos.05-095L**; and **D.C.No.04-271L**, though all of those petitions demonstrated the outrageous prejudice and conspiracy to obstruct administration of justice, on a broad scale, plaguing petitioner for years.

Petitioner further relies on the language, meaning and authorities of the following cases in support of the aforementioned claims: **U.S. v. Gottfried**, **C.C.A.N.Y. 1948, 165 F.2d 360, certiorari denied 68 S.Ct. 738, 333 U.S. 860, 92 L.Ed. 1139, rehearing denied 68 S.Ct. 910, 333 U.S. 883, 92 L.Ed. 1157**; **Baldridge v.-Hadley**, **C.A.N. M. 1974, 491 F.2d 859, certiorari denied 94 S.Ct. 2608, 417 U.S. 910, 41 L.Ed.2d 214, rehearing denied 95 S.Ct. 159, 419 U.S. 886, 42 L.Ed.2d 130**, stating in pertinent part, "Generally, **"fraud"** consists of some deceitful practice or **willful** device

resorted to for purposes of inducing another, in reliance on it, to surrender money, property, or **legal rights**; it connotes perjury, falsification, **concealment** and **misrepresentation**. **Baldridge v. Hadley, C.A.N. M. 1974, 491 F.2d 859, certiorari denied 94 S.Ct. 2608, 417 U.S. 910, 41 L.Ed.2d 214, rehearing denied 95 S.Ct. 159, 419 U.S. 886, 42 L.Ed.2d 130. See 18 U.S.C. § 1001, Note 118.** Additionally, **"Fraud"** consists of **false representation** of a **material fact**, made with **knowledge** of its falsity and with **intent** to deceive the other party, which representation must be believed and **acted** upon by party to his damage. **U.S. v. U.S. Cartridge Co.**, **D.C.No. 1950 95 F.Supp. 384, affirmed 198 F.2d 456, certiorari denied 73 S.Ct. 645, 345 U.S. 910, 97 L.Ed. 1345. Id. Note 118.**

## Conclusion

Petitioner contends that the facts and circumstances described within this Memorandum, as well as those throughout his pleadings in **D.C.No.07-144S**, and further substantiated in former petitions in **D.C.Nos.05-095L**; and **D.C.No.04-271L**, with the same implications described in the attached and discussed "criminal complaint, affidavit and claim of lien," with its **Appendix 1-4**; and **Exhibits 1-7**, clearly demonstrate a complete "miscarriage of justice," and violations of federal law. The same prove that "State Corrective Process," was so clearly deficient to render futile any effort to obtain relief, pursuant to **Duckworth v. Serrano, 454 U.S. 1,3 (1981)**. Therefore, Petitioner's petition for writ of habeas corpus,

was wrongly denied and dismissed, pursuant to **28 U.S.C. § 2254.**

Petitioner contends that the the phrase once used by the United States Supreme Court in the case of **Olmstead v. United States, 277 U.S. 438, 485 (1928),** have rang true in the case at bar. The court stated, that "To declare that in the administration of the criminal justice system, the end justifies the means, to declare that the Government may commit crimes to secure the conviction of a private criminal, would bring terrible retribution."

In the instant case, Petitioner has been under a completely **"illegal and void judgment,"** of a (1998) conviction and sentence, as shown from his petitions for writ of habeas corpus, in **D.C.Nos. 07-144S; D.C.No.05-095L; and D.C.No.04-271L,** all of which were erroneously denied by this United States District Court, on the misleading grounds of "alleged failure to exhaust state remedies," however, the enclosed "criminal complaint" and evidence proves, that...there is an absence of available State corrective process; or *** circumstances exist that render such process ineffective to protect the rights of the applicant, this petitioner, and pursuant to **28 U.S.C. § 2254(b)(1),** "a petitioner may **bypass the exhaustion requirement"** on such grounds.

Therefore, for all the aforementioned reasons, Petitioner is entitled to, and respectfully requests and prays that the instant motion be **granted**, essentially issuing a new order for his release

release from unlawful State custody of the Rhode Island Department of Corrections (R.I.D.O.C.) Maximum Security facility in Cranston, Rhode Island. Petitioner further prays that this Court issue any other order it deems proper and just.

**Respectfully submitted**

**Dated: October 17, 2007.**

Normand Bedford

**NORMAND BEDFORD, Pro se**
**P.O. BOX 8273**
**CRANSTON, RI 02920-0273**

## Certification

I the undersigned hereby, certify, that I caused a true copy of the within "motion for relief from judgment and order," with it's attached "memorandum, declaration, and exhibits A-F," to be mailed this 20th day of **October** ,2007, regular U.S. mail, postage prepaid, to: Mr. Aaron L. Weisman, Rhode Island Attorney General's Office, 150 South Main Street, Providence, Rhode Island 02903; Copy sent to U.S. District Court, U.S. District Court Judge William E. Smith, 1 Exchange Terrace, Providence, Rhode Island 02903, via certified mail receipt, article No. 7005 2570 0001 4829-5650.

Normand Bedford