UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

No. 07-2538 Appeal
D.C.No.07-144S

NORMAND BEDFORD,

Petitioner - Appellant,

**v.**

ASHBEL T. WALL, Director, R.I. Department of Corrections; STATE OF RHODE ISLAND; ATTORNEY GENERAL OF RHODE ISLAND; AARON L. WEISMAN,

Respondents - Appellees.

**PETITIONER'S PETITION FOR CERTIFICATE OF APPEALIBILITY ON APPEAL FROM DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS**

**To the Honorable United States District Court for the District of Rhode Island Judge William E. Smith:**

**1.** On **April 20, 2007,** Petitioner, NORMAND BEDFORD, a Rhode Island state inmate, filed a habeas petition in the district court for the District of Rhode Island, seeking relief from his (1998), unlawful and void judgment of conviction and sentence, as well as an alleged procedural default in his state appellate process. Petitioner's claims sufficiently demonstrate **"actual innocence,"** and therefore, warranted immediate relief through habeas corpus remedies.

**2.** On **April 23, 2007,** United States District Court Judge William E. Smith, issued a "Transfer Order" against Petitioner alleging that as a result of previously filed petitions for writ of

habeas corpus with the district court he needed to obtain permission from the United States Court of Appeals for the First Circuit, pursuant to **28 U.S.C. § 2244(b)(3)(A)**, before filing his alleged "second or successive" habeas petition.

**3.** On **April 20, 2007**, Petitioner filed a motion for leave to proceed in forma pauperis with the district court.

**4.** On **May 15, 2007**, Petitioner filed a motion for appointment of counsel with the district court.

**5.** On **July 20, 2007**, the United States Court of Appeals for the First Circuit entered Judgment in favor of Petitioner, vacating the District Court's **April 23, 2007**, "Transfer Order," remanding the case for further proceedings. Judgment is dated **July 17, 2007**, in **No.07-1646.**

**6.** On **July 25, 2007**, Order entered for the Attorney General to file its response to the Petitioner's petition for writ of habeas corpus by **August 13, 2007**, with the district court.

**7.** On **August 08, 2007**, the Attorney General (State), filed a motion to dismiss Petitioner's petition for writ of habeas corpus with supporting memorandum by the State.

**8.** On **August 15, 2007**, Petitioner filed a motion for recusal of United States District Court Senior Magistrate Judge Jacob Hagopian on the grounds that a viable "criminal complaint, bonded by affidavit and claim of lien" was pending against him.

9. On **August 15, 2007,** Petitioner filed a motion for admission to bail with the district court.

10. On **August 17, 2007,** Petitioner filed a second motion for appointment of counsel, along with a "motion for relief from judgment and orders," *** in **D.C.Nos.04-271L; and D.C.No.05-095L.** The motion for relief from judgment and orders, after filing under **D.C.No.07-144S,** was filed under **D.C.Nos.04-271L; and D.C. No.05-095L,** along with its exhibits in the form of the aforementioned "criminal complaint, bonded by affidavit and claim of lien." Upon a second filing of the above by certified mail receipt, the same was filed under **D.C.Nos.04-271L; and D.C.No.05-095L,** said to be closed. **See enclosed (motion for relief from judgment and order pursuant to Rule 60(b)(3), dated and signed by Senior U.S. D.J. Ronald R. Lagueux, 9/13/07.)(D.C.No.07-144S, Blotted out.)**

11. On **August 20, 2007,** Petitioner filed a motion for leave to file a supplemental memorandum with exhibits A-S, with memorandum.

12. On **August 24, 2007,** the Attorney General (State), filed its response in opposition to Petitioner's motion for admission to bail, with supporting memorandum by the State.

13. On **August 24, 2007,** the Attorney General (State), filed its response in opposition to Petitioner's motion for the recusal of United States District Court Senior Magistrate Judge Jacob Hagopian, with supporting memorandum.

14. On **August 24, 2007,** the Attorney General (State), filed its response in opposition to Petitioner's motion for appointment of counsel, with supporting memorandum by the State.

15. On **August 24, 2007,** the Attorney General (State), filed its response in opposition to Petitioner's motion for leave to file supplemental memorandum in support of petition for writ of habeas corpus, with supporting memorandum by the State.

16. On **August 24, 2007,** the Attorney General (State), filed its response in opposition to Petitioner's motion for relief from judgment and orders in **D.C.Nos.04-271L; and D.C.No.05-095L.** The State's filing, like Petitioner's described in **averment #10,** was filed under **D.C.No.07-144S,** however, presumably, in light of its exhibit in the form of a "criminal complaint, bonded by affidavit and claim of lien," with exhibits and appendix thereto, these relevant filings were not recorded in **D.C.No.07-144S,** docket history report, instead were filed under **D.C.Nos.04-271L; and D.C.No.05-095L. See enclosed (motion for relief from judgment and order pursuant to Rule 60(b)(3), dated and signed by Senior U.S. D.J. Ronald R. Lagueux, 9/13/07, as Exhibit "A". Note: D.C.No.07-144S, Blotted out.*****

17. On **August 27, 2007,** Petitioner filed a motion response in opposition to the Attorney General's (State), motion to dismiss Petitioner's petition for writ of habeas corpus, with supporting memorandum and exhibits A-N by the Petitioner.

**18.** On **August 29, 2007,** the Attorney General's (State), motion to dismiss Petitioner's petition for writ of habeas corpus was referred to United States District Court Senior Magistrate Jacob Hagopian for determination.

**19.** On **September 04, 2007,** United States District Court Senior Magistrate Judge Jacob Hagopian issued a memorandum and order denying Petitioner's motion to appoint counsel. **See enclosed (memorandum and order signed by U.S.M.J. Hagopian, dated 9/04/07), as Exhibit "B".**

**20.** On **September 04, 2007,** United States District Court Senior Magistrate Judge Jacob Hagopian issued an order denying Petitioner's motion for recusal of U.S.M.J. Hagopian, and denying motion for admission to bail. **See enclosed (Order signed by U.S.M.J. Hagopian, dated 9/04/07),** as **Exhibit "C". Note: Order at paragraph 2, states in pertinent part, "As basis, petitioner asserts that the undersigned has engaged in "Judicial Misconduct," but has failed to identify or substantiate any such claim."** Accordingly, petitioner's motion is **DENIED.***** This statement is in contrast to **averments #10 and #16,** where Petitioner filed a substantial "criminal complaint, bonded by affidavit and claim of lien," with volumes of evidence to support **"Judicial Misconduct"** by U.S.M.J. Hagopian, and co-conspirator Mr. Aaron L. Weisman, Assistant Attorney General for the State of Rhode Island.

21. On **September 04, 2007,** United States District Court Senior Magistrate Judge Jacob Hagopian issued his Report and Recommendation to dismiss Petitioner's petition for writ of habeas corpus. **See enclosed Report and Recommendation as Exhibit "G".**

22. On **September 18, 2007,** Petitioner filed a motion for extension of time to file his objection to U.S.M.J. Hagopian's Report and Recommendation to dismiss petition for writ of habeas corpus. Responses due by 10/05/07.

23. On **September 20, 2007,** Petitioner filed his timely objection to U.S.M.J. Hagopian's Report and Recommendation to dismiss petition for writ of habeas corpus, declaration and exhibits A-E.

24. On **September 24, 2007,** United States District Court Judge William E. Smith entered order and judgment in favor of Respondents (State), against Petitioner, adopting U.S.M.J. Hagopian's Report and Recommendation to dismiss Petitioner's petition for writ of habeas corpus. See **enclosed (Order dated 9/21/07, and Judgment dated 9/24/07), as Exhibit "D".**

25. On **October 03, 2007,** Petitioner filed a motion for evidentiary hearing with the district court.

26. On **October 03, 2007,** Petitioner filed a motion for leave to proceed in forma pauperis on appeal.

27. On **October 03, 2007,** Petitioner filed a request for court record to be sent to the United States Court of Appeals 1st Cir.

28. On **October 03, 2007,** Petitioner filed a timely notice of appeal from the denial of his petition for writ of habeas corpus on 9/24/07.

29. On **October 20, 2007,** Petitioner filed a new motion for relief from judgment and order, independent of that discussed in **averments #10, and #16,** pursuant to Rule 60(b)(3)(6), however, due to the untimeliness of that motion in accordance to Rule 60(b)(3)(6), Petitioner filed with the United States Court of Appeals for the First Circuit, an omnibus motion to stay appeal and remand case to district court pending the filing and determination of a motion for relief from judgment and order in **D.C.No.07-144S. Note:** Petitioner's **October 20, 2007,** filing of motion for relief from judgment and order in **D.C.No.07-144S,** being untimely it must be refiled upon the requested remand from the United States Court of Appeals for the First Circuit, despite the district court's **TEXT ORDER denying [43] motion for relief from judgment and order entered on 11/13/2007 at 4:54 PM EST and filed on 11/13/2007.** **See enclosed (Order on Motions and Notice of Electronic Filing in D.C. No.07-144S), as Exhibit "E".**

30. On **November 02, 2007,** the Attorney General (State) filed its response in objection to Petitioner's motion for relief from judgment and order, with supporting memorandum by the State.

31. On **November 06, 2007,** United States District Court Senior Magistrate Judge Jacob Hagopian issued an order denying Petitioner's motion for evidentiary hearing, stating in pertinent part,

that "None of the claims asserted in Bedford's habeas petition are **exhausted**, as required." This is said without regard to Petitioner's documented claims of **"actual innocence"** and alleged **defaulted claims** in the State appellate process, as made by the State in its motion to dismiss petition for habeas corpus, and contested by Petitioner in his response and objection to the State's motion to dismiss petition.

**32.** In addition to the reasons stated in Petitioner's applic- ation for writ of habeas corpus, supplemental memorandum, and objection and response to the State's motion to dismiss petition, as well as the claims made in the criminal complaint, bonded by affidavit and claim of lien, attached as an exhibit to Petition- er's motion for relief from judgment and order with clear and convincing evidence in support thereof, a certificate of appeal- ability on the issues of Petitioner's exhaustion of State remed- ies should be issued for the following reasons:

**a.** The issue of whether a petitioner is required to exhaust underlying claims in state court before coming to federal court seeking habeas corpus relief, pursuant to **28 U.S.C. § 2254,** when an issue of **actual innocence** exists, and the state has suggested and alleged **procedural default** in state corrective process is debatable among jurists of reason; and

**b.** The issue of whether a delay in the adjudication of petit- ioner's direct appeal in state forum may give rise to an indepen- dent due process violation is debatable among jurists of reason.

c. The issue of whether the State's deliberate misrepresentations of the **"actual number of attorneys of record,"** without adding those who were **"prematurely appointed,"** and those who **"failed to enter an appearance,"** or represent the Petitioner in <u>any</u> capacity, nor those proven by compelling evidence submitted to the Rhode Island Supreme Court Disciplinary Counsel upon formal complaint, that several attorneys appointed were clearly **"deficient in performance,"** would deprive this Petitioner of Due Process and Equal Protection of the law, pursuant to the United States Constitution, and article 1 § 10 of the Rhode Island Constitution, by denying him counsel for his **"first appeal"** as a matter of right is debatable amony jurists of reason.

d. The issue of whether the State's deliberate and repeated **"concealment of material evidence"** within the record," as well as the deliberate filing failures of relevant motions, memorandums and exhibits, should have excused the Petitioner's being compelled to "exhaust state remedies," before complaining to the federal court in habeas corpus proceedings, when to do so, would be excercise in futility is debatable among jurists of reason.

33. On **February 15, 2008,** the Rhode Island Supreme Court issued an Order against the Petitioner denying his "motion for appointment of counsel for his first appeal as a matter of right," alleging, erroneously, in so many words, that Petitioner's appeal was dismissed on or about **April 02, 2007,** for alleged failure to file a brief on appeal by **March 29, 2007,** even though the Petitioner preserved

his right of appeal to the United States District Court by filing a relevant "motion to stay criminal appeal, pending interlocutory appeal," dated and certified on or about **March 17, 2007.** **See** **(Petitioner's Petition, id. at Exhibit "A").**

**34.** Petitioner respectfully directs this Honorable Court's attention to the accompanying memorandum of law filed in support herewith.

**Wherefore,** Petitioner respectfully requests that a "certificate of appealability be issued.

**Respectfully submitted**

**Dated: March 1, 2008.**

Normand Bedford

**NORMAND BEDFORD-Id.#102384**
**P.O. BOX 8274**
**MEDIUM-1 SECURITY FACILITY**
**CRANSTON, RI 02920**
**CR-13-T**

## Certification

I the undersigned hereby, certify, that I caused a true copy of the within "certificate of appealability" and it's exhibits A-F to be mailed this 1st day of **March**, 2008, regular U.S. mail, postage prepaid, to: Mr. Aaron L. Weisman, Rhode Island Attorney General's Office, 150 South Main Street, Providence, Rhode Island 02903.

Normand Bedford