UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

No. 07-2538 Appeal
D.C.No.07-144S

NORMAND BEDFORD,

Petitioner - Appellant,

v.

ASHBEL T. WALL, Director, R.I. Department of Corrections; STATE OF RHODE ISLAND; ATTORNEY GENERAL OF RHODE ISLAND; AARON L. WEISMAN,

Respondents - Appellees.

**PETITIONER'S MEMORANDUM IN SUPPORT OF PETITION FOR CERTIFICATE OF APPEALABILITY FROM DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner asserts that prior to the filing of what was his sixth petition for writ of habeas corpus, pursuant to **28 U.S.C. § 2254**, which were filed over the course of seven years, attempting to prove to this Honorable United States District Court that due to factual claims that "there is no opportunity to obtain redress in the state court and corrective process is so clearly deficient as to render **futile** any effort to obtain relief," pursuant to **Duckworth v. Serrano, 454 U.S. 1,3 (1981),** he should have been granted immediate relief through federal habeas corpus remedies and allowed to bypass the "exhaustion of state remedies" requirement. **See (Petition for Writ of Habeas Corpus at p.3),** Petitioner attempted once again to obtain the state corrective process that this Court and the State collectively suggested

was available to him, despite the egregious bias and prejudice suffered and alleged by the Petitioner in volumes of pleadings submitted to this Court stemming years. **See (Petitioner's Supplemental Memorandum in Support of Petition for Writ of Habeas Corpus);** and **(Petitioner's Objection and Response to State's Motion to Dismiss Petition for Writ of Habeas Corpus). See (Petitioner's Petition at Exhibit "A", therein)**(which is Petitioner's Motion to Rescind **January 4, 2007,** Order and Stay Criminal Appeal, filed with the Rhode Island Supreme Court). That pleading clearly demonstrates the prejudice and obstruction of justice that later created and gave rise to Petitioner's "denial of meaningful access to the court," in the forum of the Rhode Island Supreme Court. Petitioner's primary claim in attempting to process a State criminal appeal was not just a "denial of meaningful access to the court," but also, the "denial of appointment of counsel for that direct appeal process." **See (Petitioner's Petition at Exhibit "A", therein)**(which is Petitioner's Motion to Stay Criminal Appeal, Pending Leave of Court, to File Interlocutory Appeal, dated **March 17, 2007,** certified on **March 21, 2007, id. at Appendix 1-9,** with Inventory List of Enclosures). The above noted pleadings and memoranda is the foundation of his argument that later required the invoking of federal habeas corpus remedies. In addition to the adressing of Petitioner's primary claims noted above, he submits additional State and Federal Constitutional violations that were properly raised in his petition for writ of habeas corpus, as well as those errors and abuses of discretion evolving in federal habeas corpus proceedings.

Petitioner submits the following issues as essential to his appellate process:

**Issue I:**

First, Petitioner contends that during his previous attempt to obtain state corrective process in the Rhode Island Supreme Court in **January of 2007**, he was "denied meaningful access to the Court," when that Court issued an **inopportune** Order on **January 4, 2007**, restricting Petitioner's access to the Court, notwithstanding, Petitioner's "crippling circumstances," after the Rhode Island Department of Corrections Maximum Security officials unlawfully confiscated 99% of his legal material evidence for use on appeal, in violation of his due process and equal protection of the law rights, pursuant to **Lewis v. Casey**, **518 U.S. 343, 135 L.Ed.2d 606, 116 S.Ct. 2174 (1996).** See (Petitioner's **Motion and Memorandum's exhibit of six page affidavit, to Motion to Rescind Order and Stay Criminal Appeal, at Id. [petition for writ of habeas corpus, Exhibit "A" and appendix 1-9]).** Petitioner was also exhausting appellate claims in a federal court of law, demonstrating the **futility** of obtaining state redress, pursuant to **Duckworth v. Serrano, 454 U.S. 1,3 (1981).**

**Issue II:**

Secondly, Petitioner contends that the alleged unlawful actions of the State's Chief Appellate Attorney, Mr. Aaron L. Weisman, of the Rhode Island Attorney General's Office, violated his Constitutional rights described in **Harris v. Champion, 938 F.2d 1062**

(10th Cir. 1991); and Harris v. Kuhlman, 601 F.Supp. 987 (1985) (as it relates to inordinate delay in filing a direct appeal), a delay largely attributable to the State themselves. **See** (**Petitioner's Petition at p.4).** Petitioner further relies on the language, meaning and authority of **Simmons v. Reynolds**, **898 F.2d 865 (2nd Cir. 1990)**, in support of the denial of a Constitutional right, as required in the issuance of a certificate of appealability.

**Issue III:**

Petitioner next, argues that pursuant to the due process and equal protection clauses of the Fifth and Fourteenth Amendments to the United States Constitution, he was deprived and denied the right to effective assistance of counsel on his **first appeal**, as a matter of right, pursuant to **Evitts v. Lucey**, **105 S.Ct. 830 (1985), id. at Pp.833-841. See also, Douglas v. California, 372 U.S. C.A. Const. Amends. 6, 14;** and **Gideon v. Wainright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799,** notwithstanding the denial of a Federal Constitutional right, pursuant to the Americans with Disabilities Act (ADA), under **42 U.S.C.A. § 12101,** in light of Petitioner's well documented mental and emotional disabilities and taking prescription medications for his illness.

**Issue IV:**

More significantly, Petitioner asserts that the State, by and through it's agents, administrative clerks and attorneys, deliberately "concealed evidence in the record," in a "corrupt

endeavor" to obstruct due administration of justice, in violation of **18 U.S.C. §§1503;** and **§1702,** which later gave rise to the knowing and willful submissions of "false and fraudulent statements" in violation of **18 U.S.C. §1001.** **See** **(Petitioner's Petition at P.7-8),** citing **Robles v. U.S.** **279 F.2d 401.**

**Issue V:**

Petitioner further argues that the State, by and through it's agents, attorneys and administrative clerks, deliberately withheld "material, exculpatory and impeachment evidence," prior to his criminal trial involving a capital case and fabricated testimony, in violation of the doctrine of **Lerner v. Moran, 542 A.2d 1089 (R.I. 1998),** and further violated Federal law, pursuant to **18 U.S.C. § 201 (c)(2),** enunciated in **U.S. v. Russell, 411 U.S. 423 (1973)** (as it relates to making an illegal inducement to key witnesses with a thing of value, to wit, money in the amount of sixty-five hundred dollars ($6500.00), violating Petitioner's Constitutional rights in regard to "suppression of testimony" purchased in violation of the law. **See** **(Petitioner's Petition at P.11-12).**

**Issue VI:**

Petitioner contends that his nineteen ninety-eight (1998), conviction and sentence is without legal authority, in light of his being denied the right to "effective assistance of counsel" at his sentencing on **July 10, 1998,** before Providence County Superior Court Judge Edward C. Clifton, in violation of a fundamental Constitutional right, pursuant to **Johnson v. Zerbst, 304 U.S.;**

State v. Chabot, 682 A.2d 1377 (R.I. 1996); U.S. v. Mateo, 950 F.2d 44 (1st Cir. 1991); and Faretta v. California, 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975). See (Petitioner's Petition at p.13-21, citing also, Maynard v. Meachum, 545 F.2d 273 (1976), in further support of his argument.

**Issue VII:**

Petitioner seeks to appeal the denial of his "Motion for Relief from Judgment and Order," initially filed on **August 17, 2007,** with his "Motion for Appointment of Counsel" in United States District Court, however, though filed under **D.C.No.07-144S,** was filed under it's companions of **D.C.Nos.04-271L; and D.C.No.05-095L,** along with viable and crucial material evidence of a "criminal complaint, bonded by affidavit and claim of lien," with **exhibits 1-7; and appendix 1-4,** therewith. See **enclosed (Petitioner's Certificate of Appealability averments 10, & 16, as Exhibit "A").** That motion and exhibits exemplify the alleged "false and fraudulent statements," made and submitted to this United States District Court by the State's Assistant Attorney General Aaron L. Weisman, and U.S.M.J. Hagopian, collectively, in violation of **18 U.S.C. §§1503; §1702;** and **§1001,** leading to the erroneous denial of Petitioner's Petitions for Writ of Habeas Corpus in **D.C.Nos.04-271L; D.C.No.05-095L;** and **D.C.No.07-144S.**

**Issue VIII:**

Petitioner seeks to appeal the denial of his "Motion to Recuse" U.S.M.J. Hagopian, on the grounds of "Judicial Misconduct,"

in violation of Petitioner's Constitutional rights to due process and equal protection of the law, pursuant to the Fifth and Fourteenth Amendments of the United States Constitution, as well as violations of **18 U.S.C. §§1503; §1702 and §1001. See Exhibit "C".**

**Issue VIIII:**

Petitioner hereby, appeals the United States District Court's denial of his "Motion for Appointment of Counsel," pursuant to "exceptional circumstances" standard, and the American with Disabilities Act (ADA), under **42 U.S.C.A. §12101,** as it relates to his documented mental and emotional disabilities and taking prescribed medication for his condition. Petitioner argues that he was denied a fundamental Constitutional right in view of the "complexities and circumstances of his case and claims, as well as the provisions of **18 U.S.C. §3006A; and 28 U.S.C. § 2254(h),** where the "interests of justice so require." **See Blasi v. Attorney General of the Commonwealth of Pennsylvania, 30 F.Supp. 2d 481, 488 (M.D. Pa. 1998). See (Petitioner's Petition for Certificate of Appealability's Exhibit "B" (memorandum and order signed by U.S.M.J. Hagopian, dated 9/04/07, id. at p.5).**

**Issue X:**

Petitioner hereby, appeals the United States District Court's TEXT ORDER, DATED 11/13/2007, denying Petitioner's Motion for Relief from Judgment and Order of 09/24/2007, Id. Dckt.#s36-37, denying Petition for Writ of Habeas Corpus, pursuant to **28 U.S.C. §2254,** by adopting the U.S. Senior Magistrate Judge Jacob Hagopian's

Report and Recommendation to Dismiss Petition for Writ of Habeas Corpus, pursuant to **28 U.S.C. §2254, Id. Dckt#32.**

**Issue XI:**

Petitioner further appeals this United States District Court's alleged abuse of discretion in denying Petitioner's Petition for Writ of Habeas Corpus, pursuant to **28 U.S.C. §2254,** on the grounds that "application and invokation of **"actual innocence"** standard of review on **"defaulted claims,"** (as it relates to exhaustion of state remedies requirement)and alleged (failure to exhaust the same), pursuant to the doctrinal authority of **U.S. v. Russell, 411 U.S. 423 (1973);** and **U.S. v. Meinster, 619 F.2d 1041, 1045 (4th Cir. 1980),** involving newly discovered evidence post verdict and sentencing, related to the State's deliberate withholding of exculpatory and impeachment evidence, and the illegal inducement of two key witnesses with a thing of value, to wit, money in the sum of sixty-five hundred ($6500.00) dollars prior to trial. **See also, House v. Bell, 386 F.3d 668; and Murray v. Carrier, 477 U.S. 478,** describing standard of review as, "prisoners asserting **innocence** as a **gateway to defaulted claims** must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" The State, in it's "motion to dismiss petition for writ of habeas corpus" clearly stated that "it is questionable whether petitioner even has a state appeal available," in paraphrazing such a claim, the Petitioner ellaborated on the same in his "supplemental memorandum" and in his "objection and response to the state's motion

to dismiss petition." The State's premise was based on the Rhode Island Supreme Court Docket History Report documenting at **April 02, 2007**, filing that Petitioner's State appeal was dismissed.

Incidently, Petitioner proceeded back to the Rhode Island Supreme Court while his appeal was stayed in the United States Court of Appeals for the First Circuit, and filed a relevant "motion for appointment of appellate counsel" in order to obtain the essential evidence that was already submitted to this United States District Court in his Petition for Writ of Habeas Corpus, under **D.C.No.07-144S**, that "state corrective process was unavailable to the petitioner to protect his constitutional rights," pursuant to **Duckworth v. Serrano**, **454 U.S. 1,3 (1981)**; and **Harris v. Champion**, **15 F.3d 1538 (10th Cir.1990)**. **See enclosed (Rhode Island Supreme Court Order, dated February 15, 2008, denying motion for counsel on direct appeal of illegal conviction and sentence of 1998, stating, deceptively, that "Because no brief was filed by that date, (March 12, 2007), the Order of dismissal became final." as Exhibit "F", herein.**

In view of Petitioner's substansial filings and memoranda, this United States District Court clearly abused it's discretion in denying his Petition for Writ of Habeas Corpus, on **September 24, 2007.**

**Therefore**, for all the aforementioned reasons, Petitioner is entitled to the grant of his instant "Application for Certificate of Appealability," supported by this memorandum. Thus, it

is hereby, prayed that the same be granted, respectively.

**Respectfully submitted**

**Dated: March 1, 2008.**

Normand Bedford

**NORMAND BEDFORD-Id #102384**
**MEDIUM-1 SECURITY FACILITY**
**P.O. BOX 8274**
**CRANSTON, RHODE ISLAND**
**02920 CR-13-T**

## Certification

I the undersigned hereby, certify, that I caused a true copy of the within "certificate of appealability's petition and memorandum with exhibits" to be mailed this 1st day of **March**, **2008**, regular U.S. Mail, postage prepaid, to: Mr. Aaron L. Weisman, Rhode Island Attorney General's Office, 150 South Main Street, Providence, Rhode Island 02903.

Normand Bedford